ORIGINAL                                    E-filing

1   Andre Y. Bates, Esq., State Bar No. 78170
    MARRON & ASSOCIATES
2   111 W. Ocean Blvd.
    Suite 1925
3   Long Beach, CA 90802
    Telephone (562) 432-7422
4   Facsimile (562) 432-8682
    abates@marrronlaw.com
5
    Attorneys for Defendants SuperShuttle
6   International, Inc.; SuperShuttle Franchise
    Corporation, and Veolia Transportation
7   Services, Inc.

**FILED**

JUN 17 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8           UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 OAKLAND DISTRICT

ADR MEJ

12   ROOSEVELT KAIRY, LARRY BROWN,        Case No.: **C08-02993**
     WAYNE DICKSON, AND DRAKE OSMUN,
13   on behalf of themselves, all other similarly   **NOTICE OF REMOVAL OF**
     situated, and the general public,,            **DEFENDANT SUPERSHUTTLE**
14                                                  **INTERNATIONAL, INC.**
15              Plaintiffs,
                                                    [Filed Concurrently with Declaration of
16        vs.                                       Judy Roberson in Support of Removal and
                                                    Declaration of Andre Y. Bates in Support of
17   SUPERSHUTTLE INTERNATIONAL, INC.;              Removal]
     SUPERSHUTTLE FRANCHISE
18   CORPORATION, AND VEOLIA
     TRANSPORTATION SERVICES, INC., dba
19   SUPERSHUTTLE, AND DOES 1 through 20,
     inclusive,
20
21              Defendants.
22

23

24       **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

25   **NORTHERN DISTRICT OF CALIFORNIA.**

26       PLEASE TAKE NOTICE THAT defendant SuperShuttle International, Inc. hereby

27   removes to this Court the state-court action described below.

28                                    1
                            **NOTICE OF REMOVAL**

03937/2007-1080.080

FILE BY FAX NOTICE OF ASSIGNMENT TO MAGISTRATE JUDGE SENT    GO 44 SEC. N

1.      On May 8, 2008 an action was commenced in the Superior Court of California in and for the County of Alameda, entitled <u>Roosevelt Kairy, Larry Brown, Wayne Dickson, And Drake Osmun v. SuperShuttle International, Inc., SuperShuttle Franchise Corporation and Veolia Transportation Services, Inc., dba Supershuttle</u>, case number RG08386463.  A true and correct copy of the Summons and Complaint ("Complaint") filed on May 8, 2008 is attached hereto as Exhibit A.  SuperShuttle International, SuperShuttle Franchise and Veolia Transportation Services filed their Answer to Plaintiffs' Complaint on June 17, 2008.  A true and correct copy of the Answer of SuperShuttle International and SuperShuttle Franchise is attached hereto as Exhibit B. A true and correct copy of the Answer of Veolia Transportation Services is attached hereto as Exhibit C.  All other documents served on Defendants are attached as Exhibit D.

2.      SuperShuttle International, SuperShuttle Franchise and Veolia Transportation Services were served with the Summons and Complaint in this matter on May 19, 2008.  This Notice of Removal is being filed within 30 days of service and therefore Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) and 28 U.S.C. §1453(b).

3.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1446(b) and 28 U.S.C. §1453(b) in that it is a class action where one plaintiff is diverse from one defendant and the amount in controversy exceeds the sum of $5,000,000.

**Diversity of Citizenship**

4.      The Complaint alleges that Plaintiffs are residents of Alameda, Contra Costa, Sacramento and Los Angeles counties in the State of California.  (See Complaint ¶¶ 6-9).

5.      SuperShuttle International is a Delaware corporation, incorporated under the laws

2

**NOTICE OF REMOVAL**

03937/2007-1080.080

1  of the State of Delaware.  (See Complaint ¶ 10).  Its corporate headquarters and principal place of

2  business is located in Scottsdale, Arizona.  (Declaration of Judy Robertson in Support of Notice of

3  Removal, filed concurrently herewith, ¶ 2).  Therefore, SuperShuttle International is a citizen of

4  the States of Delaware and Arizona for diversity of citizenship purposes.  28 U.S.C. §1332(c).

5      6.      Accordingly, there is diversity of citizenship between one plaintiff and one

6  defendant pursuant to 28 U.S.C. §1332(d)(2).

7

8  **Jurisdictional Amount**

9      7.      Plaintiffs' allegations in the Complaint satisfy the jurisdictional amount in

10  controversy requirement of $5,000,000.  Plaintiffs' alleged statutory damages based on the

11  allegations in the complaint for the Second and Seventh causes of action total between $8,108,750

12  and $8,366,400, which does not take into consideration any of the other damages sought by

13  Plaintiffs in their eight remaining causes of action. (Declaration of Andre Y. Bates in Support of

14  Notice of Removal, filed concurrently herewith, ¶ 7).

15

16  **Intradistrict Venue**

17      8.      Intradistrict venue is appropriate in the Oakland Division of this Court because this

18  action is removed from the Superior Court of the State of California in and for the County of

19  Alameda.

20  Dated: June 17, 2008                    MARRON & ASSOCIATES

21

22                                          By: _____
                                            Andre Y. Bates, Esq.
23                                          Attorneys for Defendants SuperShuttle
                                            International, Inc., SuperShuttle Franchise
24                                          Corporation, and Veolia Transportation
                                            Services, Inc.
25

26

27
                                          3
28                              **NOTICE OF REMOVAL**

03937/2007-1080.080

**EXHIBIT A**

5/19/08 → 2:30p

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUPERSHUTTLE INTERNATIONAL, INC.; SUPERSHUTTLE
FRANCHISE CORPORATION and VEOLIA TRANSPORTATION
SERVICES, INC., d.b.a. SUPERSHUTTLE,
and

ENDORSED
FILED
ALAMEDA COUNTY

MAY - 8 2008

CLERK OF THE SUPERIOR COURT
By Alphonsine Oales, Deputy

DOES 1-20, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROOSEVELT KAIRY, LARRY BROWN, WAYNE DICKSON, and DRAKE
OSMUN, on behalf of themselves, all others similarly
situated, and the general public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street

Oakland, California 94612

| CASE NUMBER:
*(Número del Caso)* | **RG0838646 3** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
AARON KAUFMANN 148580/DAVID POGREL 203787     925.932.6006     925.932.3412
HINTON ALFERT & SUMNER
1646 N. CALIFORNIA BLVD. SUITE 600, WALNUT CREEK, CALIFORNIA 94596
ADDITIONAL COUNSEL LISTED ON ATTACHED PAGE

DATE:     MAY - 8 2008     PAT S. SWEETEN     Clerk, by _____, Deputy
*(Fecha)*     *(Secretario)*     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: Supershuttle International Inc.

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

| PETITIONER/PLAINTIFF.    ROOSEVELT KAIRY, LARRY BROWN, WAYNE DICK | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT. | |

## ADDITIONAL COUNSEL FOR PLAINTIFFS

Philip Monrad, Esq., SBN 151073
Beth Ross, Esq., SBN 141337
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
E-mail: pmonrad@leonardcarder.com
E-mail: bross@leonardcarder.com

Daniel Feinberg, Esq., SBN 135983
Kirsten Scott, Esq., SBN 253464
LEWIS, FEINBERG, LEE, RENAKER
    & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
E-mail: DFeinberg@lewisfeinberg.com
E-mail: kscott@lewisfeinberg.com

Peter Rukin, Esq., SBN 178336
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
E-mail: peterrukin@rhdtlaw.com

1   Aaron Kaufmann, Esq., SBN 148580
    David Pogrel, Esq., SBN 203787
2   HINTON, ALFERT & SUMNER
    1646 N. California Blvd., Suite #600
3   Walnut Creek, CA  94596
    Telephone: (925) 932-6006
4   Facsimile:  (925) 932-3412
    E-mail: kaufmann@hinton-law.com
5   E-mail: pogrel@hinton-law.com

6   Philip Monrad, Esq., SBN 151073
    Beth Ross, Esq., SBN 141337
7   LEONARD CARDER, LLP
    1330 Broadway, Suite 1450
8   Oakland, CA 94612
    Telephone: (510) 272-0169
9   Facsimile:  (510) 272-0174
    E-mail: pmonrad@leonardcarder.com
10  E-mail: bross@leonardcarder.com

11
    Attorneys for PLAINTIFFS
12  Additional Counsel Listed on Next Page

13        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14               FOR THE COUNTY OF ALAMEDA

15  ROOSEVELT KAIRY, LARRY BROWN,            **CLASS ACTION**
    WAYNE DICKSON, and DRAKE OSMUN,
16  on behalf of themselves, all others similarly   Case No.   **RG08386463**
    situated, and the general public,
17                                                   **COMPLAINT**
                Plaintiffs,
18                                                   **(1) REIMBURSEMENT OF BUSINESS
         v.                                              EXPENSES (Labor Code §2802);**
19                                                   **(2) UNLAWFUL DEDUCTIONS FROM WAGES
    SUPERSHUTTLE INTERNATIONAL, INC.;               (Labor Code §§221, 223, 400-410);**
20  SUPERSHUTTLE FRANCHISE                           **(3) COERCED PURCHASES (Labor Code §450);**
    CORPORATION and VEOLIA                           **(4) FAILURE TO PROVIDE OFF-DUTY MEAL
21  TRANSPORTATION SERVICES, INC., d.b.a.               PERIODS (Labor Code §§226.7, 512);**
    SUPERSHUTTLE, and DOES 1 through 20,            **(5) FAILURE TO PAY MINIMUM WAGE (Labor
22  inclusive,                                           Code §§1182.11, 1194, 1197);**
                                                     **(6) FAILURE TO PAY OVERTIME
23              Defendants.                               COMPENSATION (Labor Code §§510, 1194);**
                                                     **(7) FAILURE TO FURNISH ACCURATE WAGE
24                                                       STATEMENTS (Labor Code §§226, 226.3);**
                                                     **(8) FAILURE TO KEEP ACCURATE PAYROLL
25                                                       RECORDS (Labor Code §§1174, 1174.5);**
                                                     **(9) WAITING TIME PENALTIES
26                                                       (Labor Code §201-203); and**
                                                     **(10) VIOLATIONS OF UCL
27                                                        (Business and Professions Code §17200 et seq.)**

28

─────────────────────────────────────────────
                    CLASS ACTION COMPLAINT

1    Additional Counsel for Plaintiffs

2    Daniel Feinberg, Esq., SBN 135983
     Kirsten Scott, Esq., SBN 253464
3    LEWIS, FEINBERG, LEE, RENAKER
        & JACKSON, P.C.
4    1330 Broadway, Suite 1800
     Oakland, California 94612
5    Telephone: (510) 839-6824
     Facsimile: (510) 839-7839
6    E-mail: DFeinberg@lewisfeinberg.com
     E-mail: kscott@lewisfeinberg.com
7
     Peter Rukin, Esq., SBN 178336
8    RUKIN HYLAND DORIA & TINDALL LLP
     100 Pine Street, Suite 725
9    San Francisco, CA 94111
     Telephone: (415) 421-1800
10   Facsimile: (415) 421-1700
     E-mail: peterrukin@rhdtlaw.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              CLASS ACTION COMPLAINT

1.     PLAINTIFFS Roosevelt Kairy, Larry Brown, Wayne Dickson, and Drake Osmun allege as follows on behalf of themselves and all others similarly situated:

## I.     INTRODUCTION

2.     This is an action for relief from defendants' unlawful misclassification of its California shuttle drivers as "franchisees" and "independent contractors." SUPERSHUTTLE INTERNATIONAL, INC., SUPERSHUTTLE FRANCHISE CORPORATION and VEOLIA TRANSPORTATION SERVICES, INC., dba "SuperShuttle" and their affiliates (collectively "SUPERSHUTTLE" or "DEFENDANTS") are in the airport and charter transport business, and employ PLAINTIFFS and similarly situated drivers for the pick up and drop off of passengers and their possessions.  DEFENDANTS exercise pervasive control over their transport operations, including over PLAINTIFFS and similarly situated drivers, such that the drivers operating in California are in fact DEFENDANTS' employees under California law.

3.     By misclassifying their drivers as independent contractors and/or franchisees, DEFENDANTS have sought to avoid various duties and obligations owed to employees under California's Labor Code and the Industrial Welfare Commission ("IWC") wage orders, including: the duty to indemnify employees for all necessary expenses and losses incurred in connection with their employment (Cal. Labor Code §2802; IWC wage order No. 9, §§ 8-9); the duty to provide off-duty meal periods (Cal. Labor Code §§ 512, 226.7; IWC wage order No. 9, § 11); the duty to avoid deductions form wages (Cal. Labor Code §§ 221, 223, 400 et seq., IWC wage order No. 9, § 8); the duty to avoid coercion in purchase of necessary equipment, materials, and services (Cal. Labor Code § 450); the duties to pay minimum wage, overtime premium pay, and to document their actual hours worked (Cal. Labor Code §§ 226, 510, 512, 1174, 1182.11, 1194, 1197; IWC wage order No. 9, §§ 3, 4, 7, Minimum Wage Order); and other legal obligations.

4.     PLAINTIFFS Kairy, Brown, Dickson, and Osmun bring claims individually and as a class action, under Cal. Code of Civil Procedure § 382, on behalf of similarly situated airport shuttle drivers working from DEFENDANTS' California facilities (collectively hereinafter "Drivers" or "Class Members").  PLAINTIFFS challenge DEFENDANTS' policy of willfully and unlawfully misclassifying its Drivers as "independent contractors" and/or "franchisees" and

thereby refusing to indemnify them for employment-related expenses and losses, taking wrongful deductions from their wages, coercing them to purchase necessary services and items, failing to provide off-duty meal periods, failing to pay minimum wage and overtime compensation, and failing to document actual hours worked as required by California law. This misclassification policy has been in effect for at least four years prior to the filing of this action.

5.    PLAINTIFFS Kairy, Brown, Dickson, and Osmun, on behalf of themselves and other current and former Drivers, bring claims for reimbursement of business expenses and losses, reimbursement of deductions wrongfully taken from wages, meal period pay, unpaid minimum wage and overtime compensation, statutory penalties, interest, and attorneys' fees and costs, under Cal. Labor Code §§ 203, 218.5, 226.7, 1194, and 2802, and Code of Civil Procedure § 1021.5. PLAINTIFFS also seek relief on behalf of the Class and in a representative capacity, pursuant to Cal. Business and Professions Code §§ 17200-17208 (also referred to herein as the "UCL"), including injunctive relief, restitution, and disgorgement of all benefits DEFENDANTS have enjoyed from the unlawful practices referenced above and detailed below. These class and representative action claims are brought on behalf of PLAINTIFFS and all current and former similarly situated Drivers employed by DEFENDANTS during the period commencing four years prior to the filing of this action (the "Class Period").

## II.    PARTIES

### A.    Plaintiffs

6.    Plaintiff Roosevelt Kairy resides in Oakland, California (Alameda County). He has been a driver for SUPERSHUTTLE from approximately May 1997 to the present. Throughout his tenure as a SUPERSHUTTLE driver he has been based out of DEFENDANTS' facilities in Burlingame, California (San Mateo County), performing services for DEFENDANTS throughout the San Francisco Bay Area, including in Alameda County.

7.    Plaintiff Larry Brown resides in Los Angeles, California (Los Angeles County). He drove for SUPERSHUTTLE from approximately July 1995 until approximately June 19, 2005. Throughout his tenure as a SUPERSHUTTLE driver he was based out of DEFENDANTS'

1    facilities in Los Angeles, California (Los Angeles County), performing services for

2    DEFENDANTS throughout DEFENDANTS' Los Angeles region.

3          8.     Plaintiff Wayne Dickson resides in Sacramento, California (Sacramento County).

4    He drove for SUPERSHUTTLE from approximately 2004 until August 2007. Throughout his

5    tenure as a SUPERSHUTTLE driver he was based out of DEFENDANTS' facilities in

6    Sacramento, California (Sacramento County), performing services for DEFENDANTS throughout

7    DEFENDANTS' Sacramento region.

8          9.     Plaintiff Drake Osmun resides in Concord, California (Contra Costa County). He

9    has been a driver for SUPERSHUTTLE from approximately 1988 to 1990 and February 2001 to

10    the present. Throughout his tenure as a SUPERSHUTTLE driver he has been based out of

11    DEFENDANTS' facilities in Burlingame, California (San Mateo County), performing services for

12    DEFENDANTS throughout the San Francisco Bay Area, including in Alameda County.

13 **B.**    **DEFENDANTS**

14          10.     Defendant SuperShuttle International, Inc. ("SSI") is incorporated under the laws of

15    Delaware. According to its website, it is "the nation's leading shared-ride airport shuttle, providing

16    door-to-door ground transportation to more than 8 million passengers per year." Defendant SSI is

17    and at all relevant times has been an employer covered by the Cal. Labor Code and IWC wage

18    order No. 9.

19          11.     Defendant SuperShuttle Franchise Corporation ("SSFC") is incorporated under the

20    laws of Delaware. Defendant SSFC is and at all relevant times has been an employer covered by

21    the Cal. Labor Code and IWC wage order No. 9.

22          12.     Defendant Veolia Transportation Services, Inc. ("VEOLIA") is incorporated under

23    the laws of Maryland. It describes itself as "the largest private transportation provider in the US."

24    Defendant VEOLIA is and at all relevant times has been an employer covered by the Cal. Labor

25    Code and IWC wage order No. 9

26          13.     The true names and capacities, whether individual, corporate, associate, or

27    otherwise, of defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to

28    PLAINTIFFS, who therefore sue defendants by such fictitious names under Cal. Code of Civil

1   Procedure § 474. PLAINTIFFS are informed and believe, and based thereon allege, that each of

2   the defendants designated herein as a DOE is legally responsible in some manner for the unlawful

3   acts referred to herein. PLAINTIFFS will seek leave of court to amend this Complaint to reflect

4   the true names and capacities of the defendants designated hereinafter as DOES when such

5   identities become known. Hereinafter DEFENDANTS and the DOE defendants shall be referred

6   to collectively as "DEFENDANTS" and/or "SUPERSHUTTLE."

7         14.   PLAINTIFFS are informed and believe, and on such information and belief allege,

8   that each defendant acted in all respects pertinent to this action as the agent of the other defendants,

9   carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of

10   each defendant are legally attributable to the other defendants.

11              **III.   JURISDICTION AND VENUE**

12         15.   This Court has subject matter jurisdiction because the total amount of damages

13   sought exceeds $25,000 and the relief requested is within the jurisdiction of this Court.

14         16.   Venue as to DEFENDANTS is proper in the County of Alameda, pursuant to Code

15   of Civil Procedure § 395.5. DEFENDANTS maintain headquarters or other offices, transact

16   business, and/or have agents in Alameda County, and DEFENDANTS are otherwise within this

17   Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a

18   direct effect on PLAINTIFFS and those similarly situated within the State of California and within

19   Alameda County. DEFENDANTS operate numerous services in Alameda County as well as in

20   other counties within the State of California and employ numerous Class Members in Alameda

21   County. Moreover, PLAINTIFFS Roosevelt Kairy and Drake Osmun were employed by

22   Defendants in Alameda County during the Class Period.

23              **IV.   STATEMENT OF FACTS**

24         17.   DEFENDANTS operate an airport and charter passenger shuttle service, using an

25   integrated network of transportation, communication, and dispatch facilities.

26         18.   During the Class Period, DEFENDANTS have employed hundreds of Drivers at

27   facilities located in California, including in or about San Francisco, Los Angeles, Sacramento, San

28   Diego, and Orange County to timely pick up and drop off passengers based on times, locations, and

<div align="center">4</div>
<div align="center">CLASS ACTION COMPLAINT</div>

for amounts determined by DEFENDANTS. The drivers transport passenger to and from most of the major commercial airports in California, including Oakland, SFO, LAX, Sacramento, San Diego, Burbank, Ontario and Orange County. Drivers also transport passengers on charters and certain non-airport runs that are contracted by DEFENDANTS and their customers.

19. DEFENDANTS retain and exercise extensive control over the work of the Drivers. Drivers work within DEFENDANTS' designated geographical areas, which typically surround the major airports in California, and are assigned customers and locations for picking up and dropping off passengers each day. DEFENDANTS employ dispatchers, customer service representatives, and other managerial employees at their terminals and dispatch facilities, all of whom have supervisory responsibility over the Drivers, their daily assignments and paperwork. Drivers interact with DEFENDANTS' personnel throughout their workday and are subject to various types of punishment (financial and/or disciplinary) when they do not follow DEFENDANTS' rules and instructions.

20. DEFENDANTS also control and limit the compensation paid to Drivers. DEFENDANTS unilaterally set the prices charged to their customers for the services rendered by Drivers, and purport to pay Drivers a percentage of the fees DEFENDANTS charge their customers. Drivers have no control over the rates charged to DEFENDANTS' customers, and Drivers are not permitted to pick up passengers independent of DEFENDANTS' dispatch system without DEFENDANTS' consent. Drivers' remuneration entirely depends on their ability to drive their vehicles and to pick up and drop off DEFENDANTS' customers.

21. PLAINTIFFS and similarly situated Drivers have provided services that are an integral part of DEFENDANTS' business enterprise. By providing vehicles with required logos and advertising of DEFENDANTS, by reliably serving DEFENDANTS' customers, by following DEFENDANTS' controlled pick-up and drop-off procedures, by being governed by DEFENDANTS' detailed policies and procedures, and in other material ways, PLAINTIFFS and other Drivers have rendered services to DEFENDANTS that are integral to the DEFENDANTS' passenger transport system.

///

22.    Despite DEFENDANTS' pervasive control over all aspects of its passenger transport operations, including the Drivers, DEFENDANTS have uniformly classified and treated the Drivers as "independent contractors" or as "franchisees."

23.    DEFENDANTS' classification and treatment of PLAINTIFFS and similarly situated Drivers as "independent contractors" and/or "franchisees" rather than as "employees" is and during all relevant times has been unlawful.

24.    As a result of DEFENDANTS misclassifying their Drivers as "independent contractors" and/or "franchisees," they have failed to indemnify the Drivers for employment-related expenses, including the costs of providing their vehicles; all operation costs associated with the vehicle, including fuel, maintenance, repair, cleaning, and licensing; the cost of adorning their vehicles with the specific paint color, SUPERSHUTTLE decals and other required identifying marks; liability and other insurance covering work place injuries; cellular telephone and DEFENDANTS' designated text messaging dispatch system. PLAINTIFFS are informed and on that basis allege that DEFENDANTS have taken deductions from Drivers' compensation to cover many of these employment-related expenses. As a further result of DEFENDANTS misclassifying their Drivers as "independent contractors" and/or "franchisees," DEFENDANTS have taken unlawful deductions from Drivers' compensation for items including but not limited to insurance, dispatch fees, PUCTRA business operating fees, franchise fees, and equipment and uniform fees.

25.    As a result of DEFENDANTS misclassifying their Drivers as "independent contractors" and/or "franchisees," DEFENDANTS have regularly failed to provide a 30 minute off-duty meal period to PLAINTIFFS and similarly situated Drivers who worked more than five hours in a day.

26.    As a result of DEFENDANTS misclassifying their Drivers as "independent contractors" and/or "franchisees," DEFENDANTS have regularly failed to provide a second 30 minute meal period to PLAINTIFFS and similarly situated Drivers who worked more than 10 hours in a day.

/ / /

/ / /

1       27.     As a result of DEFENDANTS misclassifying their Drivers as "independent

2   contractors" and/or "franchisees," DEFENDANTS have failed to pay minimum wage

3   compensation to PLAINTIFFS and similarly situated Drivers for all hours worked.

4       28.     DEFENDANTS have required and/or knowingly permitted PLAINTIFFS and

5   similarly situated Drivers to work hours considerably in excess of eight hours per day and/or 40

6   hours per week.  PLAINTIFFS are informed and believe and on such information and belief allege

7   that it has been DEFENDANTS' policy and practice to require and/or knowingly permit their

8   Drivers to work overtime hours without receiving overtime compensation.

9       29.     As a result of DEFENDANTS misclassifying their Drivers as "independent

10  contractors" and/or "franchisees," DEFENDANTS have willfully and knowingly failed to pay

11  premium overtime compensation to PLAINTIFFS and similarly situated Drivers for hours worked

12  in excess of eight hours per day and/or 40 hours per week.

13      30.     As a result of DEFENDANTS' misclassifying their Drivers as "independent

14  contractors" and/or "franchisees," DEFENDANTS have failed to record the actual hours worked

15  by PLAINTIFFS and similarly situated Drivers during the Class Period.

16      31.     As a result of DEFENDANTS' misclassifying their Drivers as "independent

17  contractors" and/or "franchisees," DEFENDANTS have failed to itemize the total hours worked on

18  wage statements furnished to PLAINTIFFS and similarly situated Drivers.

19      32.     PLAINTIFFS are informed and on that basis allege that, as a result of

20  DEFENDANTS' misclassifying their Drivers as "independent contractors" and/or "franchisees,"

21  DEFENDANTS have not properly maintained payroll records showing the actual hours worked

22  each day by Drivers, including PLAINTIFFS.

23      33.     As a result of DEFENDANTS misclassifying their Drivers as "independent

24  contractors" and/or "franchisees," DEFENDANTS have willfully and knowingly failed to pay

25  PLAINTIFFS and similarly situated Drivers, upon termination of employment, all accrued

26  compensation, including repayment of all unlawful deductions from wages, payment of missed

27  meal period compensation, and payment of minimum wage and overtime compensation.

28  ///

CLASS ACTION COMPLAINT

1

## V.   CLASS ACTION ALLEGATIONS

2      34.    PLAINTIFFS bring this lawsuit as a class action pursuant to Cal. Code of Civil

3    Procedure § 382 on behalf of themselves and all similarly situated Drivers.  The Class

4    PLAINTIFFS seek to represent is defined as:

5         All persons who are or have operated as airport shuttle drivers for DEFENDANTS
          in the State of California (referred to as "Drivers" or "Class Members") during the
6         period commencing four years from the filing of this action through the entry of
          final judgment in this action.

7

8    The claims herein have been brought and may properly be maintained as a class action under Cal.

9    Code of Civil Procedure § 382 because there is a well-defined community of interest among Class

10   Members with respect to the claims asserted herein and the proposed Class is easily ascertainable:

11         a.    Ascertainability and Numerosity:  The potential members of the Class as

12   defined herein are so numerous that joinder would be impracticable.  PLAINTIFFS are informed

13   and believe and on such information and belief allege that DEFENDANTS have employed several

14   hundred Drivers in California during the Class Period.  The names and addresses of the Class

15   Members are available to the DEFENDANTS.  Notice can be provided to the Class Members via

16   first class mail using techniques and a form of notice similar to those customarily used in class

17   action lawsuits of this nature.

18         b.    Commonality:  There are questions of law and fact common to

19   PLAINTIFFS and the Class that predominate over any questions affecting only individual

20   members of the Class.  These common questions of law and fact include, without limitation:

21              i.     Whether the Drivers have served DEFENDANTS as employees

22                     rather than independent contractors under California law;

23              ii.    Whether the Drivers have served DEFENDANTS as employees

24                     rather than franchisees under California law;

25              iii.   Whether the Drivers have necessarily incurred employment-related

26                     expenses and losses in carrying out their duties for DEFENDANTS;

27

28

<div align="center">8</div>

iv.    Whether DEFENDANTS have failed to indemnify Drivers for their necessary employment-related expenses and losses in violation of Cal. Labor Code § 2802;

v.    Whether DEFENDANTS' failure to indemnify Drivers for their necessary employment-related expenses and losses constitutes an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code §17200, *et seq.*;

vi.    Whether DEFENDANTS have made deductions from the compensation paid to DRIVERS in violation of California law;

vii.    Whether DEFENDANTS' deductions from Drivers' compensation constitute an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code § 17200 *et seq.*;

viii.    Whether DEFENDANTS have coerced or compelled Drivers to patronize DEFENDANTS and/or other companies in the purchase or lease of uniforms, communication equipment, electronic message services, auto insurance, and other items in violation of Cal. Labor Code § 450;

ix.    Whether DEFENDANTS' coercion or compelling of Drivers to patronize DEFENDANTS and/or other companies constitutes an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code § 17200 *et seq.*;

x.    Whether DEFENDANTS have failed to provide adequate off-duty meal periods and compensation for missed meal periods in violation of Cal. Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 11;

xi.    Whether DEFENDANTS' failure to provide adequate off-duty meal periods and meal period compensation constitutes an unlawful,

9

CLASS ACTION COMPLAINT

1    unfair, and/or fraudulent business practice under Cal. Business &

2    Professions Code § 17200 *et seq.*;

3    xii.    Whether DEFENDANTS have required, encouraged, or permitted

4    Drivers to work in excess of 40 hours per week and/or eight hours

5    per day;

6    xiii.   Whether DEFENDANTS knew or should have known that its

7    Drivers regularly worked over 40 hours per week and/or eight hours

8    per day;

9    xiv.    Whether DEFENDANTS have violated IWC wage order No. 9, § 4

10    and Cal. Labor Code §§ 1194 *et seq.* by their failure to pay Drivers

11    minimum wage for all hours worked;

12    xv.    Whether DEFENDANTS' failure to pay Drivers minimum wage for

13    all hours worked constitutes an unlawful, unfair, and/or fraudulent

14    business practice under Cal. Business & Professions Code § 17200 *et*

15    *seq.*;

16    xvi.   Whether DEFENDANTS have failed to pay its Drivers overtime

17    wages for time worked in excess of 40 hours per week and/or eight

18    hours per day;

19    xvii.  Whether DEFENDANTS have employed Drivers in a position

20    subject to, and not exempt from, California's overtime pay and other

21    wage and hour requirements;

22    xviii. Whether DEFENDANTS have violated IWC wage order No. 9, § 3

23    and Cal. Labor Code §§ 510 and 1194 by their failure to pay Drivers

24    overtime compensation;

25    xix.   Whether DEFENDANTS' failure to pay overtime compensation to

26    Drivers constitutes an unlawful, unfair, and/or fraudulent business

27    practice under Cal. Business & Professions Code § 17200 *et seq.*;

28

xx.   Whether DEFENDANTS have knowingly and intentionally failed to provide Drivers with an itemized statement showing total hours worked with each payment of wages, as required by Cal. Labor Code § 226 and IWC wage order No. 9, § 7;

xxi.   Whether DEFENDANTS' failure to provide an itemized statement showing total hours worked with each payment of wages constitutes an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code § 17200 *et seq.*;

xxii.   Whether DEFENDANTS have violated Cal. Labor Code § 1174 and IWC wage order No. 9, § 7 by failing to maintain documentation of the actual hours worked each day by Drivers;

xxiii.   Whether DEFENDANTS' failure to maintain documentation of the actual hours worked each day by Drivers constitutes an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code § 17200 *et seq.*;

xxiv.   Whether DEFENDANTS have violated Labor Code §§ 201-203 by failing, upon termination, to timely pay Drivers wages that were due for minimum wage, overtime, missed meal periods, and/or wrongful deductions from wages;

xxv.   Whether DEFENDANTS' failure to pay all compensation owed at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200 *et seq.*; and

xxvi.   The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to PLAINTIFFS and the Class alleged herein.

c.   Typicality:  PLAINTIFFS' claims are typical of the claims of the Class. DEFENDANTS' common course of unlawful conduct has caused PLAINTIFFS and similarly

1  situated Drivers to sustain the same or similar injuries and damages caused by the same practices of

2  DEFENDANTS.  PLAINTIFFS' claims are thereby representative of and co-extensive with the

3  claims of the Class.

4        d.   Adequacy of Representation:  PLAINTIFFS are all members of the Class, do

5  not have any conflicts of interest with other Class Members, and will prosecute the case vigorously

6  on behalf of the Class.  PLAINTIFFS will fairly and adequately represent and protect the interests

7  of the Class Members.  PLAINTIFFS' counsel are competent and experienced in litigating large

8  employment class actions, including large wage and hour class actions.

9        e.   Superiority of Class Action:  A class action is superior to other available

10  means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class

11  Members is not practicable, and questions of law and fact common to the Class predominate over

12  any questions affecting only individual members of the Class.  Each Class Member has been

13  damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policies and/or

14  practices described herein.  Because the damages suffered by individual Class Members may be

15  relatively small, albeit significant, the expense and burden of individual litigation make it

16  impractical for most Class Members individually to seek redress for the wrongful conduct alleged.

17  Class action treatment will allow those similarly situated persons to litigate their claims in the

18  manner that is most efficient and economical for the parties and the judicial system.

19                        **VI.   DAMAGES**

20        35.   As a direct, foreseeable, and proximate result of DEFENDANTS' conduct,

21  PLAINTIFFS and similarly situated Drivers are owed un-reimbursed business expenses plus

22  interest, repayment of unlawfully deducted wages plus interest, minimum wage plus interest and

23  liquidated damages, overtime compensation plus interest, meal period compensation plus interest,

24  waiting time penalties under Cal. Labor Code § 203, other statutory penalties, and punitive

25  damages, the precise amount of which will be proven at trial.

26  ///

27  ///

28  ///

## VII.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**REIMBURSEMENT OF BUSINESS EXPENSES**
**(CAL. LABOR CODE § 2802)**

36.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers employed by DEFENDANTS in California.

37.    While acting on the direct instruction of DEFENDANTS and discharging their duties for them, PLAINTIFFS and similarly situated Drivers have incurred work-related expenses. Such expenses include but are not limited to the purchase or lease of vehicles; fuel, maintenance, and other vehicle operating costs; SUPERSHUTTLE vehicle decals, other markings, and paint; various forms of insurance; communications equipment; electronic message service; and uniforms. PLAINTIFFS and Class Members incurred these substantial expenses and losses as a direct result of performing their job duties for DEFENDANTS.

38.    DEFENDANTS have failed to indemnify or in any manner reimburse PLAINTIFFS and similarly situated Drivers for these expenditures and losses.  By requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for DEFENDANTS and/or in obedience of DEFENDANTS' direction, DEFENDANTS have violated and continue to violate Cal. Labor Code § 2802.

39.    By unlawfully deducting wages and failing to pay PLAINTIFFS and other similarly situated Drivers, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Labor Code §§ 218.5 and 2802(c).

40.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS and similarly situated Drivers have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

41.    DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and Class Members and in conscious disregard of their rights.

13
CLASS ACTION COMPLAINT

1    42.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

2    as described below.

3                    **SECOND CAUSE OF ACTION**
                **UNLAWFUL DEDUCTIONS FROM WAGES**
4    **(CAL. LABOR CODE §§ 221, 223, 400-410, IWC. WAGE ORDER NO. 9)**

5    43.    The allegations of each of the preceding paragraphs are realleged and incorporated

6    herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves

7    and the above-described Class of similarly situated Drivers employed by DEFENDANTS in

8    California.

9    44.    Labor Code § 221 provides:  "It shall be unlawful for any employer to collect or

10   receive from an employee any part of wages theretofore paid by said employer to said employee."

11   45.    Labor Code § 223 provides:  "Where any statute or contract requires an employer to

12   maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while

13   purporting to pay the wage designated by statute or by contract."

14   46.    Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances

15   under which an employer can exact a cash bond from its employees.  These provisions are

16   designed to protect employees against the very real danger of an employer taking or

17   misappropriating employee funds held by the employer in trust.

18   47.    IWC wage order No. 9, § 8 provides that the only circumstance under which an

19   employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss

20   of equipment is if the employer can show that the shortage, breakage, or loss was the result of the

21   employee's gross negligence or dishonest or willful act.

22   48.    These and related statutes, along with California's fundamental public policy

23   protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated

24   or unpredicted reductions in their wages; making employees the insurers of their employer's

25   business losses; otherwise passing the ordinary business losses of the employer onto the employee;

26   or taking deductions from wages for business losses in any form unless the employer can establish

27   that the loss was caused by a dishonest or willful act, or gross negligence of the employee.

28   ///

14

CLASS ACTION COMPLAINT

49.    DEFENDANTS have violated Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 9, § 8 by unlawfully taking deductions from PLAINTIFFS' and Class Members' compensation to cover certain ordinary business expenses of DEFENDANTS, including but not limited to insurance, dispatch fees, PUCTRA business operating fees, franchise fees, and equipment and uniform fees.

50.    Because DEFENDANTS made unlawful deductions from Drivers' compensation, they are liable to PLAINTIFFS and Class Members for the compensation that should have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 9, § 8.

51.    By unlawfully deducting wages and failing to pay PLAINTIFFS and other similarly situated Drivers, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Labor Code § 218.5.

52.    DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and Class Members and in conscious disregard of their rights.

53.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

### THIRD CAUSE OF ACTION
### COERCED PURCHASES
### (CAL. LABOR CODE § 450 ET SEQ.)

54.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers employed by DEFENDANTS in California.

55.    DEFENDANTS have compelled and/or coerced PLAINTIFFS and Class Members to patronize DEFENDANTS by requiring PLAINTIFFS and Class Members to lease or purchase certain items, including but not limited to data communication equipment and services, uniforms, and other items directly from DEFENDANTS and/or other companies in violation of Cal. Labor Code § 450.

15

CLASS ACTION COMPLAINT

56.     DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLANTIFFS and Class Members and in conscious disregard of their rights.

57.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS
### (CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9)

58.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers employed by DEFENDANTS in California.

59.     PLAINTIFFS and similarly situated Drivers have regularly worked in excess of five (5) hours a day without being afforded at least a half-hour meal period in which they were relieved of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, § 11(A).

60.     Because DEFENDANTS failed to afford proper meal periods, they are liable to PLAINTIFFS and similarly situated Drivers for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 9, § 11(B).

61.     By violating Cal Labor Code §§ 226.7 and 512, and IWC wage order No. 9, § 11, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Cal. Labor Code § 218.5.

62.     DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and Class Members and in conscious disregard of their rights.

63.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

///

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGE
### (CAL. LABOR CODE §§ 1182.11, 1194 ET SEQ., IWC WAGE ORDER NO. 9, MINIMUM WAGE ORDER)

64.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers employed by DEFENDANTS in California.

65.     At all times relevant to this complaint, Labor Code §§ 1182.11 and 1197, Wage Order 9-2001, and the Minimum Wage Order were in full force and effect and required that DEFENDANTS' nonexempt employees receive the minimum wage for all hours worked irrespective of whether nominally paid on an hourly, piece rate, or any other basis, at the rate $6.75 per hour commencing January 1, 2002, $7.50 per hour commencing January 1, 2007, and $8.00 per hour commencing January 1, 2008.

66.     At various times throughout the relevant statutory period, DEFENDANTS have caused PLAINTIFFS and Class Members to incur expenses and deductions that contributed to DEFENDANTS failing to pay minimum wages for all hours worked, as required by law.

67.     As a direct and proximate result of the acts and/or omissions of DEFENDANTS PLAINTIFFS and Class Members have been deprived of minimum wages due in amounts to be determined at trial, and to additional amounts as liquidated damages, pursuant to Labor Code §§ 1194 and 1194.2.

68.     By violating Cal Labor Code §§ 1182.11 and 1197, IWC wage order No. 9, § 4, and the Minimum Wage Order, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Cal. Labor Code § 1194.

69.     DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and Class Members and in conscious disregard of their rights.

70.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

CLASS ACTION COMPLAINT

1

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME COMPENSATION
#### (CAL. LABOR CODE §§ 510, 1194 ET SEQ., IWC WAGE ORDER NO. 9.)

2

3        71.    The allegations of each of the preceding paragraphs are realleged and incorporated

4  herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves

5  and the above-described Class of similarly situated Drivers employed by DEFENDANTS in

6  California.

7        72.    By failing to pay overtime compensation to PLAINTIFFS and similarly situated

8  Drivers as alleged above, DEFENDANTS have violated and continue to violate Cal. Labor Code §

9  510 and IWC wage order No. 9, § 3, which require overtime compensation for non-exempt

10  employees.

11       73.    By failing to maintain adequate time records as required by Cal. Labor Code §

12  1174(d) and IWC wage order No. 9, § 7(A), DEFENDANTS have made it difficult to calculate the

13  overtime compensation due to PLAINTIFFS and similarly situated Drivers.

14       74.    As a result of DEFENDANTS' unlawful acts, PLAINTIFFS and similarly situated

15  Drivers have been deprived of overtime compensation in an amount to be determined at trial, and

16  are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under

17  Cal. Labor Code § 1194.

18       75.    By violating Cal. Labor Code § 510, DEFENDANTS are liable for civil penalties

19  and attorneys' fees and costs under Cal. Labor Code §§ 558, 1194 and 1197.1.

20       76.    DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and

21  were committed with the wrongful intent to injure PLAINTIFFS and Class Members in

22  conscious disregard of their rights.

23       77.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

24  as described below.

25

## SEVENTH CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
#### (CAL. LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 9)

26

27       78.    The allegations of each of the preceding paragraphs are realleged and incorporated

28  herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves

CLASS ACTION COMPLAINT

1   and the above-described Class of similarly situated Drivers employed by DEFENDANTS in

2   California.

3         79.    Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers

4   semi-monthly or at the time of each payment of wages to furnish each employee with a statement

5   itemizing, among other things, the total hours worked by the employee.  Cal. Labor Code § 226(b)

6   provides that if an employer knowingly and intentionally fails to provide a statement itemizing,

7   among other things, the total hours worked by the employee, then the employee is entitled to

8   recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one

9   hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

10        80.    DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFFS and

11   similarly situated Drivers with timely, itemized statements showing the total hours worked, as

12   required by Cal. Labor Code § 226(a) and IWC wage order No 9, § 7(B).  As a result,

13   DEFENDANTS are liable to PLAINTIFFS and similarly situated Drivers for the amounts provided

14   by Cal. Labor Code § 226(b).

15        81.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

16   as described below.

17                         **EIGHTH CAUSE OF ACTION**
**FAILURE TO KEEP ACCURATE PAYROLL RECORDS**

18       **(CAL. LABOR CODE §§ 1174 & 1174.5; IWC WAGE ORDER NO. 10)**

19        82.    The allegations of each of the preceding paragraphs are realleged and incorporated

20   herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves

21   and the above-described Class of similarly situated Drivers employed by DEFENDANTS in

22   California.

23        83.    DEFENDANTS have violated Cal. Labor Code § 1174 and IWC wage order No. 9,

24   § 7(A) by willfully failing to keep required payroll records showing the actual hours worked each

25   day by PLAINTIFFS and similarly situated Drivers. As a direct and proximate result of

26   DEFENDANTS' failure to maintain payroll records, PLAINTIFFS and similarly situated Drivers

27   have suffered actual economic harm as they have been precluded from accurately monitoring the

28   number of hours worked and thus seeking all accrued overtime pay.

<div align="center">

19

CLASS ACTION COMPLAINT

</div>

84.   PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

### NINTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (CAL. LABOR CODE §§ 201, 202 & 203)

85.   The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers employed by DEFENDANTS in California.

86.   Cal. Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

87.   Cal. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

88.   Cal. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

89.   DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid meal period compensation, unpaid minimum wage pay, unpaid overtime pay and sums wrongfully deducted from compensation, to PLAINTIFFS and similarly situated Drivers whose employment terminated. As a result, DEFENDANTS are liable to PLAINTIFFS and similarly situated Drivers for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under Cal. Labor Code §§ 203 and 256.

90.   PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

**TENTH CAUSE OF ACTION**
**VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
**(CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)**

91.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers and in a representative capacity under Cal. Business and Professions Code § 17204.

92.    Cal. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

93.    Cal. Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

94.    Beginning at an exact date unknown to PLAINTIFFS, but at least four years prior to the filing of this action, DEFENDANTS have improperly, fraudulently, and unlawfully classified its Drivers as "independent contractors" and have thereby committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

a.    failing to indemnify PLAINTIFFS and similarly situated Drivers for employment-related business expenses and losses;

b.    improperly and unlawfully making deductions from Drivers' compensation because of cash shortages, breakage, equipment loss, and other work-related expenses and losses not attributable to the Drivers' dishonest or willful act, or to the gross negligence of the Drivers, as described above;

c.    failing and refusing to provide meal periods to PLAINTIFFS and similarly situated Drivers;

d.    unlawfully deducting money from wages owed to PLAINTIFFS and similarly situated Drivers;

e.    coercing or compelling PLAINTIFFS and similarly situated Drivers to patronize DEFENDANTS and allied companies;

21

CLASS ACTION COMPLAINT

1        f.      failing to pay minimum wage and overtime compensation to PLAINTIFFS

2    and similarly situated Drivers;

3        g.      failing to provide accurate itemized wage statements to PLAINTIFFS and

4    similarly situated Drivers;

5        h.      failing to maintain payroll records showing the actual hours worked each

6    day by PLAINTIFFS and similarly situated Drivers;

7        i.      failing to pay all accrued minimum wage, overtime and meal period

8    compensation and failing to repay unlawfully deducted commissions to Drivers upon termination

9    of their employment; and

10       j.      by intentionally, recklessly and/or negligently misrepresenting to

11   PLAINTIFFS and similarly situated Drivers the true nature of their employment status.

12   The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and

13   practices for purposes of Cal. Business and Professions Code § 17200.

14       95.     As a direct and proximate result of DEFENDANTS' unlawful, unfair, and/or

15   fraudulent acts and practices described herein, DEFENDANTS have received and continue to hold

16   ill-gotten gains belonging to PLAINTIFFS and Class Members.  As a direct and proximate result of

17   DEFENDANTS' unlawful business practices, PLAINTIFFS and Class Members have suffered

18   economic injuries including, but not limited to out-of-pocket business expenses, unlawful

19   deductions from compensation, loss of minimum wage and overtime wages, compensation for

20   missed meal periods, and waiting time penalties.  DEFENDANTS have profited from its unlawful,

21   unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper

22   deductions from compensation, unpaid minimum wage and overtime, unpaid compensation for

23   missed meal periods, and interest accrued by PLAINTIFFS and similarly situated Drivers.

24       96.     PLAINTIFFS and similarly situated Drivers are entitled to restitution pursuant to

25   Cal. Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful

26   deductions from compensation, minimum wage, overtime, meal period compensation, and interest

27   since four years prior to the filing of this action.

28   / / /

CLASS ACTION COMPLAINT

97.   PLAINTIFFS and similarly situated Drivers are entitled to enforce all applicable penalty provisions of the Cal. Labor Code pursuant to Cal. Business & Professions Code § 17202.

98.   PLAINTIFFS' success in this action will enforce important rights affecting the public interest.  In this regard, PLAINTIFFS sue on behalf of the public as well as on behalf of themselves and others similarly situated.  PLAINTIFFS seek and are entitled to reimbursement of business expenses, the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

99.   Injunctive relief is necessary and appropriate to prevent DEFENDANTS from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

100.   In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts and continuing those acts, an order requiring DEFENDANTS to disgorge all the profits and gains they have reaped and restore such profits and gains to Drivers, from whom they were unlawfully taken.

101.   PLAINTIFFS have assumed the responsibility of enforcement of the laws and lawful claims specified herein.  There is a financial burden incurred in pursuing this action which is in the public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

102.   By all of the foregoing alleged conduct, DEFENDANTS have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 et seq.

103.   As a direct and proximate result of the unfair business practices described above, PLAINTIFFS, other Drivers, and members of the general public have all suffered significant losses and Defendants have been unjustly enriched.

104.   Pursuant to Cal. Business & Prof. Code §17203, PLAINTIFFS, other Drivers, and member of the general public are entitled to:  (a) restitution of money acquired by DEFENDANTS by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANTS' continuation of their unfair business practices;

23

CLASS ACTION COMPLAINT

1  and (c) a declaration that DEFENDANTS' business practices are unfair within the meaning of the

2  statute.

3       105.   PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

4  as described below.

5                     **VIII.   REQUEST FOR JURY TRIAL**

6       106.   PLAINTIFFS request a trial by jury on behalf of themselves and the above

7  described Class of similarly situated Drivers.

8                     **IX.   PRAYER FOR RELIEF**

9       WHEREFORE, PLAINTIFFS Kairy, Brown, Dickson, and Osmun, on behalf of themselves

10  and the above-described Class of similarly situated Drivers, request relief as follows:

11       A.   Certification of the above-described Class as a class action, pursuant to Code of

12  Civil Procedure § 382;

13       B.   Certification of the above-described Class as a representative class under Business

14  and Professions Code § 17200.

15       C.   Provision of class notice to all Drivers who worked for DEFENDANTS in

16  California during the Class Period described above;

17       D.   A declaratory judgment that DEFENDANTS have knowingly and intentionally

18  violated the following provisions of law:

19           1.   Cal. Labor Code § 2802 by failing to indemnify PLAINTIFFS and the Class

20  for all necessary business expenses and losses;

21           2.   Cal. Labor Code §§ 221 and 400-410 and IWC wage order No. 9, by making

22  unlawful deductions from the compensation paid to PLAINTIFFS and the Class for ordinary

23  business expenses and losses without a showing that the expenses and/or losses were due to the

24  Drivers' dishonest or willful act, or to the gross negligence of the Drivers;

25           3.   Cal. Labor Code § 450 by coercing or compelling PLAINTIFFS and the

26  Class to purchase or lease certain items and services;

27           4.   Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9 by failure to

28  provide off-duty meal periods to PLAINTIFFS and the Class;

5.   Cal. Labor Code §§ 1182.11, 1194 *et seq.*, IWC wage order No. 9, and the Minimum Wage Order by failure to pay minimum wage to Drivers;

6.   Cal. Labor Code §§ 510, 1194 *et seq.* and IWC wage order No. 9 by failure to pay overtime compensation to Drivers;

7.   Cal. Labor Code § 226 and IWC wage order No. 9, § 7(B), by failing to provide Drivers with itemized statements of total hours worked with each payment of wages;

8.   Cal. Labor Code § 1174 and IWC wage order No. 9, § 7(A), by failing to maintain payroll records of the actual hours worked each day by Drivers;

9.   Cal. Labor Code §§ 201-203, for willful failure to pay minimum wage, overtime and meal period compensation and failure to repay unlawfully deducted wages at the time of termination of employment, resulting in unpaid waiting time penalties; and

10.   Cal. Business and Professions Code §§ 17200-17208, by failing to reimburse Drivers for necessary business expenses, by requiring Drivers to indemnify DEFENDANTS for ordinary business losses, by coercing or compelling Drivers to purchase or lease certain items and services from DEFENDANTS or affiliated companies, by failing to provide off-duty meal periods and/or pay meal period compensation to Drivers, by failing to pay its Drivers minimum wage and overtime compensation, by failing to provide Drivers with itemized wage statements showing all hours worked, by failing to maintain payroll records that document all hours worked by Drivers, and by willfully failing to pay all compensation owed to Drivers upon termination of employment;

E.   A declaratory judgment that DEFENDANTS' violations as described above were willful;

F.   An equitable accounting to identify, locate, and restore to all current and former Drivers the wages that are due;

G.   An award to PLAINTIFFS and the Class Members of damages in the amount of necessary business expenses, unpaid minimum wage and overtime, meal period compensation and amounts unlawfully deducted from wages, including interest thereon, subject to proof at trial;

/ / /

/ / /

CLASS ACTION COMPLAINT

1      H.    An award to PLAINTIFFS and the Class Members of statutory penalties because of

2 DEFENDANTS' failure to provide PLAINTIFFS and the Class Members with itemized wage

3 statements that comply with the requirements of Cal. Labor Code § 226, subject to proof at trial;

4      I.    An award to PLAINTIFFS and the Class Members of liquidated damages

5 because of DEFENDANTS' failure to pay PLAINTIFFS and the Class Members minimum wage;

6      J.    An award of payments due to them as waiting time penalties as to those Class

7 Members who have left DEFENDANTS' employ, pursuant to Labor Code § 203;

8      K.    An order requiring DEFENDANTS to reclassify their Drivers as employees with

9 immediate reinstatement of all statutory and common law rights afforded employees in California,

10 including but not limited to reimbursement of necessary business expenses, payment of required

11 minimum wage and overtime compensation, the provision of proper meal periods, and ceasing the

12 policies and practices of deducting amount from wages and coercing purchases.

13      L.    An order requiring DEFENDANTS to pay restitution of all amounts owed to

14 PLAINTIFFS and similarly situated Drivers for DEFENDANTS' failure to pay legally required

15 minimum wage, overtime and meal period pay, and interest thereon and DEFENDANTS' failure to

16 repay out-of-pocket business expenses incurred and amounts unlawfully deducted, and interest

17 thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

18      M.    An award to PLAINTIFFS and the Class Members of reasonable attorneys' fees and

19 costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Cal. Labor Code §§ 218.5, 226, 1194,

20 and 2802 and/or other applicable law; and

21      N.    An award to PLAINTIFFS and the Class Members of such other and further relief

22 as this Court deems just and proper.

23 DATED: May 8, 2008

24                    HINTON, ALBERT & SUMNER

25

26      By: _____

27                   AARON KAUFMANN
                  Attorneys for PLAINTIFFS

28

CLASS ACTION COMPLAINT

**EXHIBIT B**

1  Paul Marron, Esq., State Bar No. 128245
   Andre Y. Bates, Esq., State Bar No. 178170
2  George E. Weber, Esq., State Bar No. 220592
   MARRON & ASSOCIATES
3  111 W. Ocean Blvd.
   Suite 1925
4  Long Beach, CA 90802
   (562) 432-7422
5
   Attorneys for Defendants SuperShuttle
6  International, Inc., SuperShuttle Franchise
   Corporation, and Veolia Transportation
7  Services, Inc.

8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF ALAMEDA

11
   ROOSEVELT KAIRY, LARRY BROWN,          Case No.: RGO8386463
12 WAYNE DICKSON, AND DRAKE OSMUN,
   on behalf of themselves, all other similarly
13 situated, and the general public,          **ANSWER OF DEFENDANTS**
                                              **SUPERSHUTTLE INTERNATIONAL,**
14                                            **INC. AND SUPERSHUTTLE**
            Plaintiffs,                       **FRANCHISE CORPORATION TO**
15                                            **PLAINTIFFS' UNVERIFIED**
       vs.                                    **COMPLAINT**
16
   SUPERSHUTTLE INTERNATIONAL, INC.;
17 SUPERSHUTTLE FRANCHISE               Action Filed:    May 8, 2008
   CORPORATION, AND VEOLIA
18 TRANSPORTATION SERVICES, INC., DBA
   SUPERSHUTTLE, and DOES 1 through 20,
19 inclusive,

20          Defendants.

21

22

23       Defendants SuperShuttle International, Inc. and SuperShuttle Franchise Corporation

24 (collectively "Defendants") hereby answer the unverified Complaint of Plaintiffs Roosevelt Kairy,

25 Larry Brown, Wayne Dickson and Drake Osmun, ("Plaintiffs") as follows:

26

27                                      1

28          SUPERSHUTTLE INTERNATIONAL AND SUPERSHUTTLE FRANCHISE
               CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT

03917/2007-1080.080



1       Pursuant to California *Code of Civil Procedure* Section 431.30(d), Defendants generally

2   and specifically deny each and every allegation contained in the Complaint and also deny that

3   Plaintiffs, or any putative member of the purported class set forth in the Complaint, were damaged

4   in the sums alleged or in any sum at all.  Defendants further specifically deny that any of the

5   claims alleged by Plaintiffs in the Complaint may be properly adjudicated on a class-action basis.

6       AS A SEPARATE AND DISTINCT ANSWER TO THE COMPLAINT AND TO EACH

7   AND EVERY CAUSE OF ACTION THEREOF, DEFENDANTS ALLEGE:

8   **FIRST AFFIRMATIVE DEFENSE**

9   **(Failure to State a Cause of Action)**

10       The complaint and each and every cause of action set forth therein fails to state facts

11   sufficient to constitute a cause of action.

12   **SECOND AFFIRMATIVE DEFENSE**

13   **(Independent Contractor Status)**

14       Plaintiffs' complaint and each cause of action therein are barred because Plaintiffs are/were

15   independent contractors, and not employees of Defendants.

16   **THIRD AFFIRMATIVE DEFENSE**

17   **(Franchisee Status)**

18       Plaintiffs' complaint and each cause of action therein are barred because Plaintiffs are/were

19   franchisees, and not employees of Defendants.

20   **FOURTH AFFIRMATIVE DEFENSE**

21   **(Statute of Limitations)**

22       Plaintiffs' complaint and each cause of action therein is barred by the applicable statute of

23   limitations, including without limitation, those contained in *California Code of Civil Procedure*

24   / / /

25

26

27   2

28   **SUPERSHUTTLE INTERNATIONAL AND SUPERSHUTTLE FRANCHISE**
    **CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT**

03917/2007-1080.080

Sections 338 and 340, *California Labor Code* Section 203 and *California Business and Professions Code* Section 17208.

## FIFTH AFFIRMATIVE DEFENSE

### (No Class Action)

Plaintiffs' complaint and each cause of action therein cannot and should not be maintained on a class action basis because those causes of action, and each of them, fail to meet the necessary requirements for class certification, including class ascertainability, typicality, commonality, numerosity, superiority and adequacy of the class representatives.

Plaintiffs' complaint and each cause of action therein, or some of them, are also barred by waiver of class action adjudication for said claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Unconstitutional Class Action)

Certification of a class action under the circumstances of this case would violate Defendants' rights under the United States Constitution and the California Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Standing to Sue)

Plaintiffs' complaint and each cause of action therein, or some of them, are bared in whole or in part because Plaintiffs, or some of them, lack standing to sue.

## EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs' complaint and each cause of action therein, or some of them, are preempted, in whole or in part, by federal law, and the federal regulation of interstate commerce in general and the transportation industry in particular.

/ / /

/ / /

3

03917/2007-1080.080

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs are barred from the relief sought in the complaint by Plaintiffs' unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

By Plaintiffs' own acts, Plaintiffs are estopped from seeking the relief claimed in the complaint, and each cause of action therein.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

Plaintiffs' complaint and each cause of action therein are barred by the doctrines of res judicata and collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Injunctive relief is barred because Plaintiffs have an adequate remedy at law and/or other requirements for granting injunctive relief cannot be satisfied.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

By Plaintiffs' own acts, Plaintiffs have waived the rights asserted in the complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in whole or in part because said causes of action have been released by the individuals in question.

/ / /

/ / /

4

SUPERSHUTTLE INTERNATIONAL AND SUPERSHUTTLE FRANCHISE
CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT

03917/2007-1080.080

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2

**(Privilege)**

3

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in whole or in

4

part because Defendants were and are privileged to engage in the conduct alleged in the complaint.

5

**SIXTEENTH AFFIRMATIVE DEFENSE**

6

**(Arbitration)**

7

Plaintiffs' complaint and each cause of action therein, or some of them, may not be

8

litigated in court because some or all of said individuals' causes of action are subject to individual

9

mandatory, final and binding arbitration.

10

**SEVENTEENTH AFFIRMATIVE DEFENSE**

11

**(Offset)**

12

Plaintiffs' damages, if any, are offset in whole or in part by amounts owing to and damages

13

suffered by Defendants.

14

**EIGHTEENTH AFFIRMATIVE DEFENSE**

15

**(Laches)**

16

Plaintiffs are barred by the doctrine of laches from pursuing any of the remedies sought in

17

the complaint.

18

**NINETEENTH AFFIRMATIVE DEFENSE**

19

**(Failure to Mitigate Damages)**

20

Plaintiffs failed to take reasonable steps to mitigate the damages they allegedly suffered as

21

a result of the actions alleged in the complaint, and any award against Defendants must be reduced

22

by the amount of alleged damages Plaintiffs could have avoided had they taken reasonable steps to

23

mitigate their damages.

24

/ / /

25

/ / /

26

27

28

SUPERSHUTTLE INTERNATIONAL AND SUPERSHUTTLE FRANCHISE
CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT

03917/2007-1080.080

1

## TWENTIETH AFFIRMATIVE DEFENSE

### (Conduct Reasonable and in Good Faith/Not Wilful)

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in whole or in part, on the ground that Defendants acted in good faith, and in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and/or California agencies, and on the basis of a good faith and reasonable belief to have complied fully with federal and California law.

WHEREFORE, Defendants prays for judgment as follows:

1. That the Complaint and each cause of action therein be dismissed with prejudice;

1. That Plaintiffs take nothing by way of its unverified complaint herein;

2. That Defendants' reasonable attorneys' fees and cost of suit herein be awarded; and

3. For such other and further relief as the Court may deem proper.

Dated: June 17, 2008

MARRON & ASSOCIATES

By:
Paul Marron, Esq.
Andre Y. Bates, Esq.
George E. Weber, Esq.
Attorneys for Defendants SuperShuttle
International, Inc., SuperShuttle Franchise
Corporation, and Veolia Transportation
Services, Inc.

6

03917/2007-1080.080

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 111 West Ocean Blvd., Suite #1925, Long Beach, California 90802

5

6    On June 17, 2008 I served the foregoing DOCUMENT described as **ANSWER OF DEFENDANTS SUPERSHUTTLE INTERNATIONAL, INC. AND SUPERSHUTTLE FRANCHISE CORPORATION TO PLAINTIFFS' UNVERIFIED COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8

9    ### SEE ATTACHED SERVICE LIST

10    [X]  BY MAIL

11    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U. S. Postal Service on the same day with postage thereon fully prepared at Long Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14

15    [ ]  PERSONALLY

16    I caused the above described document(s) to be personally served to the addressees on the attached mailing list.

17

18    [ ]  BY FACSIMILE

At the time of transmission I was at least 18 years of age and not a party to this legal proceeding.  On _____ `, at approximately _____ .m., I transmitted to the parties on the attached service list the following documents described above,  by facsimile machine, pursuant to rule 2006.  The facsimile machine I used complied with rule 2003(3) and no error was reported by the machine.  Pursuant to rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

19

20

21

22    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

24    Executed on June 17, 2008 at Long Beach, California.

25

26                                                    Henry Bella

27

28

1

**PROOF OF SERVICE**

03917/2007-1080.080

1

## **SERVICE LIST**

2

3  Aaron Kaufmann, Esq.
4  David Progrel, Esq.
   Hinton, Alfert & Sumner
5  1646 N. California Blvd., Suite 600
   Walnut Creek, CA  94596
6  [Attorneys for Plaintiffs]

7  Philip Monrad, Esq.
8  Beth Ross, Esq.
   Leonard Carder, LLP
9  1330 Broadway, Suite 1450
   Oakland, CA 94612
10 [Attorneys for Plaintiffs]

11 Daniel Feinberg, Esq.
12 Kirsten Scott, Esq.
   Lewis, Feinberg, Lee, Renaker & Jackson, P.C.
13 1330 Broadway, Suite 1800
   Oakland, CA  94612
14 [Attorneys for Plaintiffs]

15 Peter Rukin, Esq.
16 Rukin Hyland Doria & Tindall LLP
   100 Pine Street, Suite 725
17 San Francisco, CA  94111
   [Attorneys for Plaintiffs]
18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

03917/2007-1080.080

**EXHIBIT C**

1    Paul Marron, Esq., State Bar No. 128245
     Andre Y. Bates, Esq., State Bar No. 178170
2    George E. Weber, Esq., State Bar No. 220592
     MARRON & ASSOCIATES
3    111 W. Ocean Blvd.
     Suite 1925
4    Long Beach, CA 90802
     (562) 432-7422
5
     Attorneys for Defendants SuperShuttle
6    International, Inc., SuperShuttle Franchise
     Corporation, and Veolia Transportation
7    Services, Inc.

8

9           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF ALAMEDA

11
     ROOSEVELT KAIRY, LARRY BROWN,      Case No.: RGO8386463
12    WAYNE DICKSON, AND DRAKE OSMUN,
     on behalf of themselves, all other similarly    ANSWER OF DEFENDANT VEOLIA
13    situated, and the general public,          TRANSPORTATION SERVICES, INC.
                                         TO PLAINTIFFS' UNVERIFIED
14                                          COMPLAINT
              Plaintiffs,
15        vs.
16                                    Action Filed:      May 8, 2008
     SUPERSHUTTLE INTERNATIONAL, INC.;
17    SUPERSHUTTLE FRANCHISE
     CORPORATION, AND VEOLIA
18    TRANSPORTATION SERVICES, INC., DBA
     SUPERSHUTTLE, and DOES 1 through 20,
19    inclusive,

20               Defendants.

21

22

23        Defendant Veolia Transportation Services, Inc. ("Defendant") hereby answers the

24    unverified Complaint of Plaintiffs Roosevelt Kairy, Larry Brown, Wayne Dickson and Drake

25    Osmun, ("Plaintiffs") as follows:

26        Pursuant to California *Code of Civil Procedure* Section 431.30(d), Defendant generally

27                                                 1

28    _____
     VEOLIA TRANSPORTATION SERVICES INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

     03922/2007-1060.080

FILE BY FAX      COPY

and specifically denies each and every allegation contained in the Complaint and also denies that Plaintiffs, or any putative member of the purported class set forth in the Complaint, were damaged in the sums alleged or in any sum at all.  Defendant further specifically denies that any of the claims alleged by Plaintiffs in the Complaint may be properly adjudicated on a class-action basis.

AS A SEPARATE AND DISTINCT ANSWER TO THE COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION THEREOF, DEFENDANT ALLEGES:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The complaint and each and every cause of action set forth therein fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE
### (Independent Contractor Status)

Plaintiffs' complaint and each cause of action therein are barred because Plaintiffs are/were independent contractors, and not employees of Defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Franchisee Status)

Plaintiffs' complaint and each cause of action therein are barred because Plaintiffs are/were franchisees, and not employees of Defendant.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' complaint and each cause of action therein is barred by the applicable statute of limitations, including without limitation, those contained in *California Code of Civil Procedure* Sections 338 and 340, *California Labor Code* Section 203 and *California Business and Professions Code* Section 17208.

/ / /

2

**VEOLIA TRANSPORTATION SERVICES INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

03922/2007-1080.080

**FIFTH AFFIRMATIVE DEFENSE**

**(No Class Action)**

Plaintiffs' complaint and each cause of action therein cannot and should not be maintained on a class action basis because those causes of action, and each of them, fail to meet the necessary requirements for class certification, including class ascertainability, typicality, commonality, numerosity, superiority and adequacy of the class representatives.

Plaintiffs' complaint and each cause of action therein, or some of them, are also barred by waiver of class action adjudication for said claims.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unconstitutional Class Action)**

Certification of a class action under the circumstances of this case would violate Defendant's rights under the United States Constitution and the California Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Standing to Sue)**

Plaintiffs' complaint and each cause of action therein, or some of them, are bared in whole or in part because Plaintiffs, or some of them, lack standing to sue.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Preemption)**

Plaintiffs' complaint and each cause of action therein, or some of them, are preempted, in whole or in part, by federal law, and the federal regulation of interstate commerce in general and the transportation industry in particular.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs are barred from the relief sought in the complaint by Plaintiffs' unclean hands.

///

///

3

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Estoppel)

3

By Plaintiffs' own acts, Plaintiffs are estopped from seeking the relief claimed in the

4

complaint, and each cause of action therein.

5

## ELEVENTH AFFIRMATIVE DEFENSE

6

### (Res Judicata and Collateral Estoppel)

7

Plaintiffs' complaint and each cause of action therein are barred by the doctrines of res

8

judicata and collateral estoppel.

9

## TWELFTH AFFIRMATIVE DEFENSE

10

### (Adequate Remedy at Law)

11

Injunctive relief is barred because Plaintiffs have an adequate remedy at law and/or other

12

requirements for granting injunctive relief cannot be satisfied.

13

## THIRTEENTH AFFIRMATIVE DEFENSE

14

### (Waiver)

15

By Plaintiffs' own acts, Plaintiffs have waived the rights asserted in the complaint.

16

## FOURTEENTH AFFIRMATIVE DEFENSE

17

### (Release)

18

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in whole

19

or in part because said causes of action have been released by the individuals in question.

20

## FIFTEENTH AFFIRMATIVE DEFENSE

21

### (Privilege)

22

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in

23

whole or in part because Defendant was and is privileged to engage in the conduct alleged in the

24

complaint.

25

///

26

///

27

28

4

**VEOLIA TRANSPORTATION SERVICES INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

03922/2007-1080.080

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

Plaintiffs' complaint and each cause of action therein, or some of them, may not be litigated in court because some or all of said individuals' causes of action are subject to individual mandatory, final and binding arbitration.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

Plaintiffs' damages, if any, are offset in whole or in part by amounts owing to and damages suffered by Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs are barred by the doctrine of laches from pursuing any of the remedies sought in the complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs failed to take reasonable steps to mitigate the damages they allegedly suffered as a result of the actions alleged in the complaint, and any award against Defendant must be reduced by the amount of alleged damages Plaintiffs could have avoided had they taken reasonable steps to mitigate their damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Conduct Reasonable and in Good Faith/Not Wilful)

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in whole or in part, on the ground that Defendant acted in good faith, and in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and/or California agencies, and on the basis of a good faith and reasonable belief to have complied fully with federal and California law.

**VEOLIA TRANSPORTATION SERVICES INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

03922/2007-1080.080

1   WHEREFORE, Defendant prays for judgment as follows:

2       1. That the Complaint and each cause of action therein be dismissed with prejudice;

3       2. That Plaintiffs take nothing by way of their unverified complaint herein;

4       1. That Defendant's reasonable attorneys' fees and cost of suit herein be awarded; and

5       2. For such other and further relief as the Court may deem proper.

6

7   Dated: June 17, 2008              MARRON & ASSOCIATES

8

9                          By:
                          Paul Marron, Esq.

10                       Andre Y. Bates, Esq.
                       George E. Weber, Esq.

11                       Attorneys for Defendants SuperShuttle
                       International, Inc., SuperShuttle Franchise

12                       Corporation, and Veolia Transportation
                       Services, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VEOLIA TRANSPORTATION SERVICES INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

03922/2007-1080.080

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California.  I am over the age of 18
4   and not a party to the within action; my business address is 111 West Ocean Blvd., Suite #1925,
Long Beach, California 90802
5

On June 17, 2008 I served the foregoing DOCUMENT described as **ANSWER OF**
6   **DEFENDANT VEOLIA TRANSPORTATION SERVICES, INC. TO PLAINTIFFS'**
**UNVERIFIED COMPLAINT** on the interested parties in this action by placing a true copy
7   thereof enclosed in a sealed envelope addressed as follows:

8

**SEE ATTACHED SERVICE LIST**
9

10  [X] BY MAIL
As follows:  I am "readily familiar" with the firm's practice of collection and processing
11  correspondence for mailing.  Under that practice it would be deposited with U. S. Postal Service
on the same day with postage thereon fully prepared at Long Beach, California in the ordinary
12  course of business.  I am aware that on motion of the party served, service is presumed invalid of
postal cancellation date or postage meter date is more than one day after date of deposit for
13  mailing in affidavit.

14
[ ] PERSONALLY
15      I caused the above described document(s) to be personally served to the addressees on the
attached mailing list.
16

17  [ ] BY FACSIMILE
At the time of transmission I was at least 18 years of age and not a party to this legal
18  proceeding.  On _____, at approximately _____ .m., I transmitted to the parties on the
attached service list the following documents described above,  by facsimile machine, pursuant to
19  rule 2006.   The facsimile machine I used complied with rule 2003(3) and no error was reported by
the machine.  Pursuant to rule 2006(d), I caused the machine to print a transmission record of the
20  transmission, a copy of which is attached to this declaration.

21
I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct.

23      Executed on June 17, 2008 at Long Beach, California.

24

25                                                    _____
Henry Bella
26

27

28                                             1
_____
**PROOF OF SERVICE**

03917/2007-1080.080

1

**SERVICE LIST**

2

3    Aaron Kaufmann, Esq.
     David Progrel, Esq.
4    Hinton, Alfert & Sumner
     1646 N. California Blvd., Suite 600
5    Walnut Creek, CA 94596
     [Attorneys for Plaintiffs]
6

7    Philip Monrad, Esq.
     Beth Ross, Esq.
8    Leonard Carder, LLP
     1330 Broadway, Suite 1450
9    Oakland, CA 94612
     [Attorneys for Plaintiffs]
10

11   Daniel Feinberg, Esq.
     Kirsten Scott, Esq.
12   Lewis, Feinberg, Lee, Renaker & Jackson, P.C.
     1330 Broadway, Suite 1800
13   Oakland, CA 94612
     [Attorneys for Plaintiffs]
14

15   Peter Rukin, Esq.
     Rukin Hyland Doria & Tindall LLP
16   100 Pine Street, Suite 725
     San Francisco, CA 94111
17   [Attorneys for Plaintiffs]

18

19

20

21

22

23

24

25

26

27

28

2

**PROOF OF SERVICE**

03917/2007-1080.080

**EXHIBIT D**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| AARON KAUFMANN 148580/DAVID POGREL 203787<br>HINTON ALFERT & SUMNER<br>1646 N. CALIFORNIA BLVD. SUITE 600<br><br>WALNUT CREEK, CALIFORNIA 94596<br>TELEPHONE NO. 925.932.6006     FAX NO. 925.932.3412<br>ATTORNEY FOR *(Name)*: Plaintiffs | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>MAY – 8 2008<br><br>CLERK OF THE SUPERIOR COURT<br>By Alphonsine Oates, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME:

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG08386463 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount<br>demanded<br>exceeds $25,000) (Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re. arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify)*:  10; See Attachment 4.

5. This case [X] is   [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:

AARON KAUFMANN 148580/DAVID POGREL 203787    ▶
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                               CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book account) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**

MC-025

| SHORT TITLE: Kairy, et al. v. SuperShuttle International, Inc., et al. | CASE NUMBER |
|---|---|

1    ATTACHMENT (Number): 4._____    Page 2___ of 2___
     (This Attachment may be used with any Judicial Council form.)    (Add pages as required)

2    **CAUSES OF ACTION**
3    (1) REIMBURSEMENT OF BUSINESS EXPENSES (Labor Code §2802);
     (2) UNLAWFUL DEDUCTIONS FROM WAGES (Labor Code §§221, 223, 400-410);
4    (3) COERCED PURCHASES (Labor Code §450);
     (4) FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS (Labor Code §§226.7, 512);
5    (5) FAILURE TO PAY MINIMUM WAGE (Labor Code §§1182.11, 1194, 1197);
     (6) FAILURE TO PAY OVERTIME COMPENSATION (Labor Code §§510, 1194);
6    (7) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Labor Code §§226, 226.3);
     (8) FAILURE TO KEEP ACCURATE PAYROLL RECORDS (Labor Code §§1174, 1174.5);
7    (9) WAITING TIME PENALTIES (Labor Code §201-203); and
     (10) VIOLATIONS OF UCL (Business and Professions Code §17200 et seq

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    *(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. January 1, 2007)    **ATTACHMENT
to Judicial Council Form**    Legal
Solutions
& Plus

⌐ Hinton, Alfert & Sumner                  ￢        ⌐ Supershuttle International, Inc.        ￢
  Attn:  Kaufmann, Aaron
  1646 North California Blvd.
  Suite 600
⌊ Walnut Creek, CA   94596-4113           ⌟        ⌊                                        ⌟

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Kairy<br><center>Plaintiff/Petitioner(s)</center><br><center>VS.</center><br>Supershuttle International, Inc.<br><center>Defendant/Respondent(s)</center><br><center>(Abbreviated Title)</center> | <center>No. <u>RG08386463</u></center><br><br><center>NOTICE OF HEARING</center> |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

<center>Complex Determination Hearing<br>Case Management Conference</center>

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/11/2008   TIME:  11:00 AM    DEPARTMENT:  20
LOCATION:  Administration Building, Fourth Floor
                   1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/15/2008   TIME:  11:00 AM    DEPARTMENT:  20
LOCATION:  Administration Building, Fourth Floor
                   1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 05/12/2008                                    Executive Officer / Clerk of the Superior Court

                                       By
                                       _____
                                                                Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/12/2008.

                                       By
                                       _____
                                                                Deputy Clerk