ORIGINAL



1  Andre Y. Bates, Esq., State Bar No. 178170
   MARRON & ASSOCIATES
2  111 W. Ocean Blvd.
   Suite 1925
3  Long Beach, CA 90802
   Telephone (562) 432-7422
4  Facsimile (562) 432-8682
   abates@marrronlaw.com
5
   Attorneys for Defendants SuperShuttle
6  International, Inc.; SuperShuttle Franchise
   Corporation, and Veolia Transportation
7  Services, Inc.



FILED
JUN 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8                  UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10                 OAKLAND DISTRICT

ADR
C08-02993 MEJ

13  ROOSEVELT KAIRY, LARRY BROWN,
    WAYNE DICKSON, AND DRAKE OSMUN,        Case No.:
14  on behalf of themselves, all other similarly
    situated, and the general public,,       DECLARATION OF ANDRE Y. BATES
15                                           IN SUPPORT OF NOTICE OF
                                             REMOVAL
16          Plaintiffs,
         vs.                                 [Filed Concurrently with Notice of Removal
17                                           of Defendant SuperShuttle International,
    SUPERSHUTTLE INTERNATIONAL, INC.;        Inc. and Declaration of Judy Roberson in
18  SUPERSHUTTLE FRANCHISE                   Support of Removal]
    CORPORATION, AND VEOLIA
19  TRANSPORTATION SERVICES, INC., dba
    SUPERSHUTTLE, AND DOES 1 through 20,
20  inclusive,
21
            Defendants.
22

FILE BY FAX

1
DECLARATION OF ANDRE Y. BATES

03942/2007-1080.080

I, Andre Y. Bates, declare as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice in the United States District Court for the Northern District of California. I am an associate with the law firm of Marron & Associates, counsel of record for defendants SuperShuttle International, Inc., SuperShuttle Franchise Corporation and Veolia Transportation Services, Inc. (collectively "Defendants") in this action. By virtue of my representation of Defendants, I have have personal knowledge of the facts set forth below and could and would competently testify to those facts if called to do so.

2. I have reviewed the complaint in this case as well as the declaration of Judy Robertson submitted in support of SuperShuttle International's Notice of Removal.

3. I have calculated Plaintiffs' alleged damages based on the allegations in the complaint for the Second and Seventh causes of action. SuperShuttle International specifically denies that Plaintiff is entitled to any relief whatsoever, these calculations are made solely for the purposes of determining compliance with the amount in controversy requirement contained in 28 U.S.C. §1332 (d)(2).

4. I have generally calculated the alleged statutory damages for Plaintiffs for the Second and Seventh causes of action for the period of May 8, 2004 to the present. These calculations are based on Plaintiffs' position that the four-year statute of limitations under California Business and Professions Code Section 17200 et al. is applicable to their claims for alleged violations of the California Labor Code. SuperShuttle International specifically denies that the four year statute of limitations applies to these alleged violations.

5. Plaintiffs' Second Cause of Action for Unlawful Deductions from Wages pursuant to California Labor Code Sections 221 and 223 provides for statutory penalties to be calculated as

2
**DECLARATION OF ANDRE Y. BATES**

03932/2007-1080.080

follows pursuant to Labor Code Section 225.5: $100 penalty for initial violation times total number of putative class members (732), $73,200; plus $200 for each subsequent violation per pay period, times the number of assumed pay periods per year ,times the number of franchisees per year (for 2004: $200 x 228 drivers x 14 pay periods; for 2005: $200 x 230 drivers x 24 pay periods; for 2006: $200 x 317 drivers x 24 pay periods; for 2007: $200 x 330 drivers x 24 pay periods; for 2008: $200 x 328 drivers x 9 pay periods) for a total of $5,390,400.

6. Plaintiffs' Seventh Cause of Action for Failure to Furnish Accurate Wage Statements pursuant to California Labor Code Sections 226 provides for statutory penalties of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)." Damages under this section would be between $2,928,000 and $2,670,350, calculated as follows: it is assumed that every putative class member is entitled to the maximum penalty of $4,000, the total amount of damages under this section would be $2,928,000. The lower figure of $2,670,350 is arrived at by taking the number of drivers each year, multiplying that number by $50 (for 2004: $50 x 228 drivers; for 2005: $50 x 230 drivers; for 2006: $50 x 317 drivers; for 2007: $50 x 330 drivers; for 2008: $50 x 328 drivers) for a total of $71,150, that amount is added to the amount of $100 x the number of drivers each year x the remaining number of pay periods (for 2004: $100 x 228 drivers x 13 pay periods; for 2005: $100 x 230 drivers x 23 pay periods; for 2006: $100 x 317 drivers x 23 pay periods; for 2007: $100 x 330 drivers x 23 pay periods; for 2008: $100 x 328 drivers x 8 pay periods), totaling $2,575,700.

7. The statutory damages sought by Plaintiffs in the Second and Seventh Causes of action alone total between $8,108,750 and $8,366,400. These calculations above do not take into

3
DECLARATION OF ANDRE Y. BATES

03932/2007-1080.080

consideration any of the other damages sought by Plaintiffs in their eight remaining causes of action and no calculation has been attempted in light of the fact that the jurisdictional minimum amount in controversy is satisfied by the foregoing.

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of June, 2008 in Long Beach, California.

Andre Y. Bates

4
**DECLARATION OF ANDRE Y. BATES**

03932/2007-1080.080