1  Andre Y. Bates, Esq., State Bar No. 178170
   MARRON & ASSOCIATES
2  111 W. Ocean Blvd.
   Suite 1925
3  Long Beach, CA 90802
   Telephone (562) 432-7422
4  Facsimile (562) 432-8682
   abates@marronlaw.com
5
   Attorneys for Defendants SuperShuttle
6  International, Inc.; SuperShuttle Franchise
   Corporation, and Veolia Transportation
7  Services, Inc.

8                UNITED STATES DISCTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11

12

13  ROOSEVELT KAIRY, LARRY BROWN,          Case No.: 08-cv-02993-MEJ
    WAYNE DICKSON, AND DRAKE OSMUN,
14  on behalf of themselves, all other similarly   Assigned to the Honorable
    situated, and the general public,             Judge Maria-Elena James
15
16          Plaintiffs,                  **CERTIFICATE OF SERVICE OF
                                         NOTICE TO ADVERSE PARTIES OF
        vs.                              REMOVAL TO FEDERAL COURT**
17
18  SUPERSHUTTLE INTERNATIONAL, INC.;
    SUPERSHUTTLE FRANCHISE
19  CORPORATION, AND VEOLIA
    TRANSPORTATION SERVICES, INC., dba
20  SUPERSHUTTLE, and DOES 1 through 20,
    inclusive,
21
22          Defendants.

23

24      Henry Bella certifies and declares as follows:

25      My business address is 111 W. Ocean Blvd., Suite 1925, Long Beach, California 90802,

26  which is located in the city, county and state where the mailing described below took place.

27
                                    1
28
─────────────────────────────────────────────────────────────
**CERTIFICATE OF SERVICE RE NOTICE OF REMOVAL TO FEDERAL COURT – 08-cv-02993-MEJ**

03938/2007-1080.080

1        On June 19, 2008 I deposited in the United States Mail at Long Beach, California, a copy

2 of the Notice to Adverse Parties of Removal to Federal Court dated June 17, 2008, Order Setting

3 Case Management Conference, Joint Case Management Statement and [proposed] Case

4 Management Order form, consent/request for reassignment form and the attached Discovery and

5 Dispute Procedures, Order Setting Initial Case Management Conference and ADR Deadlines, and

6 Standing-order for All Judges of the Northern District of California, copies of which are attached

7 to this certificate.

8

9        I declare under penalty of perjury that the foregoing is true and correct.

10        Executed on June 19, 2008 at Long Beach, California.

11

12                                    Henry Bella

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**CERTIFICATE OF SERVICE RE NOTICE OF REMOVAL TO FEDERAL COURT – 08-cv-02993-MEJ**

03938/2007-1080.080

1 | Paul Marron, Esq., State Bar No. 128245
Andre Y. Bates, Esq., State Bar No. 178170
2 | George E. Weber, Esq., State Bar No. 220592
MARRON & ASSOCIATES
3 | 111 W. Ocean Blvd.
Suite 1925
4 | Long Beach, CA 90802
(562) 432-7422
5 |
Attorneys for Defendants SuperShuttle
6 | International, Inc., SuperShuttle Franchise
Corporation, and Veolia Transportation
7 | Services, Inc.

8 |

9 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF ALAMEDA

11 |

| ROOSEVELT KAIRY, LARRY BROWN, | Case No.: RGO8386463 |
| WAYNE DICKSON, AND DRAKE OSMUN, | |
| on behalf of themselves, all other similarly | **NOTICE TO ADVERSE PARTIES OF** |
| situated, and the general public, | **REMOVAL TO FEDERAL COURT** |
| | |
| Plaintiffs, | Action Filed:    May 8, 2008 |
| vs. | |
| | |
| SUPERSHUTTLE INTERNATIONAL, INC.; | |
| SUPERSHUTTLE FRANCHISE | |
| CORPORATION, AND VEOLIA | |
| TRANSPORTATION SERVICES, INC., dba | |
| SUPERSHUTTLE, and DOES 1 through 20, | |
| inclusive, | |
| | |
| Defendants. | |

        TO PLAINTIFFS ROOSEVELT KAIRY, LARRY BROWN, WAYNE DICKSON, AND

DRAKE OSMUN, AND THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE THAT a Notice of removal of this action was filed in the United

States District Court for the Northern District of California on June 17, 2008 under Federal Case

039352007-1080.080

1  Number 08-cv-02993-MEJ.

2      A copy of the said Notice of Removal, the Declarations of Andre Y. Bates and Judy

3  Robertson are attached to this Notice, and is served and filed herewith.

4

5  Dated: June 19, 2008                    MARRON & ASSOCIATES

6

7                                          By: _____

8                                          Paul Marron, Esq.
                                           Andre Y. Bates, Esq.
                                           George E. Weber, Esq.
9                                          Attorneys for Defendants SuperShuttle
                                           International, Inc., SuperShuttle Franchise
10                                         Corporation, and Veolia Transportation
                                           Services, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    2
              **NOTICE OF REMOVAL TO FEDERAL COURT**

039352007-1080.080

ⓒCOPY

1  Andre Y. Bates, Esq., State Bar No. 178170
   MARRON & ASSOCIATES
2  111 W. Ocean Blvd.
   Suite 1925
3  Long Beach, CA 90802
   Telephone (562) 432-7422
4  Facsimile (562) 432-8682
   abates@marronlaw.com
5
   Attorneys for Defendants SuperShuttle
6  International, Inc.; SuperShuttle Franchise
   Corporation, and Veolia Transportation
7  Services, Inc.

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   OAKLAND DISTRICT

11

12 ROOSEVELT KAIRY, LARRY BROWN,        Case No. C08-02993
   WAYNE DICKSON, AND DRAKE OSMUN,
13 on behalf of themselves, all other similarly    NOTICE OF REMOVAL OF
14 situated, and the general public,,              DEFENDANT SUPERSHUTTLE
                                                   INTERNATIONAL, INC.
15              Plaintiffs,
                                        [Filed Concurrently with Declaration of
16        vs.                           Judy Roberson in Support of Removal and
                                        Declaration of Andre Y. Bates in Support of
17 SUPERSHUTTLE INTERNATIONAL, INC.;    Removal]
   SUPERSHUTTLE FRANCHISE
18 CORPORATION, AND VEOLIA
   TRANSPORTATION SERVICES, INC., dba
19 SUPERSHUTTLE, AND DOES 1 through 20,
20 inclusive,

21              Defendants.

22

23

24      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

25 NORTHERN DISTRICT OF CALIFORNIA.

26      PLEASE TAKE NOTICE THAT defendant SuperShuttle International, Inc. hereby

27 removes to this Court the state-court action described below.

28                                  1
                          NOTICE OF REMOVAL

03937/2007-1080.080

1.     On May 8, 2008 an action was commenced in the Superior Court of California in and for the County of Alameda, entitled <u>Roosevelt Kairy, Larry Brown, Wayne Dickson, And Drake Osmun v. SuperShuttle International, Inc., SuperShuttle Franchise Corporation and Veolia Transportation Services, Inc., dba Supershuttle</u>, case number RG08386463. A true and correct copy of the Summons and Complaint ("Complaint") filed on May 8, 2008 is attached hereto as Exhibit A. SuperShuttle International, SuperShuttle Franchise and Veolia Transportation Services filed their Answer to Plaintiffs' Complaint on June 17, 2008. A true and correct copy of the Answer of SuperShuttle International and SuperShuttle Franchise is attached hereto as Exhibit B. A true and correct copy of the Answer of Veolia Transportation Services is attached hereto as Exhibit C. All other documents served on Defendants are attached as Exhibit D.

2.     SuperShuttle International, SuperShuttle Franchise and Veolia Transportation Services were served with the Summons and Complaint in this matter on May 19, 2008. This Notice of Removal is being filed within 30 days of service and therefore Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) and 28 U.S.C. §1453(b).

3.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1446(b) and 28 U.S.C. §1453(b) in that it is a class action where one plaintiff is diverse from one defendant and the amount in controversy exceeds the sum of $5,000,000.

**Diversity of Citizenship**

4.     The Complaint alleges that Plaintiffs are residents of Alameda, Contra Costa, Sacramento and Los Angeles counties in the State of California. (See Complaint ¶¶ 6-9).

5.     SuperShuttle International is a Delaware corporation, incorporated under the laws

2

<u>NOTICE OF REMOVAL</u>

1  of the State of Delaware. (See Complaint ¶ 10). Its corporate headquarters and principal place of

2  business is located in Scottsdale, Arizona. (Declaration of Judy Robertson in Support of Notice of

3  Removal, filed concurrently herewith, ¶ 2). Therefore, SuperShuttle International is a citizen of

4  the States of Delaware and Arizona for diversity of citizenship purposes. 28 U.S.C. §1332(c).

5
6          6.      Accordingly, there is diversity of citizenship between one plaintiff and one

7  defendant pursuant to 28 U.S.C. §1332(d)(2).

8          **Jurisdictional Amount**

9          7.      Plaintiffs' allegations in the Complaint satisfy the jurisdictional amount in

10  controversy requirement of $5,000,000. Plaintiffs' alleged statutory damages based on the

11  allegations in the complaint for the Second and Seventh causes of action total between $8,108,750

12  and $8,366,400, which does not take into consideration any of the other damages sought by

13  Plaintiffs in their eight remaining causes of action. (Declaration of Andre Y. Bates in Support of

14  Notice of Removal, filed concurrently herewith, ¶ 7).

15
16          **Intradistrict Venue**

17          8.      Intradistrict venue is appropriate in the Oakland Division of this Court because this

18  action is removed from the Superior Court of the State of California in and for the County of

19  Alameda.

20  Dated: June 17, 2008                          MARRON & ASSOCIATES

21
22                                                By: _____
23                                                Andre Y. Bates, Esq.
                                                  Attorneys for Defendants SuperShuttle
24                                                International, Inc., SuperShuttle Franchise
                                                  Corporation, and Veolia Transportation
25                                                Services, Inc.

26
27
28                                        3
                                  **NOTICE OF REMOVAL**

03937/2007-1080.080

.

.

**EXHIBIT A**

5/19/08 → 2 30P

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUPERSHUTTLE INTERNATIONAL, INC.; SUPERSHUTTLE
FRANCHISE CORPORATION and VEOLIA TRANSPORTATION
SERVICES, INC., d.b.a. SUPERSHUTTLE,
and

DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROOSEVELT KAIRY, LARRY BROWN, WAYNE DICKSON, and DRAKE
OSMUN, on behalf of themselves, all others similarly
situated, and the general public

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

MAY - 8 2008

CLERK OF THE SUPERIOR COURT
By Alphonsine Oales, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court
1225 Fallon Street

Oakland, California 94612

**CASE NUMBER:**
*(Número del Caso):*
RG08388463

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
AARON KAUFMANN 148580/DAVID POGREL 203787          925.932.6006          925.932.3412
HINTON ALFERT & SUMNER
1646 N. CALIFORNIA BLVD. SUITE 600, WALNUT CREEK, CALIFORNIA 94596
ADDITIONAL COUNSEL LISTED ON ATTACHED PAGE

DATE: MAY - 8 2008          PAT S. SWEETEN          Clerk, by _____, Deputy
*(Fecha)*          *(Secretaria)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Supershuttle International, Inc.

under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)          [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Ca Plus

Code of Civil Procedure §§ 412.20, 465

| PETITIONER/PLAINTIFF. ROOSEVELT KAIRY, LARRY BROWN, WAYNE DICK | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT. | |

## ADDITIONAL COUNSEL FOR PLAINTIFFS

Philip Monrad, Esq., SBN 151073
Beth Ross, Esq., SBN 141337
**LEONARD CARDER, LLP**
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
E-mail: pmonrad@leonardcarder.com
E-mail: bross@leonardcarder.com

Daniel Feinberg, Esq., SBN 135983
Kirsten Scott, Esq., SBN 253464
**LEWIS, FEINBERG, LEE, RENAKER**
**& JACKSON, P.C.**
1330 Broadway, Suite 1800
Oakland, California 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
E-mail: DFeinberg@lewisfeinberg.com
E-mail: kscott@lewisfeinberg.com

Peter Rukin, Esq., SBN 178336
**RUKIN HYLAND DORIA & TINDALL LLP**
100 Pine Street, Suite 725
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
E-mail: peterrukin@rhdtlaw.com

Legal
Solutions
& Plus

1    Aaron Kaufmann, Esq., SBN 148580
     David Pogrel, Esq., SBN 203787
2    HINTON, ALFERT & SUMNER
     1646 N. California Blvd., Suite #600
3    Walnut Creek, CA 94596
     Telephone: (925) 932-6006
4    Facsimile: (925) 932-3412
     E-mail: kaufmann@hinton-law.com
5    E-mail: pogrel@hinton-law.com

6    Philip Monrad, Esq., SBN 151073
     Beth Ross, Esq., SBN 141337
7    LEONARD CARDER, LLP
     1330 Broadway, Suite 1450
8    Oakland, CA 94612
     Telephone: (510) 272-0169
9    Facsimile: (510) 272-0174
     E-mail: pmonrad@leonardcarder.com
10   E-mail: bross@leonardcarder.com

11

12   Attorneys for PLAINTIFFS
     Additional Counsel Listed on Next Page

                        ENDORSED
                         FILED
                     ALAMEDA COUNTY

                       MAY -- 8 2008

                CLERK OF THE SUPERIOR COURT
                   By Alphonsine Oates, Deputy

13              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                        FOR THE COUNTY OF ALAMEDA

15   ROOSEVELT KAIRY, LARRY BROWN,          CLASS ACTION
     WAYNE DICKSON, and DRAKE OSMUN,
16   on behalf of themselves, all others similarly   Case No.    RG08386463
     situated, and the general public,
17                                          COMPLAINT
18              Plaintiffs,
                                            (1) REIMBURSEMENT OF BUSINESS
19        v.                                    EXPENSES (Labor Code §2802);
                                            (2) UNLAWFUL DEDUCTIONS FROM WAGES
20   SUPERSHUTTLE INTERNATIONAL, INC.;          (Labor Code §§221, 223, 400-410);
     SUPERSHUTTLE FRANCHISE               (3) COERCED PURCHASES (Labor Code §450);
21   CORPORATION and VEOLIA                 (4) FAILURE TO PROVIDE OFF-DUTY MEAL
     TRANSPORTATION SERVICES, INC., d.b.a.      PERIODS (Labor Code §§226.7, 512);
22   SUPERSHUTTLE, and DOES 1 through 20,   (5) FAILURE TO PAY MINIMUM WAGE (Labor
     inclusive,                                 Code §§1182.11, 1194, 1197);
23                                          (6) FAILURE TO PAY OVERTIME
                Defendants.                     COMPENSATION (Labor Code §§510, 1194);
24                                          (7) FAILURE TO FURNISH ACCURATE WAGE
                                                STATEMENTS (Labor Code §§226, 226.3);
25                                          (8) FAILURE TO KEEP ACCURATE PAYROLL
                                                RECORDS (Labor Code §§1174, 1174.5);
26                                          (9) WAITING TIME PENALTIES
                                                (Labor Code §201-203); and
27                                          (10) VIOLATIONS OF UCL
                                                (Business and Professions Code §17200 et seq.)
28

1     Additional Counsel for Plaintiffs

2     Daniel Feinberg, Esq., SBN 135983
      Kirsten Scott, Esq., SBN 253464
3     LEWIS, FEINBERG, LEE, RENAKER
         & JACKSON, P.C.
4     1330 Broadway, Suite 1800
      Oakland, California  94612
5     Telephone: (510) 839-6824
      Facsimile:  (510) 839-7839
6     E-mail: DFeinberg@lewisfeinberg.com
      E-mail: kscott@lewisfeinberg.com
7
      Peter Rukin, Esq., SBN 178336
8     RUKIN HYLAND DORIA & TINDALL LLP
      100 Pine Street, Suite 725
9     San Francisco, CA 94111
      Telephone: (415) 421-1800
10    Facsimile:  (415) 421-1700
      E-mail: peterrukin@rhdtlaw.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1       1.     PLAINTIFFS Roosevelt Kairy, Larry Brown, Wayne Dickson, and Drake Osmun

2    allege as follows on behalf of themselves and all others similarly situated:

3                  **I.    INTRODUCTION**

4       2.     This is an action for relief from defendants' unlawful misclassification of its

5    California shuttle drivers as "franchisees" and "independent contractors." SUPERSHUTTLE

6    INTERNATIONAL, INC., SUPERSHUTTLE FRANCHISE CORPORATION and VEOLIA

7    TRANSPORTATION SERVICES, INC., dba "SuperShuttle" and their affiliates (collectively

8    "SUPERSHUTTLE" or "DEFENDANTS") are in the airport and charter transport business, and

9    employ PLAINTIFFS and similarly situated drivers for the pick up and drop off of passengers and

10   their possessions. DEFENDANTS exercise pervasive control over their transport operations,

11   including over PLAINTIFFS and similarly situated drivers, such that the drivers operating in

12   California are in fact DEFENDANTS' employees under California law.

13       3.     By misclassifying their drivers as independent contractors and/or franchisees,

14   DEFENDANTS have sought to avoid various duties and obligations owed to employees under

15   California's Labor Code and the Industrial Welfare Commission ("IWC") wage orders, including:

16   the duty to indemnify employees for all necessary expenses and losses incurred in connection with

17   their employment (Cal. Labor Code §2802; IWC wage order No. 9, §§ 8-9); the duty to provide

18   off-duty meal periods (Cal. Labor Code §§ 512, 226.7; IWC wage order No. 9, § 11); the duty to

19   avoid deductions form wages (Cal. Labor Code §§ 221, 223, 400 et seq., IWC wage order No. 9, §

20   8); the duty to avoid coercion in purchase of necessary equipment, materials, and services (Cal.

21   Labor Code § 450); the duties to pay minimum wage, overtime premium pay, and to document

22   their actual hours worked (Cal. Labor Code §§ 226, 510, 512, 1174, 1182.11, 1194, 1197; IWC

23   wage order No. 9, §§ 3, 4, 7, Minimum Wage Order); and other legal obligations.

24       4.     PLAINTIFFS Kairy, Brown, Dickson, and Osmun bring claims individually and as

25   a class action, under Cal. Code of Civil Procedure § 382, on behalf of similarly situated airport

26   shuttle drivers working from DEFENDANTS' California facilities (collectively hereinafter

27   "Drivers" or "Class Members"). PLAINTIFFS challenge DEFENDANTS' policy of willfully and

28   unlawfully misclassifying its Drivers as "independent contractors" and/or "franchisees" and

1    thereby refusing to indemnify them for employment-related expenses and losses, taking wrongful

2    deductions from their wages, coercing them to purchase necessary services and items, failing to

3    provide off-duty meal periods, failing to pay minimum wage and overtime compensation, and

4    failing to document actual hours worked as required by California law. This misclassification

5    policy has been in effect for at least four years prior to the filing of this action.

6        5.    PLAINTIFFS Kairy, Brown, Dickson, and Osmun, on behalf of themselves and

7    other current and former Drivers, bring claims for reimbursement of business expenses and losses,

8    reimbursement of deductions wrongfully taken from wages, meal period pay, unpaid minimum

9    wage and overtime compensation, statutory penalties, interest, and attorneys' fees and costs, under

10   Cal. Labor Code §§ 203, 218.5, 226.7, 1194, and 2802, and Code of Civil Procedure § 1021.5.

11   PLAINTIFFS also seek relief on behalf of the Class and in a representative capacity, pursuant to

12   Cal. Business and Professions Code §§ 17200-17208 (also referred to herein as the "UCL"),

13   including injunctive relief, restitution, and disgorgement of all benefits DEFENDANTS have

14   enjoyed from the unlawful practices referenced above and detailed below. These class and

15   representative action claims are brought on behalf of PLAINTIFFS and all current and former

16   similarly situated Drivers employed by DEFENDANTS during the period commencing four years

17   prior to the filing of this action (the "Class Period").

18                              II.    **PARTIES**

19   A.    **Plaintiffs**

20       6.    Plaintiff Roosevelt Kairy resides in Oakland, California (Alameda County). He has

21   been a driver for SUPERSHUTTLE from approximately May 1997 to the present. Throughout his

22   tenure as a SUPERSHUTTLE driver he has been based out of DEFENDANTS' facilities in

23   Burlingame, California (San Mateo County), performing services for DEFENDANTS throughout

24   the San Francisco Bay Area, including in Alameda County.

25       7.    Plaintiff Larry Brown resides in Los Angeles, California (Los Angeles County). He

26   drove for SUPERSHUTTLE from approximately July 1995 until approximately June 19, 2005.

27   Throughout his tenure as a SUPERSHUTTLE driver he was based out of DEFENDANTS'

28

1    facilities in Los Angeles, California (Los Angeles County), performing services for

2    DEFENDANTS throughout DEFENDANTS' Los Angeles region.

3        8.    Plaintiff Wayne Dickson resides in Sacramento, California (Sacramento County).

4    He drove for SUPERSHUTTLE from approximately 2004 until August 2007.  Throughout his

5    tenure as a SUPERSHUTTLE driver he was based out of DEFENDANTS' facilities in

6    Sacramento, California (Sacramento County), performing services for DEFENDANTS throughout

7    DEFENDANTS' Sacramento region.

8        9.    Plaintiff Drake Osmun resides in Concord, California (Contra Costa County).  He

9    has been a driver for SUPERSHUTTLE from approximately 1988 to 1990 and February 2001 to

10   the present.  Throughout his tenure as a SUPERSHUTTLE driver he has been based out of

11   DEFENDANTS' facilities in Burlingame, California (San Mateo County), performing services for

12   DEFENDANTS throughout the San Francisco Bay Area, including in Alameda County.

13   **B.    DEFENDANTS**

14       10.   Defendant SuperShuttle International, Inc. ("SSI") is incorporated under the laws of

15   Delaware.  According to its website, it is "the nation's leading shared-ride airport shuttle, providing

16   door-to-door ground transportation to more than 8 million passengers per year."  Defendant SSI is

17   and at all relevant times has been an employer covered by the Cal. Labor Code and IWC wage

18   order No. 9.

19       11.   Defendant SuperShuttle Franchise Corporation ("SSFC") is incorporated under the

20   laws of Delaware.  Defendant SSFC is and at all relevant times has been an employer covered by

21   the Cal. Labor Code and IWC wage order No. 9.

22       12.   Defendant Veolia Transportation Services, Inc. ("VEOLIA") is incorporated under

23   the laws of Maryland.  It describes itself as "the largest private transportation provider in the US."

24   Defendant VEOLIA is and at all relevant times has been an employer covered by the Cal. Labor

25   Code and IWC wage order No. 9

26       13.   The true names and capacities, whether individual, corporate, associate, or

27   otherwise, of defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to

28   PLAINTIFFS, who therefore sue defendants by such fictitious names under Cal. Code of Civil

1    Procedure § 474. PLAINTIFFS are informed and believe, and based thereon allege, that each of
2    the defendants designated herein as a DOE is legally responsible in some manner for the unlawful
3    acts referred to herein. PLAINTIFFS will seek leave of court to amend this Complaint to reflect
4    the true names and capacities of the defendants designated hereinafter as DOES when such
5    identities become known. Hereinafter DEFENDANTS and the DOE defendants shall be referred
6    to collectively as "DEFENDANTS" and/or "SUPERSHUTTLE."

7        14.    PLAINTIFFS are informed and believe, and on such information and belief allege,
8    that each defendant acted in all respects pertinent to this action as the agent of the other defendants,
9    carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of
10   each defendant are legally attributable to the other defendants.

11                    III.    JURISDICTION AND VENUE

12       15.    This Court has subject matter jurisdiction because the total amount of damages
13   sought exceeds $25,000 and the relief requested is within the jurisdiction of this Court.

14       16.    Venue as to DEFENDANTS is proper in the County of Alameda, pursuant to Code
15   of Civil Procedure § 395.5. DEFENDANTS maintain headquarters or other offices, transact
16   business, and/or have agents in Alameda County, and DEFENDANTS are otherwise within this
17   Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a
18   direct effect on PLAINTIFFS and those similarly situated within the State of California and within
19   Alameda County. DEFENDANTS operate numerous services in Alameda County as well as in
20   other counties within the State of California and employ numerous Class Members in Alameda
21   County. Moreover, PLAINTIFFS Roosevelt Kairy and Drake Osmun were employed by
22   Defendants in Alameda County during the Class Period.

23                    IV.    STATEMENT OF FACTS

24       17.    DEFENDANTS operate an airport and charter passenger shuttle service, using an
25   integrated network of transportation, communication, and dispatch facilities.

26       18.    During the Class Period, DEFENDANTS have employed hundreds of Drivers at
27   facilities located in California, including in or about San Francisco, Los Angeles, Sacramento, San
28   Diego, and Orange County to timely pick up and drop off passengers based on times, locations, and

4

1   for amounts determined by DEFENDANTS. The drivers transport passenger to and from most of

2   the major commercial airports in California, including Oakland, SFO, LAX, Sacramento, San

3   Diego, Burbank, Ontario and Orange County. Drivers also transport passengers on charters and

4   certain non-airport runs that are contracted by DEFENDANTS and their customers.

5          19.    DEFENDANTS retain and exercise extensive control over the work of the Drivers.

6   Drivers work within DEFENDANTS' designated geographical areas, which typically surround the

7   major airports in California, and are assigned customers and locations for picking up and dropping

8   off passengers each day. DEFENDANTS employ dispatchers, customer service representatives,

9   and other managerial employees at their terminals and dispatch facilities, all of whom have

10  supervisory responsibility over the Drivers, their daily assignments and paperwork. Drivers

11  interact with DEFENDANTS' personnel throughout their workday and are subject to various types

12  of punishment (financial and/or disciplinary) when they do not follow DEFENDANTS' rules and

13  instructions.

14         20.    DEFENDANTS also control and limit the compensation paid to Drivers.

15  DEFENDANTS unilaterally set the prices charged to their customers for the services rendered by

16  Drivers, and purport to pay Drivers a percentage of the fees DEFENDANTS charge their

17  customers. Drivers have no control over the rates charged to DEFENDANTS' customers, and

18  Drivers are not permitted to pick up passengers independent of DEFENDANTS' dispatch system

19  without DEFENDANTS' consent. Drivers' remuneration entirely depends on their ability to drive

20  their vehicles and to pick up and drop off DEFENDANTS' customers.

21         21.    PLAINTIFFS and similarly situated Drivers have provided services that are an

22  integral part of DEFENDANTS' business enterprise. By providing vehicles with required logos

23  and advertising of DEFENDANTS, by reliably serving DEFENDANTS' customers, by following

24  DEFENDANTS' controlled pick-up and drop-off procedures, by being governed by

25  DEFENDANTS' detailed policies and procedures, and in other material ways, PLAINTIFFS and

26  other Drivers have rendered services to DEFENDANTS that are integral to the DEFENDANTS'

27  passenger transport system.

28  ///

22. Despite DEFENDANTS' pervasive control over all aspects of its passenger transport operations, including the Drivers, DEFENDANTS have uniformly classified and treated the Drivers as "independent contractors" or as "franchisees."

23. DEFENDANTS' classification and treatment of PLAINTIFFS and similarly situated Drivers as "independent contractors" and/or "franchisees" rather than as "employees" is and during all relevant times has been unlawful.

24. As a result of DEFENDANTS misclassifying their Drivers as "independent contractors" and/or "franchisees," they have failed to indemnify the Drivers for employment-related expenses, including the costs of providing their vehicles; all operation costs associated with the vehicle, including fuel, maintenance, repair, cleaning, and licensing; the cost of adorning their vehicles with the specific paint color, SUPERSHUTTLE decals and other required identifying marks; liability and other insurance covering work place injuries; cellular telephone and DEFENDANTS' designated text messaging dispatch system. PLAINTIFFS are informed and on that basis allege that DEFENDANTS have taken deductions from Drivers' compensation to cover many of these employment-related expenses. As a further result of DEFENDANTS misclassifying their Drivers as "independent contractors" and/or "franchisees," DEFENDANTS have taken unlawful deductions from Drivers' compensation for items including but not limited to insurance, dispatch fees, PUCTRA business operating fees, franchise fees, and equipment and uniform fees.

25. As a result of DEFENDANTS misclassifying their Drivers as "independent contractors" and/or "franchisees," DEFENDANTS have regularly failed to provide a 30 minute off-duty meal period to PLAINTIFFS and similarly situated Drivers who worked more than five hours in a day.

26. As a result of DEFENDANTS misclassifying their Drivers as "independent contractors" and/or "franchisees," DEFENDANTS have regularly failed to provide a second 30 minute meal period to PLAINTIFFS and similarly situated Drivers who worked more than 10 hours in a day.

///
///

6
CLASS ACTION COMPLAINT

1    27.    As a result of DEFENDANTS misclassifying their Drivers as "independent

2    contractors" and/or "franchisees," DEFENDANTS have failed to pay minimum wage

3    compensation to PLAINTIFFS and similarly situated Drivers for all hours worked.

4    28.    DEFENDANTS have required and/or knowingly permitted PLAINTIFFS and

5    similarly situated Drivers to work hours considerably in excess of eight hours per day and/or 40

6    hours per week. PLAINTIFFS are informed and believe and on such information and belief allege

7    that it has been DEFENDANTS' policy and practice to require and/or knowingly permit their

8    Drivers to work overtime hours without receiving overtime compensation.

9    29.    As a result of DEFENDANTS misclassifying their Drivers as "independent

10   contractors" and/or "franchisees," DEFENDANTS have willfully and knowingly failed to pay

11   premium overtime compensation to PLAINTIFFS and similarly situated Drivers for hours worked

12   in excess of eight hours per day and/or 40 hours per week.

13   30.    As a result of DEFENDANTS' misclassifying their Drivers as "independent

14   contractors" and/or "franchisees," DEFENDANTS have failed to record the actual hours worked

15   by PLAINTIFFS and similarly situated Drivers during the Class Period.

16   31.    As a result of DEFENDANTS' misclassifying their Drivers as "independent

17   contractors" and/or "franchisees," DEFENDANTS have failed to itemize the total hours worked on

18   wage statements furnished to PLAINTIFFS and similarly situated Drivers.

19   32.    PLAINTIFFS are informed and on that basis allege that, as a result of

20   DEFENDANTS' misclassifying their Drivers as "independent contractors" and/or "franchisees,"

21   DEFENDANTS have not properly maintained payroll records showing the actual hours worked

22   each day by Drivers, including PLAINTIFFS.

23   33.    As a result of DEFENDANTS misclassifying their Drivers as "independent

24   contractors" and/or "franchisees," DEFENDANTS have willfully and knowingly failed to pay

25   PLAINTIFFS and similarly situated Drivers, upon termination of employment, all accrued

26   compensation, including repayment of all unlawful deductions from wages, payment of missed

27   meal period compensation, and payment of minimum wage and overtime compensation.

28   ///

## V.    CLASS ACTION ALLEGATIONS

34.    PLAINTIFFS bring this lawsuit as a class action pursuant to Cal. Code of Civil Procedure § 382 on behalf of themselves and all similarly situated Drivers. The Class PLAINTIFFS seek to represent is defined as:

> All persons who are or have operated as airport shuttle drivers for DEFENDANTS in the State of California (referred to as "Drivers" or "Class Members") during the period commencing four years from the filing of this action through the entry of final judgment in this action.

The claims herein have been brought and may properly be maintained as a class action under Cal. Code of Civil Procedure § 382 because there is a well-defined community of interest among Class Members with respect to the claims asserted herein and the proposed Class is easily ascertainable:

a.    Ascertainability and Numerosity: The potential members of the Class as defined herein are so numerous that joinder would be impracticable. PLAINTIFFS are informed and believe and on such information and belief allege that DEFENDANTS have employed several hundred Drivers in California during the Class Period. The names and addresses of the Class Members are available to the DEFENDANTS. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

b.    Commonality: There are questions of law and fact common to PLAINTIFFS and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

        i.    Whether the Drivers have served DEFENDANTS as employees rather than independent contractors under California law;

        ii.    Whether the Drivers have served DEFENDANTS as employees rather than franchisees under California law;

        iii.    Whether the Drivers have necessarily incurred employment-related expenses and losses in carrying out their duties for DEFENDANTS;

iv. Whether DEFENDANTS have failed to indemnify Drivers for their necessary employment-related expenses and losses in violation of Cal. Labor Code § 2802;

v. Whether DEFENDANTS' failure to indemnify Drivers for their necessary employment-related expenses and losses constitutes an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code §17200, *et seq.*;

vi. Whether DEFENDANTS have made deductions from the compensation paid to DRIVERS in violation of California law;

vii. Whether DEFENDANTS' deductions from Drivers' compensation constitute an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code § 17200 *et seq.*;

viii. Whether DEFENDANTS have coerced or compelled Drivers to patronize DEFENDANTS and/or other companies in the purchase or lease of uniforms, communication equipment, electronic message services, auto insurance, and other items in violation of Cal. Labor Code § 450;

ix. Whether DEFENDANTS' coercion or compelling of Drivers to patronize DEFENDANTS and/or other companies constitutes an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code § 17200 *et seq.*;

x. Whether DEFENDANTS have failed to provide adequate off-duty meal periods and compensation for missed meal periods in violation of Cal. Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 11;

xi. Whether DEFENDANTS' failure to provide adequate off-duty meal periods and meal period compensation constitutes an unlawful,

9
CLASS ACTION COMPLAINT

unfair, and/or fraudulent business practice under Cal. Business &
Professions Code § 17200 *et seq.*;

xii.    Whether DEFENDANTS have required, encouraged, or permitted
Drivers to work in excess of 40 hours per week and/or eight hours
per day;

xiii.    Whether DEFENDANTS knew or should have known that its
Drivers regularly worked over 40 hours per week and/or eight hours
per day;

xiv.    Whether DEFENDANTS have violated IWC wage order No. 9, § 4
and Cal. Labor Code §§ 1194 *et seq.* by their failure to pay Drivers
minimum wage for all hours worked;

xv.    Whether DEFENDANTS' failure to pay Drivers minimum wage for
all hours worked constitutes an unlawful, unfair, and/or fraudulent
business practice under Cal. Business & Professions Code § 17200 *et
seq.*;

xvi.    Whether DEFENDANTS have failed to pay its Drivers overtime
wages for time worked in excess of 40 hours per week and/or eight
hours per day;

xvii.    Whether DEFENDANTS have employed Drivers in a position
subject to, and not exempt from, California's overtime pay and other
wage and hour requirements;

xviii.    Whether DEFENDANTS have violated IWC wage order No. 9, § 3
and Cal. Labor Code §§ 510 and 1194 by their failure to pay Drivers
overtime compensation;

xix.    Whether DEFENDANTS' failure to pay overtime compensation to
Drivers constitutes an unlawful, unfair, and/or fraudulent business
practice under Cal. Business & Professions Code § 17200 *et seq.*;

xx.   Whether DEFENDANTS have knowingly and intentionally failed to provide Drivers with an itemized statement showing total hours worked with each payment of wages, as required by Cal. Labor Code § 226 and IWC wage order No. 9, § 7;

xxi.   Whether DEFENDANTS' failure to provide an itemized statement showing total hours worked with each payment of wages constitutes an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code § 17200 *et seq.*;

xxii.   Whether DEFENDANTS have violated Cal. Labor Code § 1174 and IWC wage order No. 9, § 7 by failing to maintain documentation of the actual hours worked each day by Drivers;

xxiii.   Whether DEFENDANTS' failure to maintain documentation of the actual hours worked each day by Drivers constitutes an unlawful, unfair, and/or fraudulent business practice under Cal. Business & Professions Code § 17200 *et seq.*;

xxiv.   Whether DEFENDANTS have violated Labor Code §§ 201-203 by failing, upon termination, to timely pay Drivers wages that were due for minimum wage, overtime, missed meal periods, and/or wrongful deductions from wages;

xxv.   Whether DEFENDANTS' failure to pay all compensation owed at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200 *et seq.*; and

xxvi.   The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to PLAINTIFFS and the Class alleged herein.

c.   Typicality: PLAINTIFFS' claims are typical of the claims of the Class. DEFENDANTS' common course of unlawful conduct has caused PLAINTIFFS and similarly

11

CLASS ACTION COMPLAINT

1   situated Drivers to sustain the same or similar injuries and damages caused by the same practices of

2   DEFENDANTS. PLAINTIFFS' claims are thereby representative of and co-extensive with the

3   claims of the Class.

4        d.    Adequacy of Representation: PLAINTIFFS are all members of the Class, do

5   not have any conflicts of interest with other Class Members, and will prosecute the case vigorously

6   on behalf of the Class. PLAINTIFFS will fairly and adequately represent and protect the interests

7   of the Class Members. PLAINTIFFS' counsel are competent and experienced in litigating large

8   employment class actions, including large wage and hour class actions.

9        e.    Superiority of Class Action: A class action is superior to other available

10  means for the fair and efficient adjudication of this controversy. Individual joinder of all Class

11  Members is not practicable, and questions of law and fact common to the Class predominate over

12  any questions affecting only individual members of the Class. Each Class Member has been

13  damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policies and/or

14  practices described herein. Because the damages suffered by individual Class Members may be

15  relatively small, albeit significant, the expense and burden of individual litigation make it

16  impractical for most Class Members individually to seek redress for the wrongful conduct alleged.

17  Class action treatment will allow those similarly situated persons to litigate their claims in the

18  manner that is most efficient and economical for the parties and the judicial system.

## VI.  DAMAGES

20  35.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct,

21  PLAINTIFFS and similarly situated Drivers are owed un-reimbursed business expenses plus

22  interest, repayment of unlawfully deducted wages plus interest, minimum wage plus interest and

23  liquidated damages, overtime compensation plus interest, meal period compensation plus interest,

24  waiting time penalties under Cal. Labor Code § 203, other statutory penalties, and punitive

25  damages, the precise amount of which will be proven at trial.

26  ///

27  ///

28  ///

## VII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### REIMBURSEMENT OF BUSINESS EXPENSES
### (CAL. LABOR CODE § 2802)

36.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers employed by DEFENDANTS in California.

37.    While acting on the direct instruction of DEFENDANTS and discharging their duties for them, PLAINTIFFS and similarly situated Drivers have incurred work-related expenses. Such expenses include but are not limited to the purchase or lease of vehicles; fuel, maintenance, and other vehicle operating costs; SUPERSHUTTLE vehicle decals, other markings, and paint; various forms of insurance; communications equipment; electronic message service; and uniforms. PLAINTIFFS and Class Members incurred these substantial expenses and losses as a direct result of performing their job duties for DEFENDANTS.

38.    DEFENDANTS have failed to indemnify or in any manner reimburse PLAINTIFFS and similarly situated Drivers for these expenditures and losses.  By requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for DEFENDANTS and/or in obedience of DEFENDANTS' direction, DEFENDANTS have violated and continue to violate Cal. Labor Code § 2802.

39.    By unlawfully deducting wages and failing to pay PLAINTIFFS and other similarly situated Drivers, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Labor Code §§ 218.5 and 2802(c).

40.    As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS and similarly situated Drivers have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

41.    DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLANTIFFS and Class Members and in conscious disregard of their rights.

42.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

## SECOND CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS FROM WAGES
(CAL. LABOR CODE §§ 221, 223, 400-410, IWC. WAGE ORDER NO. 9)

43.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers employed by DEFENDANTS in California.

44.    Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

45.    Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

46.    Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

47.    IWC wage order No. 9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

48.    These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; or taking deductions from wages for business losses in any form unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee.

/ / /

1        49.    DEFENDANTS have violated Cal. Labor Code §§ 221, 223, and 400-410, and IWC

2    wage order No. 9, § 8 by unlawfully taking deductions from PLAINTIFFS' and Class Members'

3    compensation to cover certain ordinary business expenses of DEFENDANTS, including but not

4    limited to insurance, dispatch fees, PUCTRA business operating fees, franchise fees, and

5    equipment and uniform fees.

6        50.    Because DEFENDANTS made unlawful deductions from Drivers' compensation,

7    they are liable to PLAINTIFFS and Class Members for the compensation that should have been

8    paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221, 223, and 400-410, and

9    IWC wage order No. 9, § 8.

10        51.    By unlawfully deducting wages and failing to pay PLAINTIFFS and other similarly

11    situated Drivers, DEFENDANTS are also liable for reasonable attorneys' fees and costs under

12    Labor Code § 218.5.

13        52.    DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and

14    were committed with the wrongful intent to injure PLANTIFFS and Class Members and in

15    conscious disregard of their rights.

16        53.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

17    as described below.

18                                   **THIRD CAUSE OF ACTION**
                                   **COERCED PURCHASES**

19                          **(CAL. LABOR CODE § 450 ET SEQ.)**

20        54.    The allegations of each of the preceding paragraphs are realleged and incorporated

21    herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves

22    and the above-described Class of similarly situated Drivers employed by DEFENDANTS in

23    California.

24        55.    DEFENDANTS have compelled and/or coerced PLAINTIFFS and Class Members

25    to patronize DEFENDANTS by requiring PLAINTIFFS and Class Members to lease or purchase

26    certain items, including but not limited to data communication equipment and services, uniforms,

27    and other items directly from DEFENDANTS and/or other companies in violation of Cal. Labor

28    Code § 450.

1     56.     DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and

2     were committed with the wrongful intent to injure PLANTIFFS and Class Members and in

3     conscious disregard of their rights.

4     57.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

5     as described below.

6                                   **FOURTH CAUSE OF ACTION**
                        **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS**
7                   **(CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9)**

8     58.     The allegations of each of the preceding paragraphs are realleged and incorporated

9     herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves

10    and the above-described Class of similarly situated Drivers employed by DEFENDANTS in

11    California.

12    59.     PLAINTIFFS and similarly situated Drivers have regularly worked in excess of five

13    (5) hours a day without being afforded at least a half-hour meal period in which they were relieved

14    of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, §

15    11(A).

16    60.     Because DEFENDANTS failed to afford proper meal periods, they are liable to

17    PLAINTIFFS and similarly situated Drivers for one hour of additional pay at the regular rate of

18    compensation for each workday that the proper meal periods were not provided, pursuant to Cal.

19    Labor Code § 226.7(b) and IWC wage order No. 9, § 11(B).

20    61.     By violating Cal Labor Code §§ 226.7 and 512, and IWC wage order No. 9, § 11,

21    DEFENDANTS are also liable for reasonable attorneys' fees and costs under Cal. Labor Code §

22    218.5.

23    62.     DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and

24    were committed with the wrongful intent to injure PLANTIFFS and Class Members and in

25    conscious disregard of their rights.

26    63.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

27    as described below.

28    / / /

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGE**
**(CAL. LABOR CODE §§ 1182.11, 1194 ET SEQ., IWC WAGE ORDER NO. 9, MINIMUM WAGE ORDER)**

64. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers employed by DEFENDANTS in California.

65. At all times relevant to this complaint, Labor Code §§ 1182.11 and 1197, Wage Order 9-2001, and the Minimum Wage Order were in full force and effect and required that DEFENDANTS' nonexempt employees receive the minimum wage for all hours worked irrespective of whether nominally paid on an hourly, piece rate, or any other basis, at the rate $6.75 per hour commencing January 1, 2002, $7.50 per hour commencing January 1, 2007, and $8.00 per hour commencing January 1, 2008.

66. At various times throughout the relevant statutory period, DEFENDANTS have caused PLAINTIFFS and Class Members to incur expenses and deductions that contributed to DEFENDANTS failing to pay minimum wages for all hours worked, as required by law.

67. As a direct and proximate result of the acts and/or omissions of DEFENDANTS PLAINTIFFS and Class Members have been deprived of minimum wages due in amounts to be determined at trial, and to additional amounts as liquidated damages, pursuant to Labor Code §§ 1194 and 1194.2.

68. By violating Cal Labor Code §§ 1182.11 and 1197, IWC wage order No. 9, § 4, and the Minimum Wage Order, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Cal. Labor Code § 1194.

69. DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLAINTIFFS and Class Members and in conscious disregard of their rights.

70. PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

17
CLASS ACTION COMPLAINT

**SIXTH CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME COMPENSATION**
**(CAL. LABOR CODE §§ 510, 1194 ET SEQ., IWC WAGE ORDER NO. 9.)**

71.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers employed by DEFENDANTS in California.

72.     By failing to pay overtime compensation to PLAINTIFFS and similarly situated Drivers as alleged above, DEFENDANTS have violated and continue to violate Cal. Labor Code § 510 and IWC wage order No. 9, § 3, which require overtime compensation for non-exempt employees.

73.     By failing to maintain adequate time records as required by Cal. Labor Code § 1174(d) and IWC wage order No. 9, § 7(A), DEFENDANTS have made it difficult to calculate the overtime compensation due to PLAINTIFFS and similarly situated Drivers.

74.     As a result of DEFENDANTS' unlawful acts, PLAINTIFFS and similarly situated Drivers have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Cal. Labor Code § 1194.

75.     By violating Cal. Labor Code § 510, DEFENDANTS are liable for civil penalties and attorneys' fees and costs under Cal. Labor Code §§ 558, 1194 and 1197.1.

76.     DEFENDANTS' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure PLANTIFFS and Class Members and in conscious disregard of their rights.

77.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**(CAL. LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 9)**

78.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves

1    and the above-described Class of similarly situated Drivers employed by DEFENDANTS in

2    California.

3        79.    Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers

4    semi-monthly or at the time of each payment of wages to furnish each employee with a statement

5    itemizing, among other things, the total hours worked by the employee.  Cal. Labor Code § 226(b)

6    provides that if an employer knowingly and intentionally fails to provide a statement itemizing,

7    among other things, the total hours worked by the employee, then the employee is entitled to

8    recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one

9    hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

10       80.    DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFFS and

11   similarly situated Drivers with timely, itemized statements showing the total hours worked, as

12   required by Cal. Labor Code § 226(a) and IWC wage order No 9, § 7(B).  As a result,

13   DEFENDANTS are liable to PLAINTIFFS and similarly situated Drivers for the amounts provided

14   by Cal. Labor Code § 226(b).

15       81.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

16   as described below.

17                          **EIGHTH CAUSE OF ACTION**
                  **FAILURE TO KEEP ACCURATE PAYROLL RECORDS**
18         **(CAL. LABOR CODE §§ 1174 & 1174.5; IWC WAGE ORDER NO. 10)**

19       82.    The allegations of each of the preceding paragraphs are realleged and incorporated

20   herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves

21   and the above-described Class of similarly situated Drivers employed by DEFENDANTS in

22   California.

23       83.    DEFENDANTS have violated Cal. Labor Code § 1174 and IWC wage order No. 9,

24   § 7(A) by willfully failing to keep required payroll records showing the actual hours worked each

25   day by PLAINTIFFS and similarly situated Drivers. As a direct and proximate result of

26   DEFENDANTS' failure to maintain payroll records, PLAINTIFFS and similarly situated Drivers

27   have suffered actual economic harm as they have been precluded from accurately monitoring the

28   number of hours worked and thus seeking all accrued overtime pay.

84.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

### NINTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (CAL. LABOR CODE §§ 201, 202 & 203)

85.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers employed by DEFENDANTS in California.

86.    Cal. Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

87.    Cal. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

88.    Cal. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

89.    DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid meal period compensation, unpaid minimum wage pay, unpaid overtime pay and sums wrongfully deducted from compensation, to PLAINTIFFS and similarly situated Drivers whose employment terminated. As a result, DEFENDANTS are liable to PLAINTIFFS and similarly situated Drivers for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under Cal. Labor Code §§ 203 and 256.

90.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

///

///

///

**TENTH CAUSE OF ACTION**
**VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
**(CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)**

91.     The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described Class of similarly situated Drivers and in a representative capacity under Cal. Business and Professions Code § 17204.

92.     Cal. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

93.     Cal. Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

94.     Beginning at an exact date unknown to PLAINTIFFS, but at least four years prior to the filing of this action, DEFENDANTS have improperly, fraudulently, and unlawfully classified its Drivers as "independent contractors" and have thereby committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

      a.     failing to indemnify PLAINTIFFS and similarly situated Drivers for employment-related business expenses and losses;

      b.     improperly and unlawfully making deductions from Drivers' compensation because of cash shortages, breakage, equipment loss, and other work-related expenses and losses not attributable to the Drivers' dishonest or willful act, or to the gross negligence of the Drivers, as described above;

      c.     failing and refusing to provide meal periods to PLAINTIFFS and similarly situated Drivers;

      d.     unlawfully deducting money from wages owed to PLAINTIFFS and similarly situated Drivers;

      e.     coercing or compelling PLAINTIFFS and similarly situated Drivers to patronize DEFENDANTS and allied companies;

21

1     f. failing to pay minimum wage and overtime compensation to PLAINTIFFS

2 and similarly situated Drivers;

3     g. failing to provide accurate itemized wage statements to PLAINTIFFS and

4 similarly situated Drivers;

5     h. failing to maintain payroll records showing the actual hours worked each

6 day by PLAINTIFFS and similarly situated Drivers;

7     i. failing to pay all accrued minimum wage, overtime and meal period

8 compensation and failing to repay unlawfully deducted commissions to Drivers upon termination

9 of their employment; and

10     j. by intentionally, recklessly and/or negligently misrepresenting to

11 PLAINTIFFS and similarly situated Drivers the true nature of their employment status.

12 The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and

13 practices for purposes of Cal. Business and Professions Code § 17200.

14   95. As a direct and proximate result of DEFENDANTS' unlawful, unfair, and/or

15 fraudulent acts and practices described herein, DEFENDANTS have received and continue to hold

16 ill-gotten gains belonging to PLAINTIFFS and Class Members.  As a direct and proximate result of

17 DEFENDANTS' unlawful business practices, PLAINTIFFS and Class Members have suffered

18 economic injuries including, but not limited to out-of-pocket business expenses, unlawful

19 deductions from compensation, loss of minimum wage and overtime wages, compensation for

20 missed meal periods, and waiting time penalties.  DEFENDANTS have profited from its unlawful,

21 unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper

22 deductions from compensation, unpaid minimum wage and overtime, unpaid compensation for

23 missed meal periods, and interest accrued by PLAINTIFFS and similarly situated Drivers.

24   96. PLAINTIFFS and similarly situated Drivers are entitled to restitution pursuant to

25 Cal. Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful

26 deductions from compensation, minimum wage, overtime, meal period compensation, and interest

27 since four years prior to the filing of this action.

28 / / /

97.    PLAINTIFFS and similarly situated Drivers are entitled to enforce all applicable penalty provisions of the Cal. Labor Code pursuant to Cal. Business & Professions Code § 17202.

98.    PLAINTIFFS' success in this action will enforce important rights affecting the public interest.  In this regard, PLAINTIFFS sue on behalf of the public as well as on behalf of themselves and others similarly situated.  PLAINTIFFS seek and are entitled to reimbursement of business expenses, the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

99.    Injunctive relief is necessary and appropriate to prevent DEFENDANTS from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

100.   In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts and continuing those acts, an order requiring DEFENDANTS to disgorge all the profits and gains they have reaped and restore such profits and gains to Drivers, from whom they were unlawfully taken.

101.   PLAINTIFFS have assumed the responsibility of enforcement of the laws and lawful claims specified herein.  There is a financial burden incurred in pursuing this action which is in the public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code of Civil Procedure § 1021.5.

102.   By all of the foregoing alleged conduct, DEFENDANTS have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 *et seq.*

103.   As a direct and proximate result of the unfair business practices described above, PLAINTIFFS, other Drivers, and members of the general public have all suffered significant losses and Defendants have been unjustly enriched.

104.   Pursuant to Cal. Business & Prof. Code §17203, PLAINTIFFS, other Drivers, and member of the general public are entitled to:  (a)  restitution of money acquired by DEFENDANTS by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANTS' continuation of their unfair business practices;

1  and (c) a declaration that DEFENDANTS' business practices are unfair within the meaning of the
2  statute.

3      105.    PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief
4  as described below.

5              **VIII.   REQUEST FOR JURY TRIAL**

6      106.    PLAINTIFFS request a trial by jury on behalf of themselves and the above
7  described Class of similarly situated Drivers.

8              **IX.    PRAYER FOR RELIEF**

9      WHEREFORE, PLAINTIFFS Kairy, Brown, Dickson, and Osmun, on behalf of themselves
10 and the above-described Class of similarly situated Drivers, request relief as follows:

11     A.    Certification of the above-described Class as a class action, pursuant to Code of
12 Civil Procedure § 382;

13     B.    Certification of the above-described Class as a representative class under Business
14 and Professions Code § 17200.

15     C.    Provision of class notice to all Drivers who worked for DEFENDANTS in
16 California during the Class Period described above;

17     D.    A declaratory judgment that DEFENDANTS have knowingly and intentionally
18 violated the following provisions of law:

19         1.    Cal. Labor Code § 2802 by failing to indemnify PLAINTIFFS and the Class
20 for all necessary business expenses and losses;

21         2.    Cal. Labor Code §§ 221 and 400-410 and IWC wage order No. 9, by making
22 unlawful deductions from the compensation paid to PLAINTIFFS and the Class for ordinary
23 business expenses and losses without a showing that the expenses and/or losses were due to the
24 Drivers' dishonest or willful act, or to the gross negligence of the Drivers;

25         3.    Cal. Labor Code § 450 by coercing or compelling PLAINTIFFS and the
26 Class to purchase or lease certain items and services;

27         4.    Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9 by failure to
28 provide off-duty meal periods to PLAINTIFFS and the Class;

1         5.     Cal. Labor Code §§ 1182.11, 1194 *et seq.*, IWC wage order No. 9, and the

2    Minimum Wage Order by failure to pay minimum wage to Drivers;

3         6.     Cal. Labor Code §§ 510, 1194 *et seq.* and IWC wage order No. 9 by failure

4    to pay overtime compensation to Drivers;

5         7.     Cal. Labor Code § 226 and IWC wage order No. 9, § 7(B), by failing to

6    provide Drivers with itemized statements of total hours worked with each payment of wages;

7         8.     Cal. Labor Code § 1174 and IWC wage order No. 9, § 7(A), by failing to

8    maintain payroll records of the actual hours worked each day by Drivers;

9         9.     Cal. Labor Code §§ 201-203, for willful failure to pay minimum wage,

10   overtime and meal period compensation and failure to repay unlawfully deducted wages at the time

11   of termination of employment, resulting in unpaid waiting time penalties; and

12        10.     Cal. Business and Professions Code §§ 17200-17208, by failing to reimburse

13   Drivers for necessary business expenses, by requiring Drivers to indemnify DEFENDANTS for

14   ordinary business losses, by coercing or compelling Drivers to purchase or lease certain items and

15   services from DEFENDANTS or affiliated companies, by failing to provide off-duty meal periods

16   and/or pay meal period compensation to Drivers, by failing to pay its Drivers minimum wage and

17   overtime compensation, by failing to provide Drivers with itemized wage statements showing all

18   hours worked, by failing to maintain payroll records that document all hours worked by Drivers,

19   and by willfully failing to pay all compensation owed to Drivers upon termination of employment;

20       E.     A declaratory judgment that DEFENDANTS' violations as described above were

21   willful;

22       F.     An equitable accounting to identify, locate, and restore to all current and former

23   Drivers the wages that are due;

24       G.     An award to PLAINTIFFS and the Class Members of damages in the amount of

25   necessary business expenses, unpaid minimum wage and overtime, meal period compensation and

26   amounts unlawfully deducted from wages, including interest thereon, subject to proof at trial;

27   / / /

28   / / /

H.   An award to PLAINTIFFS and the Class Members of statutory penalties because of DEFENDANTS' failure to provide PLAINTIFFS and the Class Members with itemized wage statements that comply with the requirements of Cal. Labor Code § 226, subject to proof at trial;

I.   An award to PLAINTIFFS and the Class Members of liquidated damages because of DEFENDANTS' failure to pay PLAINTIFFS and the Class Members minimum wage;

J.   An award of payments due to them as waiting time penalties as to those Class Members who have left DEFENDANTS' employ, pursuant to Labor Code § 203;

K.   An order requiring DEFENDANTS to reclassify their Drivers as employees with immediate reinstatement of all statutory and common law rights afforded employees in California, including but not limited to reimbursement of necessary business expenses, payment of required minimum wage and overtime compensation, the provision of proper meal periods, and ceasing the policies and practices of deducting amount from wages and coercing purchases.

L.   An order requiring DEFENDANTS to pay restitution of all amounts owed to PLAINTIFFS and similarly situated Drivers for DEFENDANTS' failure to pay legally required minimum wage, overtime and meal period pay, and interest thereon and DEFENDANTS' failure to repay out-of-pocket business expenses incurred and amounts unlawfully deducted, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

M.   An award to PLAINTIFFS and the Class Members of reasonable attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Cal. Labor Code §§ 218.5, 226, 1194, and 2802 and/or other applicable law; and

N.   An award to PLAINTIFFS and the Class Members of such other and further relief as this Court deems just and proper.

DATED: May 8, 2008

HINTON, ALBERT & SUMNER

By: _____
AARON KAUFMANN
Attorneys for PLAINTIFFS

**EXHIBIT B**

1   Paul Marron, Esq., State Bar No. 128245
    Andre Y. Bates, Esq., State Bar No. 178170
2   George E. Weber, Esq., State Bar No. 220592
    MARRON & ASSOCIATES
3   111 W. Ocean Blvd.
    Suite 1925
4   Long Beach, CA 90802
    (562) 432-7422
5
    Attorneys for Defendants SuperShuttle
6   International, Inc., SuperShuttle Franchise
    Corporation, and Veolia Transportation
7   Services, Inc.

8

9                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         FOR THE COUNTY OF ALAMEDA

11
    ROOSEVELT KAIRY, LARRY BROWN,            Case No.: RGO8386463
12  WAYNE DICKSON, AND DRAKE OSMUN,
    on behalf of themselves, all other similarly    ANSWER OF DEFENDANTS
13  situated, and the general public,               SUPERSHUTTLE INTERNATIONAL,
                                                     INC. AND SUPERSHUTTLE
14            Plaintiffs,                            FRANCHISE CORPORATION TO
                                                     PLAINTIFFS' UNVERIFIED
15       vs.                                         COMPLAINT

16  SUPERSHUTTLE INTERNATIONAL, INC.;
17  SUPERSHUTTLE FRANCHISE                       Action Filed:    May 8, 2008
    CORPORATION, AND VEOLIA
18  TRANSPORTATION SERVICES, INC., DBA
    SUPERSHUTTLE, and DOES 1 through 20,
19  inclusive,

20            Defendants.

21

22

23      Defendants SuperShuttle International, Inc. and SuperShuttle Franchise Corporation

24  (collectively "Defendants") hereby answer the unverified Complaint of Plaintiffs Roosevelt Kairy,

25  Larry Brown, Wayne Dickson and Drake Osmun, ("Plaintiffs") as follows:

26

27                                          1

28      SUPERSHUTTLE INTERNATIONAL AND SUPERSHUTTLE FRANCHISE
            CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT

03917/2007-1080.080

FILE BY FAX                              

1   Pursuant to California *Code of Civil Procedure* Section 431.30(d), Defendants generally

2   and specifically deny each and every allegation contained in the Complaint and also deny that

3   Plaintiffs, or any putative member of the purported class set forth in the Complaint, were damaged

4   in the sums alleged or in any sum at all.  Defendants further specifically deny that any of the

5   claims alleged by Plaintiffs in the Complaint may be properly adjudicated on a class-action basis.

6   AS A SEPARATE AND DISTINCT ANSWER TO THE COMPLAINT AND TO EACH

7   AND EVERY CAUSE OF ACTION THEREOF, DEFENDANTS ALLEGE:

8   ### FIRST AFFIRMATIVE DEFENSE

9   ### (Failure to State a Cause of Action)

10   The complaint and each and every cause of action set forth therein fails to state facts

11   sufficient to constitute a cause of action.

12   ### SECOND AFFIRMATIVE DEFENSE

13   ### (Independent Contractor Status)

14   Plaintiffs' complaint and each cause of action therein are barred because Plaintiffs are/were

15   independent contractors, and not employees of Defendants.

16   ### THIRD AFFIRMATIVE DEFENSE

17   ### (Franchisee Status)

18   Plaintiffs' complaint and each cause of action therein are barred because Plaintiffs are/were

19   franchisees, and not employees of Defendants.

20   ### FOURTH AFFIRMATIVE DEFENSE

21   ### (Statute of Limitations)

22   Plaintiffs' complaint and each cause of action therein is barred by the applicable statute of

23   limitations, including without limitation, those contained in *California Code of Civil Procedure*

24   / / /

25

26

27   2

Sections 338 and 340, *California Labor Code* Section 203 and *California Business and Professions Code* Section 17208.

## FIFTH AFFIRMATIVE DEFENSE

### (No Class Action)

Plaintiffs' complaint and each cause of action therein cannot and should not be maintained on a class action basis because those causes of action, and each of them, fail to meet the necessary requirements for class certification, including class ascertainability, typicality, commonality, numerosity, superiority and adequacy of the class representatives.

Plaintiffs' complaint and each cause of action therein, or some of them, are also barred by waiver of class action adjudication for said claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Unconstitutional Class Action)

Certification of a class action under the circumstances of this case would violate Defendants' rights under the United States Constitution and the California Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Standing to Sue)

Plaintiffs' complaint and each cause of action therein, or some of them, are bared in whole or in part because Plaintiffs, or some of them, lack standing to sue.

## EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs' complaint and each cause of action therein, or some of them, are preempted, in whole or in part, by federal law, and the federal regulation of interstate commerce in general and the transportation industry in particular.

/ / /

/ / /

3

03917/2007-1080.080

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs are barred from the relief sought in the complaint by Plaintiffs' unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

By Plaintiffs' own acts, Plaintiffs are estopped from seeking the relief claimed in the complaint, and each cause of action therein.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

Plaintiffs' complaint and each cause of action therein are barred by the doctrines of res judicata and collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Injunctive relief is barred because Plaintiffs have an adequate remedy at law and/or other requirements for granting injunctive relief cannot be satisfied.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

By Plaintiffs' own acts, Plaintiffs have waived the rights asserted in the complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in whole or in part because said causes of action have been released by the individuals in question.

/ / /

/ / /

4

03917/2007-1080.080

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in whole or in part because Defendants were and are privileged to engage in the conduct alleged in the complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

Plaintiffs' complaint and each cause of action therein, or some of them, may not be litigated in court because some or all of said individuals' causes of action are subject to individual mandatory, final and binding arbitration.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

Plaintiffs' damages, if any, are offset in whole or in part by amounts owing to and damages suffered by Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs are barred by the doctrine of laches from pursuing any of the remedies sought in the complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs failed to take reasonable steps to mitigate the damages they allegedly suffered as a result of the actions alleged in the complaint, and any award against Defendants must be reduced by the amount of alleged damages Plaintiffs could have avoided had they taken reasonable steps to mitigate their damages.

/ / /

/ / /

**SUPERSHUTTLE INTERNATIONAL AND SUPERSHUTTLE FRANCHISE CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT**

03917/2007-1080.080

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Conduct Reasonable and in Good Faith/Not Wilful)

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in whole or in part, on the ground that Defendants acted in good faith, and in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and/or California agencies, and on the basis of a good faith and reasonable belief to have complied fully with federal and California law.

WHEREFORE, Defendants prays for judgment as follows:

1. That the Complaint and each cause of action therein be dismissed with prejudice;

1. That Plaintiffs take nothing by way of its unverified complaint herein;

2. That Defendants' reasonable attorneys' fees and cost of suit herein be awarded; and

3. For such other and further relief as the Court may deem proper.

Dated: June 17, 2008

MARRON & ASSOCIATES

By:
Paul Marron, Esq.
Andre Y. Bates, Esq.
George E. Weber, Esq.
Attorneys for Defendants SuperShuttle
International, Inc., SuperShuttle Franchise
Corporation, and Veolia Transportation
Services, Inc.

6

03917/2007-1080.080

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 111 West Ocean Blvd., Suite #1925, Long Beach, California 90802

On June 17, 2008 I served the foregoing DOCUMENT described as **ANSWER OF DEFENDANTS SUPERSHUTTLE INTERNATIONAL, INC. AND SUPERSHUTTLE FRANCHISE CORPORATION TO PLAINTIFFS' UNVERIFIED COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] BY MAIL
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U. S. Postal Service on the same day with postage thereon fully prepared at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid of postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] PERSONALLY
I caused the above described document(s) to be personally served to the addressees on the attached mailing list.

[ ] BY FACSIMILE
At the time of transmission I was at least 18 years of age and not a party to this legal proceeding. On _____, at approximately _____ .m., I transmitted to the parties on the attached service list the following documents described above, by facsimile machine, pursuant to rule 2006. The facsimile machine I used complied with rule 2003(3) and no error was reported by the machine. Pursuant to rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 17, 2008 at Long Beach, California.

Henry Bella

1
**PROOF OF SERVICE**

03917/2007-1080.080

1

## SERVICE LIST

2

3
Aaron Kaufmann, Esq.
4
David Progrel, Esq.
Hinton, Alfert & Sumner
5
1646 N. California Blvd., Suite 600
Walnut Creek, CA 94596
6
[Attorneys for Plaintiffs]

7
Philip Monrad, Esq.
8
Beth Ross, Esq.
Leonard Carder, LLP
9
1330 Broadway, Suite 1450
Oakland, CA 94612
10
[Attorneys for Plaintiffs]

11
Daniel Feinberg, Esq.
12
Kirsten Scott, Esq.
Lewis, Feinberg, Lee, Renaker & Jackson, P.C.
13
1330 Broadway, Suite 1800
Oakland, CA 94612
14
[Attorneys for Plaintiffs]

15
Peter Rukin, Esq.
16
Rukin Hyland Doria & Tindall LLP
100 Pine Street, Suite 725
17
San Francisco, CA 94111
[Attorneys for Plaintiffs]
18

19

20

21

22

23

24

25

26

27

28

2

**PROOF OF SERVICE**

**EXHIBIT C**

1  Paul Marron, Esq., State Bar No. 128245
   Andre Y. Bates, Esq., State Bar No. 178170
2  George B. Weber, Esq., State Bar No. 220592
   MARRON & ASSOCIATES
3  111 W. Ocean Blvd.
   Suite 1925
4  Long Beach, CA 90802
   (562) 432-7422
5
   Attorneys for Defendants SuperShuttle
6  International, Inc., SuperShuttle Franchise
   Corporation, and Veolia Transportation
7  Services, Inc.

8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ALAMEDA

11

12  ROOSEVELT KAIRY, LARRY BROWN,          Case No.: RGO8386463
    WAYNE DICKSON, AND DRAKE OSMUN,
13  on behalf of themselves, all other similarly   **ANSWER OF DEFENDANT VEOLIA**
    situated, and the general public,              **TRANSPORTATION SERVICES, INC.**
14                                                  **TO PLAINTIFFS' UNVERIFIED**
              Plaintiffs,                           **COMPLAINT**
15
         vs.
16                                                 Action Filed:    May 8, 2008
    SUPERSHUTTLE INTERNATIONAL, INC.;
17  SUPERSHUTTLE FRANCHISE
    CORPORATION, AND VEOLIA
18  TRANSPORTATION SERVICES, INC., DBA
    SUPERSHUTTLE, and DOES 1 through 20,
19  inclusive,

20            Defendants.

21

22

23      Defendant Veolia Transportation Services, Inc.  ("Defendant") hereby answers the

24  unverified Complaint of Plaintiffs Roosevelt Kairy, Larry Brown, Wayne Dickson and Drake

25  Osmun, ("Plaintiffs") as follows:

26      Pursuant to California *Code of Civil Procedure* Section 431.30(d), Defendant generally

27                                        :                    1

28  ―――――――――――――――――――――――――――――――――――――――――――
    **VEOLIA TRANSPORTATION SERVICES INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

    03922/2007-1080.080



**FILE BY FAX**

and specifically denies each and every allegation contained in the Complaint and also denies that Plaintiffs, or any putative member of the purported class set forth in the Complaint, were damaged in the sums alleged or in any sum at all. Defendant further specifically denies that any of the claims alleged by Plaintiffs in the Complaint may be properly adjudicated on a class-action basis.

AS A SEPARATE AND DISTINCT ANSWER TO THE COMPLAINT AND TO EACH AND EVERY CAUSE OF ACTION THEREOF, DEFENDANT ALLEGES:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The complaint and each and every cause of action set forth therein fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (Independent Contractor Status)

Plaintiffs' complaint and each cause of action therein are barred because Plaintiffs are/were independent contractors, and not employees of Defendant.

### THIRD AFFIRMATIVE DEFENSE

### (Franchisee Status)

Plaintiffs' complaint and each cause of action therein are barred because Plaintiffs are/were franchisees, and not employees of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' complaint and each cause of action therein is barred by the applicable statute of limitations, including without limitation, those contained in *California Code of Civil Procedure* Sections 338 and 340, *California Labor Code* Section 203 and *California Business and Professions Code* Section 17208.

/ / /

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH AFFIRMATIVE DEFENSE

### (No Class Action)

Plaintiffs' complaint and each cause of action therein cannot and should not be maintained on a class action basis because those causes of action, and each of them, fail to meet the necessary requirements for class certification, including class ascertainability, typicality, commonality, numerosity, superiority and adequacy of the class representatives.

Plaintiffs' complaint and each cause of action therein, or some of them, are also barred by waiver of class action adjudication for said claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Unconstitutional Class Action)

Certification of a class action under the circumstances of this case would violate Defendant's rights under the United States Constitution and the California Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Standing to Sue)

Plaintiffs' complaint and each cause of action therein, or some of them, are bared in whole or in part because Plaintiffs, or some of them, lack standing to sue.

## EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs' complaint and each cause of action therein, or some of them, are preempted, in whole or in part, by federal law, and the federal regulation of interstate commerce in general and the transportation industry in particular.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs are barred from the relief sought in the complaint by Plaintiffs' unclean hands.

///

///

3

03922/2007-1080.080

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

By Plaintiffs' own acts, Plaintiffs are estopped from seeking the relief claimed in the complaint, and each cause of action therein.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Res Judicata and Collateral Estoppel)**

Plaintiffs' complaint and each cause of action therein are barred by the doctrines of res judicata and collateral estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Injunctive relief is barred because Plaintiffs have an adequate remedy at law and/or other requirements for granting injunctive relief cannot be satisfied.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

By Plaintiffs' own acts, Plaintiffs have waived the rights asserted in the complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Release)**

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in whole or in part because said causes of action have been released by the individuals in question.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

Plaintiffs' complaint and each cause of action therein, or some of them, are barred in whole or in part because Defendant was and is privileged to engage in the conduct alleged in the complaint.

/ / /

/ / /

**VEOLIA TRANSPORTATION SERVICES INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

03922/2007-1080.080

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Arbitration)

3
Plaintiffs' complaint and each cause of action therein, or some of them, may not be

4
litigated in court because some or all of said individuals' causes of action are subject to individual

5
mandatory, final and binding arbitration.

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

7

### (Offset)

8
Plaintiffs' damages, if any, are offset in whole or in part by amounts owing to and damages

9
suffered by Defendant.

10

## EIGHTEENTH AFFIRMATIVE DEFENSE

11

### (Laches)

12
Plaintiffs are barred by the doctrine of laches from pursuing any of the remedies sought in

13
the complaint.

14

## NINETEENTH AFFIRMATIVE DEFENSE

15

### (Failure to Mitigate Damages)

16
Plaintiffs failed to take reasonable steps to mitigate the damages they allegedly suffered as

17
a result of the actions alleged in the complaint, and any award against Defendant must be reduced

18
by the amount of alleged damages Plaintiffs could have avoided had they taken reasonable steps to

19
mitigate their damages.

20

## TWENTIETH AFFIRMATIVE DEFENSE

21

### (Conduct Reasonable and in Good Faith/Not Wilful)

22
Plaintiffs' complaint and each cause of action therein, or some of them, are barred in

23
whole or in part, on the ground that Defendant acted in good faith, and in conformity with, and in

24
reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or

25
interpretations of federal and/or California agencies, and on the basis of a good faith and

26
reasonable belief to have complied fully with federal and California law.

27

28

**VEOLIA TRANSPORTATION SERVICES INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

03922/2007-1080.080

1    WHEREFORE, Defendant prays for judgment as follows:

2        1. That the Complaint and each cause of action therein be dismissed with prejudice;

3        2. That Plaintiffs take nothing by way of their unverified complaint herein;

4        1. That Defendant's reasonable attorneys' fees and cost of suit herein be awarded; and

5        2. For such other and further relief as the Court may deem proper.

6

7    Dated: June 17, 2008                    MARRON & ASSOCIATES

8

9                                            By:
                                             Paul Marron, Esq.
10                                           Andre Y. Bates, Esq.
                                             George E. Weber, Esq.
11                                           Attorneys for Defendants SuperShuttle
                                             International, Inc., SuperShuttle Franchise
12                                           Corporation, and Veolia Transportation
                                             Services, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      6
28

03922/2007-1080.080

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4
     I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action; my business address is 111 West Ocean Blvd., Suite #1925,
5
Long Beach, California 90802

6
     On June 17, 2008 I served the foregoing DOCUMENT described as **ANSWER OF
DEFENDANT VEOLIA TRANSPORTATION SERVICES, INC. TO PLAINTIFFS'**
7
**UNVERIFIED COMPLAINT** on the interested parties in this action by placing a true copy
thereof enclosed in a sealed envelope addressed as follows:

8

9

### SEE ATTACHED SERVICE LIST

10
[X] BY MAIL
     As follows:  I am "readily familiar" with the firm's practice of collection and processing
11
correspondence for mailing.  Under that practice it would be deposited with U. S. Postal Service
on the same day with postage thereon fully prepared at Long Beach, California in the ordinary
12
course of business.  I am aware that on motion of the party served, service is presumed invalid of
postal cancellation date or postage meter date is more than one day after date of deposit for
13
mailing in affidavit.

14

[ ] PERSONALLY
15
     I caused the above described document(s) to be personally served to the addressees on the
attached mailing list.
16

17
[ ] BY FACSIMILE
     At the time of transmission I was at least 18 years of age and not a party to this legal
18
proceeding.  On _____, at approximately _____ .m., I transmitted to the parties on the
attached service list the following documents described above, by facsimile machine, pursuant to
19
rule 2006.  The facsimile machine I used complied with rule 2003(3) and no error was reported by
the machine.  Pursuant to rule 2006(d), I caused the machine to print a transmission record of the
20
transmission, a copy of which is attached to this declaration.

21
     I declare under penalty of perjury under the laws of the State of California that the
22
foregoing is true and correct.

23
     Executed on June 17, 2008 at Long Beach, California.

24

25
                                        Henry Bella

26

27

28

1

**PROOF OF SERVICE**

03917/2007-1080.080

1

## <u>SERVICE LIST</u>

2

3  Aaron Kaufmann, Esq.
   David Progrel, Esq.
4  Hinton, Alfert & Sumner
   1646 N. California Blvd., Suite 600
5  Walnut Creek, CA 94596
   [Attorneys for Plaintiffs]
6

7  Philip Monrad, Esq.
   Beth Ross, Esq.
8  Leonard Carder, LLP
   1330 Broadway, Suite 1450
9  Oakland, CA 94612
   [Attorneys for Plaintiffs]
10

11  Daniel Feinberg, Esq.
    Kirsten Scott, Esq.
12  Lewis, Feinberg, Lee, Renaker & Jackson, P.C.
    1330 Broadway, Suite 1800
13  Oakland, CA 94612
    [Attorneys for Plaintiffs]
14

15  Peter Rukin, Esq.
    Rukin Hyland Doria & Tindall LLP
16  100 Pine Street, Suite 725
    San Francisco, CA 94111
17  [Attorneys for Plaintiffs]

18

19

20

21

22

23

24

25

26

27

28

03917/2007-1080.080

**EXHIBIT D**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| AARON KAUFMANN 148580/DAVID POGREL 203787 HINTON ALFERT & SUMNER 1646 N. CALIFORNIA BLVD. SUITE 600 WALNUT CREEK, CALIFORNIA 94596 TELEPHONE NO. 925.932.6006   FAX NO. 925.932.3412 ATTORNEY FOR *(Name)*: Plaintiffs | E N D O R S E D F I L E D ALAMEDA COUNTY MAY - 8 2008 CLERK OF THE SUPERIOR COURT By Alphonsine Oates, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME:

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG08386463 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify)*: 10; See Attachment 4.

5. This case [x] is [ ] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date:

AARON KAUFMANN 148580/DAVID POGREL 203787
_____                    _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET   Legal Solutions ® Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2 30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e g , assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g , quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

MC-025

| SHORT TITLE: Kairy, et al. v. SuperShuttle International, Inc., et al. | CASE NUMBER |
|---|---|

**ATTACHMENT** *(Number):* 4._____    Page 2___ of 2___

*(This Attachment may be used with any Judicial Council form.)*    *(Add pages as required)*

**CAUSES OF ACTION**
(1) REIMBURSEMENT OF BUSINESS EXPENSES (Labor Code §2802);
(2) UNLAWFUL DEDUCTIONS FROM WAGES (Labor Code §§221, 223, 400-410);
(3) COERCED PURCHASES (Labor Code §450);
(4) FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS (Labor Code §§226.7, 512);
(5) FAILURE TO PAY MINIMUM WAGE (Labor Code §§1182.11, 1194, 1197);
(6) FAILURE TO PAY OVERTIME COMPENSATION (Labor Code §§510, 1194);
(7) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Labor Code §§226, 226.3);
(8) FAILURE TO KEEP ACCURATE PAYROLL RECORDS (Labor Code §§1174, 1174.5);
(9) WAITING TIME PENALTIES (Labor Code §201-203); and
(10) VIOLATIONS OF UCL (Business and Professions Code §17200 et seq

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. January 1, 2007]

**ATTACHMENT**
**to Judicial Council Form**

Legal
Solutions
Plus

Page 1 of 1

Hinton, Alfert & Sumner
Attn: Kaufmann, Aaron
1646 North California Blvd.
Suite 600
Walnut Creek, CA   94596-4113

Supershuttle International, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Kairy

Plaintiff/Petitioner(s)

VS.

Supershuttle International, Inc.

Defendant/Respondent(s)
(Abbreviated Title)

No. RG08386463

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/11/2008   TIME: 11:00 AM   DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/15/2008   TIME: 11:00 AM   DEPARTMENT: 20
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936.  Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  05/12/2008                                    Executive Officer / Clerk of the Superior Court

                                    By    _____
                                                                          Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 05/12/2008.

                                    By    _____
                                                                          Deputy Clerk



©COPY

1  Andre Y. Bates, Esq., State Bar No. 178170
   MARRON & ASSOCIATES
2  111 W. Ocean Blvd.
   Suite 1925
3  Long Beach, CA 90802
   Telephone (562) 432-7422
4  Facsimile (562) 432-8682
   abates@marronlaw.com
5
   Attorneys for Defendants SuperShuttle
6  International, Inc.; SuperShuttle Franchise
   Corporation, and Veolia Transportation
7  Services, Inc.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DISTRICT

11

12

13  ROOSEVELT KAIRY, LARRY BROWN,          Case No.: **C08-02993**
    WAYNE DICKSON, AND DRAKE OSMUN,
14  on behalf of themselves, all other similarly     **DECLARATION OF ANDRE Y. BATES**
    situated, and the general public,,              **IN SUPPORT OF NOTICE OF**
15                                                   **REMOVAL**

16              Plaintiffs,                          [Filed Concurrently with Notice of Removal
                                                     of Defendant SuperShuttle International,
         vs.                                         Inc. and Declaration of Judy Roberson in
17                                                   Support of Removal]

18  SUPERSHUTTLE INTERNATIONAL, INC.;
    SUPERSHUTTLE FRANCHISE
19  CORPORATION, AND VEOLIA
    TRANSPORTATION SERVICES, INC., dba
20  SUPERSHUTTLE, AND DOES 1 through 20,
    inclusive,
21

22              Defendants.

23

24

25

26

27
                                          1
28  ─────────────────────────────────────────────────────────
                         DECLARATION OF ANDRE Y. BATES

03942/2007-1080.080

1    I, Andre Y. Bates, declare as follows:

2    1.    I am an attorney licensed to practice law in the State of California and admitted to

3    practice in the United States District Court for the Northern District of California. I am an

4    associate with the law firm of Marron & Associates, counsel of record for defendants SuperShuttle

5    International, Inc., SuperShuttle Franchise Corporation and Veolia Transportation Services, Inc.

6    (collectively "Defendants") in this action. By virtue of my representation of Defendants, I have

7    have personal knowledge of the facts set forth below and could and would competently testify to

8    

9    those facts if called to do so.

10    2.    I have reviewed the complaint in this case as well as the declaration of Judy

11    Robertson submitted in support of SuperShuttle International's Notice of Removal.

12    3.    I have calculated Plaintiffs' alleged damages based on the allegations in the

13    complaint for the Second and Seventh causes of action. SuperShuttle International specifically

14    denies that Plaintiff is entitled to any relief whatsoever, these calculations are made solely for the

15    

16    purposes of determining compliance with the amount in controversy requirement contained in 28

17    U.S.C. §1332 (d)(2).

18    4.    I have generally calculated the alleged statutory damages for Plaintiffs for the

19    Second and Seventh causes of action for the period of May 8, 2004 to the present. These

20    calculations are based on Plaintiffs' position that the four-year statute of limitations under

21    California Business and Professions Code Section 17200 et al. is applicable to their claims for

22    

23    alleged violations of the California Labor Code. SuperShuttle International specifically denies

24    that the four year statute of limitations applies to these alleged violations.

25    5.    Plaintiffs' Second Cause of Action for Unlawful Deductions from Wages pursuant

26    to California Labor Code Sections 221 and 223 provides for statutory penalties to be calculated as

27    

28    

2

**DECLARATION OF ANDRE Y. BATES**

1  follows pursuant to <u>Labor Code</u> Section 225.5: $100 penalty for initial violation times total

2  number of putative class members (732), $73,200; plus $200 for each subsequent violation per pay

3  period, times the number of assumed pay periods per year ,times the number of franchisees per

4  year (for 2004: $200 x 228 drivers x 14 pay periods; for 2005: $200 x 230 drivers x 24 pay

5
6  periods; for 2006: $200 x 317 drivers x 24 pay periods; for 2007: $200 x 330 drivers x 24 pay

7  periods; for 2008: $200 x 328 drivers x 9 pay periods) for a total of $5,390,400.

8          6.      Plaintiffs' Seventh Cause of Action for Failure to Furnish Accurate Wage

9  Statements pursuant to <u>California Labor Code</u> Sections 226 provides for statutory penalties of

10  "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars

11  ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate

12  penalty of four thousand dollars ($4,000)." Damages under this section would be between

13
    $2,928,000 and $2,670,350, calculated as follows: it is assumed that every putative class member
14
15  is entitled to the maximum penalty of $4,000, the total amount of damages under this section

16  would be $2,928,000. The lower figure of $2,670,350 is arrived at by taking the number of

17  drivers each year, multiplying that number by $50 (for 2004: $50 x 228 drivers; for 2005: $50 x

18  230 drivers; for 2006: $50 x 317 drivers; for 2007: $50 x 330 drivers; for 2008: $50 x 328 drivers)

19
    for a total of $71,150, that amount is added to the amount of $100 x the number of drivers each
20
21  year x the remaining number of pay periods (for 2004: $100 x 228 drivers x 13 pay periods; for

22  2005: $100 x 230 drivers x 23 pay periods; for 2006: $100 x 317 drivers x 23 pay periods; for

23  2007: $100 x 330 drivers x 23 pay periods; for 2008: $100 x 328 drivers x 8 pay periods), totaling

24  $2,575,700.

25          7.      The statutory damages sought by Plaintiffs in the Second and Seventh Causes of

26  action alone total between $8,108,750 and $8,366,400. These calculations above do not take into

27

28                                                  3
    ────────────────────────────────────────────
                        **DECLARATION OF ANDRE Y. BATES**

1    consideration any of the other damages sought by Plaintiffs in their eight remaining causes of

2    action and no calculation has been attempted in light of the fact that the jurisdictional minimum

3    amount in controversy is satisfied by the foregoing.

4

5          I declare, under penalty of perjury under the laws of the United States of America that the

   foregoing is true and correct.

6

7          Executed this 17th day of June, 2008 in Long Beach, California.

8

9

10                        Andre Y. Bates

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**DECLARATION OF ANDRE Y. BATES**



CCOPY

E-filing

ORIGINAL
FILED
JUN 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR ME

**FILE BY FAX**

1  Andre Y. Bates, Esq., State Bar No. 178176
   MARRON & ASSOCIATES
2  111 W. Ocean Blvd.
   Suite 1925
3  Long Beach, CA 90802
   Telephone (562) 432-7422
4  Facsimile (562) 432-8682
   abates@marrronlaw.com
5
   Attorneys for Defendants SuperShuttle
6  International, Inc.; SuperShuttle Franchise
   Corporation, and Veolia Transportation
7  Services, Inc.

8
9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND DISTRICT

12

13  ROOSEVELT KAIRY, LARRY BROWN,          Case No.: **C08-02993**
    WAYNE DICKSON, AND DRAKE OSMUN,
14  on behalf of themselves, all other similarly   **DECLARATION OF JUDY**
    situated, and the general public,,             **ROBERTSON IN SUPPORT OF**
15                                                 **NOTICE OF REMOVAL**

16              Plaintiffs,                [Filed Concurrently with Notice of Removal
                                          of Defendant SuperShuttle International,
17         vs.                            Inc. and Declaration of Andre Y. Bates in
                                          Support of Removal]
18  SUPERSHUTTLE INTERNATIONAL, INC.;
    SUPERSHUTTLE FRANCHISE
19  CORPORATION, AND VEOLIA
    TRANSPORTATION SERVICES, INC., dba
20  SUPERSHUTTLE, AND DOES 1 through 20,
    inclusive,
21
22              Defendants.

23

24

25

26

27

28                                    1
    _____
               **DECLARATION OF JUDY ROBERTSON**

03921/2007-1080.080

1    I, Judy Robertson, declare as follows:

2    1.    I am the Vice President, Regulatory Affairs of SuperShuttle International, Inc.  I

3    am submitting this Declaration in support of SuperShuttle International's removal petition in the

4    above-captioned action.  Through my employment with SuperShuttle International I have personal

5    knowledge of the matters set forth below, and if called as a witness, I could and would

6    competently testify thereto.

7

8    2.    In my position as Vice President, Regulatory Affairs I am familiar with the

9    corporate filings of SuperShuttle International.  SuperShuttle International is a Delaware

10    Corporation with its principal place of business and corporate headquarters in Scottsdale, Arizona.

11    3.    At paragraph 34 of the complaint, Plaintiffs allege that the proposed class consists

12    of "[a]ll persons who are or have operated as [SuperShuttle] drivers" in California "during the

13    period commencing four years from the filing of this action through the entry of final judgment in

14    this action."

15

16    4.    I have reviewed the complaint in this case.  In my position as Vice President,

17    Regulatory Affairs, I am familiar with the number of franchisees in California who have entered

18    into SuperShuttle Unit Franchise Agreements.  In reviewing the franchisee records I have

19    ascertained the approximate number of franchisees in California for each of the past 4 years.  In

20    the year 2004 there were 228 franchisees, in 2005 there were 230 franchisees, in 2006 there were

21    317 franchisees, in 2007 there were 330 franchisees and in 2008 there are 328 franchisees.  In

22    addition to the current franchisees, there are 404 former franchisees.

23

24    ///

25    ///

26    ///

27

28

                                        2
                        DECLARATION OF JUDY ROBERTSON

03921/2007-1080.080

1    I declare, under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3    Executed this 17th day of June, 2008 in Thousand Oaks, California.

4

5

6    Judy Robertson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**DECLARATION OF JUDY ROBERTSON**

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 111 West Ocean Blvd., Suite #1925, Long Beach, California 90802

5

6

On June 19, 2008 I served the foregoing DOCUMENT described as **NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

7

8

### SEE ATTACHED SERVICE LIST

9

[X] BY MAIL

10

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U. S. Postal Service on the same day with postage thereon fully prepared at Long Beach, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

11

12

13

14

[ ] PERSONALLY

I caused the above described document(s) to be personally served to the addressees on the attached mailing list.

15

16

[ ] BY FACSIMILE

17

At the time of transmission I was at least 18 years of age and not a party to this legal proceeding. On _____, at approximately _____ .m., I transmitted to the parties on the attached service list the following documents described above, by facsimile machine, pursuant to rule 2006. The facsimile machine I used complied with rule 2003(3) and no error was reported by the machine. Pursuant to rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

18

19

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

Executed on June 19, 2008 at Long Beach, California.

24

25

Henry Bella

26

27

28

1

**PROOF OF SERVICE**

03935/2007-1080.080

1

<u>**SERVICE LIST**</u>

2

3   Aaron Kaufmann, Esq.
    David Progrel, Esq.
4   Hinton, Alfert & Sumner
    1646 N. California Blvd., Suite 600
5   Walnut Creek, CA  94596
    [Attorneys for Plaintiffs]
6

7   Philip Monrad, Esq.
    Beth Ross, Esq.
8   Leonard Carder, LLP
    1330 Broadway, Suite 1450
9   Oakland, CA  94612
    [Attorneys for Plaintiffs]
10

11  Daniel Feinberg, Esq.
    Kirsten Scott, Esq.
12  Lewis, Feinberg, Lee, Renaker & Jackson, P.C.
    1330 Broadway, Suite 1800
13  Oakland, CA  94612
    [Attorneys for Plaintiffs]
14

15  Peter Rukin, Esq.
    Rukin Hyland Doria & Tindall LLP
16  100 Pine Street, Suite 725
    San Francisco, CA  94111
17  [Attorneys for Plaintiffs]

18

19

20

21

22

23

24

25

26

27

28

2

**PROOF OF SERVICE**

03935/2007-1080.080

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| Plaintiff(s), | ) ) ) ) ) ) ) ) ) ) | No. C                    MEJ |
| v. | | ORDER SETTING CASE MANAGEMENT CONFERENCE. |
| Defendant(s). | | [ALL CASES] |

IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 16 and Civil L. R. 16-10, a Case Management Conference will be held in this case before the Honorable Maria-Elena James on Thursday, _____ _____ at 10:00 A.M. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102.

IT IS FURTHER ORDERED that, within 120 days of filing the complaint, and in accordance with Fed. R. Civ. P. 4, Plaintiff(s) shall complete service of the complaint on at least one Defendant and file either a waiver of service or a certification of service of process. Failure to file the waiver of service or a certification of service may result in issuance by the Court of an Order to Show Cause why the complaint should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4.

IT IS FURTHER ORDERED that Counsel shall meet and confer prior to the Case Management Conference and file, no later than seven days before the Case Management Conference, a Joint Case Management Conference Statement in compliance with Civil L. R. 16-9 addressing the information contained in the Joint Case Management Statement and [proposed] Case Management Order form, enclosed herewith. In addition, the parties must be prepared to knowledgeably discuss with the Court any of the other subjects listed in Fed. R. Civ. P. 16 or in Civil L. R. 16-10.

IT IS FURTHER ORDERED that motions for summary judgment shall be accompanied by a joint statement of undisputed facts in compliance with Civil L. R. 56-2(b).

IT IS FURTHER ORDERED that seven days prior to the case management conference, each party shall file the consent/declination form, enclosed herewith, consenting to Judge James' jurisdiction or requesting reassignment to a district court judge. In the event that Defendant(s) file a Motion to Dismiss, pursuant to

1  Fed. R. Civ. P. 12, Defendant(s) shall file the consent/request for reassignment form at the time the motion is

2  filed and Plaintiff(s) shall file the consent/request for reassignment form seven days thereafter.

3       **IT IS FURTHER ORDERED that in all "E-Filing" cases, when filing papers that require the**

4  **Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties**

5  **shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by**

6  **the close of the next court day following the day the papers are filed electronically. These printed**

7  **copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an**

8  **envelope clearly marked "Magistrate Judge Maria-Elena James", case number and "E-Filing**

9  **Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that**

10  **has already been filed electronically.**

11       IT IS FURTHER ORDERED that each attorney of record in all "E-Filing" cases is obligated to

12  become an ECF User as defined in General Order No. 45 and be assigned a user ID and password for

13  access to the system upon designation of the action as being subject to ECF. Registration shall be on a form

14  prescribed by the Clerk. Attorneys of record who fail to register timely shall be subject to such sanctions as

15  may be imposed by the Court.

16       IT IS FURTHER ORDERED that Plaintiff(s) shall serve copies of this Order, the Joint Case

17  Management Statement and [proposed] Case Management Order form, the consent/request for reassignment

18  form and the attached Discovery and Dispute Procedures on all parties to this action, and on any parties

19  subsequently joined, in accordance with Fed. R. Civ. P. 4 and 5. Following service of process on

20  Defendant(s), Plaintiff(s) shall file a certificate of service with the Clerk of this Court.

21       Failure to comply with this Order or the Civil Local Rules of this Court may result in   sanctions,

22  including the dismissal of the complaint or the entry of a default. Fed. R. Civ. P. 16(f), Civil  L. R. 1-4.

23

24  Date: December 13, 2002                    /s/

25                                                     Maria-Elena James
                                                       United States Magistrate Judge
26

27

28

                                    2

1

UNITED STATES DISTRICT COURT

2

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4                                                    )        Case No.          MEJ
                           Plaintiff(s),             )
5                                                    )        JOINT CASE MANAGEMENT
                    vs.                              )        STATEMENT AND [PROPOSED]
6                                                    )        CASE MANAGEMENT ORDER.
                                                     )
7        ,                                           )
                           Defendant(s).             )
8        _____            )        )

9

10          The parties to the above-entitled action submit this Joint Case Management Statement and Proposed

11   Case Management Order and request the Court to adopt it as the Case Management Order in this case,

12   pursuant to Federal Rule of Civil Procedure 16 and Civil L.R.16-10(b).

13

                       **JOINT CASE MANAGEMENT STATEMENT**

14

i.          Description of the case:  (The parties may attach additional pages to this statement.)

15

1.          A brief description of the events underlying the action:

16

17   _____   ___   ___

18   _____   ___   ___

19   _____   ___   ___

20   _____   ___   ___

21   _____   ___   ___

22   _____

23   2.          The principal factual issues which the parties dispute:

24   _____   ___

25   _____   ___   ___

26   _____   ___   ___

27   _____   ___   ___

28   _____   ___   ___

3

3.    The principal legal issues which the parties dispute:

_____

_____

_____

_____

_____

_____

_____

_____

_____

4.    Other issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]*
which remain unresolved for the reason stated below and the parties' proposed resolution:

_____

_____

_____

_____

_____

5.    The parties who have not been served and the reasons for said lack of service:

_____

_____

_____

_____

_____

6.    The additional parties whom the below-specified parties intend to join and the intended
time frame for such joinder:

_____

4

1

2

3

4

5

6

7

8    B.    Consent to Magistrate Judge for Trial:

9    1.    The parties consent to assignment of this case to a United States Magistrate Judge for Trial:    ____

10        Yes    ____    No

11        The consent/request for reassignment form is attached to the back of this sample joint case

12        management statement and order.  The consent/request for reassignment form was received by

13        Defendant with service of process of the complaint.  **Each party shall file the signed form**

14        **consenting to Magistrate Judge James' jurisdiction or requesting reassignment to a district**

15        **court judge no later than the filing deadline for the joint case management statement**

16        **assigned by the initial case management schedule.**

17

18    C.    Alternative Dispute Resolution:

19        The parties have discussed and request the following court ADR process: Nonbinding Arbitration,

20        Early Neutral Evaluation, Mediation, or Early Settlement *[If Nonbinding Arbitration, Early Neutral*

21        *Evaluation or Mediation, state the expected or scheduled date for the ADR session]*:

22    _____

23    _____

24

25

26                    **[PROPOSED] CASE MANAGEMENT ORDER**

27            *[Counsel shall fill in the stipulated dates for the matters below]*

28        Pursuant to Fed.R.Civ.P. 16, the Court conducted a case management conference on

5

1   _____ and ORDERS as follows:

2

3   A.    ADR Program:

4   1.    The parties are hereby referred to _____ [ADR selection above].

5   2.    The parties shall file their ADR certification by the date assigned by the initial case

6         management schedule received from the Clerk of the Court, pursuant to Civil L.R. 16-8.

7

8   B.    Jury or Court Trial:

9   1.    The parties shall designate in **both their pleadings and joint case management**

10  **statement** whether the trial requested is a jury trial or court trial [designate one below]:

11        Plaintiff requests a jury trial          _____

12        Defendant requests a jury trial    _____

13        Plaintiff requests a court trial         _____

14        Defendant requests a court trial         _____

15

16  C.    Pretrial Motions:

17  1.    All pretrial motions shall be filed in accordance with Civil L.R. 7.  A motion shall be noticed pursuant

18        to Civil L.R. 7-2 without calling the Court.  Civil law and motion is heard on Thursday mornings at

19        10:00 a.m.

20

21  D.    Discovery:

22  1.    The parties shall abide by Judge James' standing order regarding discovery and dispute procedures.

23

24

25  E.    Disclosure of Expert Witnesses:

26  1.    Any party wishing to present expert witness testimony with respect to a claim or defense shall serve

27        on all other parties the name, address, qualifications, resume, and a written report which complies with

28        Federal Rule of Civil Procedure  26(a)(2)(B) on or before _____ (210 days before trial).

6

| | |
|---|---|
| 1 | 2. |
| 2 | |
| 3 | |
| 4 | |
| 5 | 3. |
| 6 | |

2.   This disclosure must be made with respect to a person who is either (a) specifically retained or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

3.   **A party or counsel has a continuing duty to supplement the disclosure of expert witnesses when required under Federal Rule of Civil Procedure 26(e)(1).**

F.   <u>Rebuttal Expert Witnesses</u>:

1.   If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B), no later than _____(200 days before the trial).

G.   <u>Limitation on Testimony by Expert Witnesses</u>:

1.   Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition.

2.   Unless application is made prior to the close of expert discovery, each party is limited to calling only one expert witness in each discipline involved in the case.

3.   Any party objecting to the admissibility of the testimony of person disclosed as an expert witness must file a written motion *in limine* to exclude the testimony no later than the deadline set in this order for filing motions *in limine*.

H.   <u>Close of Discovery</u>:

1.   All discovery, including depositions of expert witnesses, must be completed by _____ (185 days before trial).

2.   Pursuant to Federal Rule of Civil Procedure 16(b) and Civil L.R. 26-2, a discovery request or

1    stipulation that calls for responses or depositions after the discovery cut-off date are not enforceable

2    except by order of the Court and upon a showing of good cause.

3    3.    Pursuant to Civil L.R. 26-2, no motions to compel discovery may be filed later than 10 days after the

4    discovery cut-off date.

5

6    I.    Dispositive Motions:

7    1.    Pursuant to Civil L.R. 7-2, all dispositive motions shall be filed, served and noticed by

8    _____ (155 days prior to trial). The parties shall file a joint statement of undisputed facts

9    pursuant to Civil L.R. 56-2(b) when filing a motion for summary judgment or summary adjudication.

10    2.    The Court shall hear dispositive motions on _____ ( 120 prior days to trial, during the

11    Court's Thursday law and motion calendar) at 10:00 a.m. in Courtroom B, 15th Floor of the Federal

12    Building, located at 450 Golden Gate Avenue, San Francisco, California.

13

14    J.    Exchange and filing of Trial Papers:

15    1.    By _____ (60 days before trial) lead counsel who will try the case shall meet and confer

16    with respect to the preparation and content of the joint pretrial conference statement and shall

17    exchange (but not file or lodge) the papers described in paragraph 2 below.

18    2.    By _____ ( 45 days before trial) counsel shall file the papers described in Federal Rule

19    of Civil Procedure 26(a)(3) and a joint pretrial conference statement including the following:

20    (A) Substance of the Action: A brief description of the substance of claims and defenses which remain

21    to be decided.

22    (B) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of

23    damages claimed as well as witnesses, documents or other evidentiary material to be presented

24    concerning the amount of damages.

25    (C) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as

26    well as which facts parties will stipulate for incorporation into the trial record without the necessity of

27    supporting testimony or exhibits.

28    (D) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain

8

1  to be decided.

2  (E) Agreed Statement: A statement assessing whether all or part of the action may be presented upon

3  an agreed statement of facts.

4  (F) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.

5  (G) Witness list: A list of all witnesses to be called for trial. The parties shall submit a page-length

6  detailed summary of the substance of the proposed testimony of each witness, which shall also specify

7  to which disputed fact the testimony relates and an estimate of the time required for direct and cross

8  examination of each prospective witness.

9  (H) Exhibit list: A list of all exhibits to be offered at trial. The exhibit list shall list each proposed exhibit

10  by its number or alphabetical letter, description and sponsoring witness. All documents shall be

11  authenticated prior to trial.

12  (I) Estimated Time of Trial: An estimate of the number of hours needed for the presentation of each

13  party's case.

14  (J) Settlement: A statement summarizing the status of the parties' settlement negotiations.

15  **No party shall be permitted to offer any witness or exhibit in its case in chief that is** **not**

16  **disclosed in its witness or exhibit list without leave of the Court for good cause  shown.**

17  3.  Motions *in limine*: Counsel are directed to meet and confer to resolve any evidentiary

18  disputes prior to filing  motions *in limine*. Any motions *in limine* shall be filed _____ (45

19  days prior to trial). Any Opposition to motions *in limine* shall be filed _____ (38 days prior

20  to  trial).  These matters will be deemed submitted on the papers without oral argument, unless the

21  Court orders otherwise.

22  4.  Trial Briefs:  Counsel shall file trial briefs setting forth the applicable legal standard, pursuant to Ninth

23  Circuit authority, all significant disputed issues of law, including foreseeable procedural and evidentiary

24  issues by _____ (30 days prior to trial).

25  5.  Joint Proposed Voir Dire (Jury Trial Only):  Counsel should submit a **joint** set of  requested voir dire

26  to be posed by the Court by _____ (30 days prior to trial).   Any voir dire questions on

27  which counsel cannot agree shall be submitted separately by _____ (30 days prior to trial).

28  Counsel will be allowed brief follow-up voir dire after the Court's questioning.

6.    Joint Proposed Jury Instructions (Jury Trial Only): Jury instructions § 1.01 through § 2.02 and § 3.01 through § 3.15 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (1998 Edition) will be given absent objection. Counsel shall submit a **joint** set of additional proposed jury instructions by _____ (30 days prior to trial). . The instructions shall be ordered in a logical sequence, together with a table of contents. Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction. The Court prefers that all jury instructions conform to the Manual of Model Civil Jury Instructions for the Ninth Circuit.

If possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk in WordPerfect format. The disk label shall include the name of the parties, the case number and be entitled "Proposed Jury Instructions."

At the close of Defendant's case in chief, the Court shall hear oral argument on the disputed jury instructions and will then render its rulings.

7.    Proposed Verdict Forms, Joint or Separate (Jury Trial Only): Counsel shall submit any **joint** proposed verdict forms and shall submit their separate verdict forms by _____ (30 days prior to trial).

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed verdict forms on a computer disk in WordPerfect. The disk label shall include the name of the parties, the case number and be entitled "Proposed Verdict Forms."

8.    Proposed Findings of Fact and Conclusions of Law (Court Trial Only): Counsel shall submit **joint** proposed findings of facts by _____ (30 days prior to trial). Counsel shall submit separately a copy of their disputed findings of fact and conclusions of law by _____ (30 days prior to trial).

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed findings of fact on a computer disk in WordPerfect. The disk label shall include the name of the

10

1   parties, the case number and be entitled "Joint Proposed Findings of Facts."

2

3   K.   Pretrial Conference:

4   1.   On _____ (30 days prior to trial, during the Court's Thursday law and motion calendar

5   is held on Thursdays) the Court shall hold a pretrial conference at 10:00 a.m. in Courtroom B, 15th

6   Floor of the Federal Building, located at 450 Golden Gate Avenue, San Francisco, California. Lead

7   counsel who will try the case must attend the pretrial conference. The purpose of the pretrial

8   conference is for the Court to rule on any issues raised in the final pretrial conference statement,

9   motions *in limine*, and to discuss the trial of the case.

10

11  L.   Final Pretrial Conference:

12  1.   On _____ (4 days prior to trial, during the Court's Thursday law and motion calendar)

13  the Court shall hold a final pretrial conference to address any outstanding trial issues.

14

15  M.   Trial Date:

16  1.   The trial shall commence [with jury selection taking place] on _____ (Trial

17  schedule: Monday through Thursday, at 1:30 p.m. to 5:00 p.m.). The trial shall last _____

18  days.

19  2.   For any documents, including the deposition of a witness testifying at trial, which will be shown

20  presented to a witness **but will not be admitted into evidence,** counsel shall bring the original plus

21  three clean copies of the documents. The original document will be handed to the Court during

22  testimony, and the clean copies of the document will be given to the witness during the examination

23  and to opposing counsel.

24  3.   Counsel shall maintain their own exhibits during trial. Exhibits are to be premarked with exhibit tags

25  stapled to the upper lefthand corner. If a photo or chart is being used as an exhibit, the exhibit tag

26  should be placed on the back side of the exhibit. **The Court will only admit premarked exhibits**

27  **which were listed on the earlier filed exhibit list.**

28       Plaintiff shall mark the exhibits numerically; Defendant shall mark the exhibits alphabetically.

11

1     The exhibit markers shall each contain the name and number of the case, the number or alphabetical

2     letter of the exhibit, and blank spaces to accommodate the date admitted and the Deputy Clerk's

3     initials.

4    4.    On the day of trial, counsel shall bring the original premarked exhibits, a copy of the premarked

5     exhibits for opposing counsel and two binders which contain a copy of each side's premarked exhibits

6     for the Court. **The premarked exhibit binders are to be designated with label dividers.** The

7     premarked exhibit binders will be given to the Courtroom Deputy on the morning of the trial.

8

9    N.    Jury Selection:

10    1.    The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select

11     their names at random and seat them in the courtroom in the order in which their names are called.

12        Voir dire will be asked of sufficient venire persons that eight (or more for a lengthy trial) will

13     remain after all peremptory challenges and an anticipated number of hardship dismissals and cause

14     challenges have been made.

15        The Court will then take cause challenges, and discuss hardship claims from the individual

16     jurors, at side bar. The Court will inform the attorneys which hardship claims and cause challenges

17     will be granted, but will not announce those dismissals until the process is completed. Each attorney

18     may then list in writing up to three peremptory challenges. The attorneys will review each other's lists

19     and then submit them to the clerk.

20        Then, from the list of jurors in numerical order, the Court will strike the persons with

21     meritorious hardships, those excused for cause, and those challenged peremptorily. The Court will

22     then call the first eight people in numerical sequence remaining. These people will be the jury. All

23     jurors remaining at the close of the case will deliberate. There are no alternates.

24

25    O.    Sanctions:

26     Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

27

28

P.   Transcripts:

Counsel who wants to receive a daily transcript shall contact Robert Stuart, Supervisor Court Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date.

If any video or tape recording equipment or demonstrative devices will be used, a signed order will need to be obtained at least ten days in advance of the trial date for the items to clear security.

Q.   Questions:

All questions regarding these instructions should be directed to Brenda Tolbert, Courtroom Deputy Clerk to Judge James, at (415) 522-4708.

Date: _____          Plaintiff's Counsel      _____
                                                          Signature

                                 Plaintiff's Counsel      _____
                                                          Printed Name

Date: _____          Defendant's Counsel  _____
                                 Signature

                                 Defendant's Counsel  _____
                                                          Printed Name

IT IS SO ORDERED.

Date: _____                               _____
                                                      Maria-Elena James
                                                      United States Magistrate Judge

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF TRIAL ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE AND ORDER TO FILE CONSENT/REQUEST FOR REASSIGNMENT FORM**

This civil case was randomly assigned to United States Magistrate Judge Maria-Elena James for all purposes including trial. In accordance with Title 28, U.S.C. § 636(c), the Magistrate Judges of this District Court are designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and to order the entry of final judgment, upon the consent of the parties. An appeal from a judgment entered by Magistrate Judge James may be taken directly to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other judgment of a district court.

You have the right to have your case assigned to a United States District Judge for trial and disposition. Attached is the form which allows you to either consent to, or decline Judge James' jurisdiction and request reassignment to a District Judge.

Each party shall sign and file the consent/declination form, either consenting to Judge James' jurisdiction, or requesting reassignment to a District Judge, no later than the filing deadline for the joint case management statement assigned by the initial case management schedule.

IT IS SO ORDERED.

Date:   December 13, 2002

_____

Maria-Elena James
United States Magistrate Judge

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

STANDING ORDER RE:     DISCOVERY AND DISPUTE PROCEDURES FOR CASES
ASSIGNED OR REFERRED TO MAGISTRATE JUDGE MARIA-ELENA JAMES

In ALL CASES, except those categories of cases listed in Fed.R.Civ.P. 26(a)(1)(E),
assigned to Magistrate Judge Maria Elena James for trial or referred to Magistrate Judge Maria-Elena
James for purposes of discovery, the parties shall follow the following procedures:

Discovery & Disclosure Dispute Procedures:

The Discovery and Disclosure Dispute Procedures inform a *pro se* party or counsel of the
specific procedures required by Judge James before filing a formal discovery motion, pursuant to Civil
L. R. 7, or when requesting a telephonic discovery conference, pursuant to Paragraphs 4 or 5 below.
Counsel and *pro se* parties are required to follow the Discovery and Disclosure Dispute Procedures
herein to resolve all discovery and disclosure disputes.

1.      Parties (or counsel) shall propound disclosures and discovery in accordance with the Fed. R.
Civ. P. 26, 30, 31, 32, 33, 34, 35 and 36 and the Civil L. R. 26, 30, 33, 34 and 36.  All requests for
protective orders must comply with Civil L. R. 79-5.  A copy of the Civil Local Rules for the
Northern District of California is available at the Office of the Clerk of the Court or are available for
public viewing at the Court's internet site - http://www.cand.uscourts.gov.  Pursuant to Fed. R. Civ.
P. 30(a)(2), no more than ten depositions may be taken except by order of the Court.  Pursuant to
Fed. R. Civ. P. 33(a) and Civil L.R. 33-3, no more than 25 interrogatories shall be propounded
except pursuant to stipulation or order of the Court.

2.      The parties shall meet and confer regarding their initial disclosures pursuant to Fed. R. Civ. P.
26(f) and shall make disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(E).  The parties shall
supplement their initial disclosures when required under Fed. R. Civ. P. 26(e)(1).

3.      Civil law and motion is heard on Thursday mornings at 10:00 a.m.  Motions to compel may
be noticed pursuant to Civil L. R. 7-2, without calling the Court.  However, before the Court will

consider a motion to compel a **joint** meet and conferral letter must be filed, as described in paragraph 4 below.

4.    Prior to filing any discovery motion under Civil L. R. 7, or before requesting a telephonic discovery conference, counsel must meet and confer **in person** for the purpose of resolving all disclosure and/or discovery disputes.  Thereafter, counsel shall draft and file a jointly signed letter which (1) attests that prior to filing the motion to compel the parties met and conferred **in person** on the unresolved discovery dispute; (2) sets forth the unresolved discovery dispute; and (3) states each party's position as supported by statutory and/or case law.  Said joint letter shall be signed by both parties, shall be limited to five pages and may not be accompanied by exhibits or affidavits other than exact copies of disputed interrogatories, requests for production of documents and/or responses.

5.    Generally, the Court will not consider a motion to compel.  Instead, the parties shall file a joint meet and confer letter.  In the event that counsel was unable to meet and confer with opposing counsel and/or party as directed above, counsel shall request in writing a telephonic discovery conference for the purpose of enforcing the Court's requirement to meet and confer or for the Court to fashion an alternative procedure which satisfies the meet and confer requirement.  Counsel's written request shall state (1) three agreed upon prospective times and dates for the telephonic discovery conference to take place, (2) the anticipated length of the telephonic discovery conference, and (3) the phone numbers at which counsel shall be contacted on the day of the telephonic discovery conference.  A copy of the written request shall be served on opposing counsel and/or party and verification of said service shall be submitted to the Court.  Additionally, counsel shall file a declaration which states the attempt and reasons for the failure to meet and confer.  Counsel may attach exhibits to support the declaration, but the declaration and exhibits combined may not exceed seven pages.  The Court will not excuse a party from the requisite meet and conferral unless good cause is shown.  Counsel's refusal to meet and confer without good cause shown will result in sanctions, pursuant to Fed. R. Civ. P. 16(f) and Civil L. R. 37-3.

6.    **In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by the close**

of the next court day following the day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked "Magistrate Judge Maria-Elena James", case number and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

7.    Pursuant to Civil L. R. 37-1(b), in lieu of filing a formal motion, discovery conferences may be conducted telephonically. Parties shall request a telephonic discovery conference in writing which shall include (1) the joint meet and confer letter, as set forth above, (2) three agreed upon prospective times and dates for the telephonic discovery conference to take place, (3) the anticipated length of the telephonic discovery conference, and (4) the telephone numbers at which the parties shall be contacted on the day of the telephonic discovery conference. A copy of the written request shall be served on the opposing party or counsel and verification of said service shall be submitted to the Court.

The parties shall not telephone the Court to arrange a telephonic discovery conference without first sending the Court a written request for the telephonic discovery conference. The Court will not consider a written request for a telephonic discovery conference which is not accompanied by said joint meet and confer letter.

Upon approval, the Court shall contact the parties to inform them of the time and date of the telephonic discovery conference. Unless excused for good cause, the party requesting the telephonic discovery conference shall arrange the conference call on the date and time ordered by the Court.

8.    In the event that the parties are participating in a deposition or a site inspection and a discovery dispute arises regarding the deposition and/or site inspection, the parties may contact Judge James' Courtroom Deputy, Brenda Tolbert, at 415-522-4708, to inquire whether Judge James' is available to resolve the parties' impending dispute telephonically. In the event that Judge James is not available or the parties are unable to contact Judge James' Courtroom Deputy for any reason, the parties shall follow the procedures set forth in paragraph 6 above.

9.    In the event that a matter is to be taken off calender, or continued to a further date, a written stipulation signed by the parties shall be submitted to the Court for approval; said stipulation must be

17

1
2
3    received by the Court at least five business days prior to the scheduled hearing date.

4    10.    Other than scheduling matters, pursuant to Civil L. R. 11-4(c), a party shall not contact the

5    Court *ex parte* without prior notice to opposing party. All communications or questions to the Court

6    shall be presented to the Court in writing. Parties must certify to the Court that all parties were faxed

7    or mailed a copy of the written communication. Unless expressly requested by the Court, documents

8    should not be faxed to chambers but should be filed or lodged in accordance with the Local Rules of

     Court.

9    11.    Parties shall not mail or fax to the Court copies of correspondence from a party regarding any

10   dispute pending before the Court.

11   12.    Parties have a continuing duty to supplement the initial disclosures when required under Fed.

12   R. Civ. P. 26(e)(1).

13   13.    Motions for sanctions shall be filed separately, pursuant to Fed. R. Civ. P. 37 and Civil L. R.

14   37-3. Any party seeking an award of attorney's fees or other expenses in connection with a motion

15   shall file a declaration with the opposition or reply memorandum which itemizes with particularity the

16   fees and expenses claimed.

17         The failure of a party to abide by Judge James' Discovery and Disclosure Dispute Procedures

18   may result in sanctions, pursuant to Fed. R. Civ. P. 16(f).

19
20         IT IS SO ORDERED.

21
22   DATED: December 13, 2002

23                                          _____
                                            MARIA-ELENA JAMES
                                            United States Magistrate Judge
24
25
26
27
28

                                    18

1
2
3
4
5
6
UNITED STATES DISTRICT COURT
7
NORTHERN DISTRICT OF CALIFORNIA
8
9
No. C
10
Plaintiff(s),      **CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE**
11
v.
12
13
Defendant(s).
14
_____/
15
CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE
16
In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party
17
hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further
18
proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the
19
judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.
20
21
Dated: _____
22
                                  Signature _____
23
                                  Counsel for _____
                                  (Plaintiff, Defendant or indicate "pro se")
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),

**DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE**
**AND**
**REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

v.

Defendant(s).

_____/

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____     Signature_____

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ROOSEVELT KAIRY,

        Plaintiff (s),

    v.

SUPERSHUTTLE INTERNATIONAL, INC.,
    Defendant(s).

No. **C 08-02993 MEJ**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE AND
ADR DEADLINES**

      IT IS HEREBY ORDERED that this action is assigned to the Honorable Maria-Elena James. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

      IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 6/17/2008 | Notice of removal filed | |
| 9/4/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |
| 9/18/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order | FRCivP 26(a) (1) Civil L.R. 16-9 |

re Contents of Joint Case Management Statement (also
available at http://www.cand.uscourts.gov)

9/25/2008    INITIAL CASE MANAGEMENT CONFERENCE          Civil L.R. 16-10
             (CMC) in Ctrm. B, 15th Floor, SF at 10:00 AM

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    <u>Jurisdiction and Service</u>:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.    <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.    <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.