1 Paul Marron, Esq., State Bar No. 128245
Andre Y. Bates, Esq., State Bar No. 178170
2 MARRON & ASSOCIATES
111 W. Ocean Blvd. Suite 1925
3 Long Beach, CA 90802
Tel.: 562.432.7422
4 Fax: 562.432.8682
E-mail: pmarron@marronlaw.com
5 E-mail: abates@marronlaw.com

6 Robert Jon Hendricks, Esq., State Bar No. 179751
Albert Huang, Esq., State Bar No. 193005
7 Morgan, Lewis & Bockius LLP
300 South Grand Avenue, Twenty-Second Floor
8 Los Angeles, CA 90071-3132
Tel.: 213.612.2500
9 Fax: 213.612.2501
E-mail: rhendricks@morganlewis.com
10 E-mail: ahuang@morganlewis.com

11 Additional Counsel Listed on Next Page

12 Attorneys for Defendants SUPERSHUTTLE
INTERNATIONAL, INC.; and SUPERSHUTTLE
13 FRANCHISE CORPORATION

14                 UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

                    SAN FRANCISCO DIVISION
16

17 ROOSEVELT KAIRY, et al.,          | Case No.: 08-CV-02993 JSW (BZ)

18            Plaintiffs,            | Assigned to Hon. Jeffrey S. White
         vs.
19                                   | ANSWER AND COUNTERCLAIMS OF
   SUPERSHUTTLE INTERNATIONAL, INC., | DEFENDANT SUPERSHUTTLE INTER-
20 et al,                            | NATIONAL, INC AND SUPERSHUTTLE
                                     | FRANCHISE CORPORATION TO
21            Defendants.            | PLAINTIFFS' UNVERIFIED SECOND
   ─────────────────────────────────| AMENDED COMPLAINT
22 SUPERSHUTTLE INTERNATIONAL, INC.  |
   and SUPERSHUTTLE FRANCHISE        | JURY TRIAL DEMANDED
23 CORPORATION,                      |
                                     | Complaint Filed:  May 8, 2008
24            Counterclaimants,      | Trial Date:
         vs.
25
   ROOSEVELT KAIRY, LARRY BROWN,
26 WAYNE DICKSON, DRAKE OSMUN, and
   HARJINDER SINGHDIETZ, all others
27 determined to be similarly situated,

28            Counterclaim Defendants.

-1-

1

Additional Counsel for Defendants:

2

Rebecca Eisen, Esq., State Bar No. 96129

3  Ann Marie Reding, Esq., State Bar No. 226864
MORGAN LEWIS & BOCKIUS LLP

4  One Market, Spear Tower
San Francisco, CA 94105

5  Telephone: (415) 441-1000

6  Facsimile: (415) 442-1001
reisen@morganlewis.com

7  areding@morganlewis.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     <u>**ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTER CLAIMS**</u>

2     Now come Defendants SuperShuttle International, Inc. ("SSI") and SuperShuttle Franchise

3 Corporation ("SSFC") (as used herein, the term "Defendants" shall mean SSI and SSFC, as well as

4 each, individually and/or jointly), and make their Answer, their Affirmative and Other Defenses,

5 and their Counterclaims to the unverified Second Amended Complaint ("Complaint") of Plaintiffs

6 Roosevelt Kairy, Larry Brown, Wayne Dickson, Drake Osmun, and Harjinder Singhdietz

7 ("Plaintiffs"), to the best of their current information and belief, as follows (where matters are

8 denied, they are denied both generally and specifically, unless otherwise stated):

9

10                              <u>**ANSWER**</u>

11 Subject to the Affirmative and Other Defenses, and Counterclaims, Defendants plead as follows to

12 the specific allegations of the Complaint:

13

14                              1.

15 The allegations of Paragraph 1 are assertions of procedural history which require no answer and

16 which are admitted insofar as they seek to assert that Plaintiffs have sued as alleged, but denied

17 insofar as they seek to assert or imply that collective action or class treatment is appropriate, or that

18 any members of the putative class or putative collective action are "similarly situated."

19

20                   **I.**         <u>**JURISDICTION**</u>

21                              2.

22 The allegations of Paragraph 2 are recitations of procedural history which require no answer. They

23 are, however, specifically denied insofar as they seek to assert or imply that collective or class

24 treatment is appropriate.

25

26

27

28

1

## II.    VENUE AND INTRADISTRICT ASSIGNMENT

2
3.

3    The allegations of Paragraph 3 are admitted as to the venue allegations, only.    Defendants

4    specifically deny that any of the Plaintiffs, the putative collective action members, or the putative

5    class members were employed by, hired by, or contracted by Defendants in this or any other

6    District. Defendants further deny that any violations of the law have occurred.

7

8

## III.    INTRODUCTION

9
4.

10    Defendants admit that their business involves, in part, the airport transportation industry.

11    Defendants deny all other allegations of Paragraph 4. Defendants admit that franchisees (who are

12    alleged to be Defendants' "drivers" in the Complaint) have entered into Unit Franchise Agreements

13    with either Cloud 9 Shuttle, Inc., SuperShuttle of San Francisco, Inc., Mini-Bus Systems, Inc.,

14    SuperShuttle Los Angeles, Inc., or Sacramento Transportation Services, Inc. (the "City Licensees"),

15    which are distinct and separate entities from Defendants.    Defendants specifically deny that they

16    have hired, employed or contracted with Plaintiffs and/or "similarly situated Drivers"; that they

17    have, unlawfully or otherwise classified or misclassified any such persons as independent

18    contractors or franchisees or employees; that the franchisees which Plaintiffs label as "drivers" [1]

19    "work," are suffered to "work," or are employed by Defendants; that any violations of law have

20    occurred (willful or otherwise); that Defendants exercise any "pervasive" or other control that

21    establishes employee status; [2] that Defendants do, should, or are legally obligated to, pay franchisees

22    _____

23    [1] Throughout this answer, Defendants have interpreted the otherwise undefined and ambiguous term "drivers," as used in the complaint, to mean the Unit Franchisees and any persons whom Unit Franchisees retain or permit to operate the vehicle(s) used by their franchise.

24    [2] Defendants are aware that the Unit Franchise Agreements between the franchisees and City

25    Licensees (not Defendants) state certain terms pertaining to the manner in which the Unit Franchises are to be operated in certain respects. These "requirements" arise from applicable law [e.g.,

26    California Franchise Relations Act (Cal. Bus. & Prof. Code §§ 20000, et seq.), the California Franchise Investment Law (Cal. Corp. Code §§ 31000, et seq.), publications of the California

27    Department of Corporations interpreting these laws, and General Orders, including General Order 157-D, of the California Public Utilities Commission], or requirements imposed by airport

28    authorities or other local authorities in the permits or agreements which allow SuperShuttle

-4-

1 | "wages," or record any franchisees' "wages;" that Defendants "coerce" franchisees to purchase
2 | services and/or items; that Defendants are required to provide franchisees with off duty meal periods
3 | and/or have "failed" to do so; that Defendants owe plaintiffs or any other franchisees the sums
4 | alleged in the Complaint, or any sums at all; that Defendants are legally responsible in any manner
5 | for payment of any monies at all to Plaintiffs; and that Defendants violate, have violated, or do
6 | violate, the FLSA or California law, as alleged or otherwise.

7

8 | 5.

9 | The allegations of Paragraph 5 are assertions of procedural history which require no answer and are
10 | admitted insofar as they assert Plaintiffs have brought the claims as alleged in the Complaint.
11 | Defendants deny all other allegations insofar as they assert or imply that any of such claims have
12 | any merit whatsoever, and/or that Defendants have committed any violations of federal or California
13 | law or are entitled to any recovery or relief including attorneys' fees and costs. Defendants deny all
14 | allegations insofar as they assert or imply that collective or class treatment is appropriate in this
15 | action.

16

17 | 6.

18 | The allegations of Paragraph 6 are assertions of procedural history which require no answer and are
19 | admitted insofar as they assert Plaintiffs have brought the claims as alleged in the Complaint.
20 | Defendants deny all other allegations insofar as they assert or imply that any of such claims have
21 | any merit whatsoever, and/or that Defendants have committed any violations of federal or California
22 | law or are entitled to any recovery or relief including attorneys' fees and costs. Defendants deny all
23 | allegations insofar as they assert or imply that collective or class treatment is appropriate in this
24 | action.

25

26

27 | franchisees to operate on airport grounds. Moreover, on a repeated basis throughout their complaint,
28 | Plaintiffs direct allegations to Defendants that are more properly directed to City Licensees, who
maintain the contractual and operational relationships with franchisees.

7.

The allegations of Paragraph 7 consist of a stylistic abbreviation which requires no answer, however, all allegations of this paragraph are denied to the extent that they assert or imply that collective or class treatment is appropriate in this action and/or that the putative class members are numerous.

## IV.    PARTIES

### A.    Plaintiffs

8.

Defendants admit that Plaintiff Roosevelt Kairy resides in Oakland, California (Alameda County). Defendants deny all other allegations of Paragraph 8.  Defendants specifically deny that said Plaintiff is, or was, a driver in some contractual relationship with Defendants, during the time period specified, or thereafter, or at any other time period relevant to said Plaintiff's claims. Defendants specifically deny that Plaintiff has had, or has, any relationship with either or both of Defendants as alleged, or is employed by either or both of Defendants.

9.

Defendants admit that Plaintiff Larry Brown resides in Los Angeles, California (Los Angeles County.)  Defendants deny all other allegations of Paragraph 9.  Defendants specifically deny that said Plaintiff is, or was, a driver in some contractual relationship with Defendants, during the time period specified, or thereafter, or at any other time period relevant to said Plaintiff's claims. Defendants specifically deny that Plaintiff has had, or has, any relationship with either or both of Defendants as alleged, or is employed by either or both of Defendants.

10.

Defendants admit that Plaintiff Wayne Dickson resides in Sacramento, California (Sacramento County).  Defendants deny all other allegations of Paragraph 10.  Defendants specifically deny that said Plaintiff is, or was, a driver in some contractual relationship with Defendants, during the time

1 | period specified, or thereafter, or at any other time period relevant to said Plaintiff's claims.
2 | Defendants specifically deny that Plaintiff has had, or has, any relationship with either or both of
3 | Defendants as alleged, is employed by either or both of Defendants, or is in any contractual
4 | relationship with either or both of Defendants.

6 | 11.

7 | Defendants admit that Plaintiff Drake Osmun resides in Concord, California (Contra Costa County).
8 | Defendants deny all other allegations of Paragraph 11. Defendants specifically deny that said
9 | Plaintiff is, or was, a driver in some contractual relationship with Defendants, during the time period
10 | specified, or thereafter, or at any other time period relevant to said Plaintiff's claims. Defendants
11 | specifically deny that Plaintiff has had, or has, any relationship with either or both of Defendants as
12 | alleged, or is employed by either or both of Defendants.

14 | 12.

15 | Defendants admit that Plaintiff Harjinder Singhdietz resides in Downey, California (Los Angeles
16 | County). Defendants deny all other allegations of Paragraph 12. Defendants specifically deny that
17 | said Plaintiff is, or was, a driver in some contractual relationship with Defendants, during the time
18 | period specified, or thereafter, or at any other time period relevant to said Plaintiff's claims.
19 | Defendants specifically deny that Plaintiff has had, or has, any relationship with either or both of
20 | Defendants as alleged, or is employed by either or both of Defendants.

22 | **B.** **Defendants**

23 | 13.

24 | In response to the allegations of Paragraph 13, Defendants admit that SSI is incorporated under the
25 | laws of Delaware. Defendants admit that SSI has registered a website, at www.supershuttle.com,
26 | which states, among other matters, that SuperShuttle is "the nation's leading shared-ride airport
27 | shuttle, providing door-to-door ground transportation to more than 8 million passengers per year."
28 | Defendants further and specifically deny that either or both of them are "an employer covered by the

-7-

1  Fair Labor Standards Act, Cal. Labor Code [and/or] IWC wage order No. 9," with respect to the

2  Plaintiffs or any members of the putative class or collective action.

3

4                                                    14.

5  In response to the allegations of Paragraph 14, Defendants admit that SSFC is incorporated under

6  the laws of Delaware.  Defendants further and specifically deny that either or both of them are "an

7  employer covered by the Fair Labor Standards Act, Cal. Labor Code [and/or] IWC wage order No.

8  9," with respect to the Plaintiffs or any members of the putative class or collective action.

9

10                                                   15.

11  Paragraph 15 sets forth only assertions of law and procedure which require no answer and which are

12  denied insofar as they seek to assert or imply any violations of law have occurred.

13

14                                                   16.

15  Paragraph 16 sets forth only assertions of law and procedure which require no answer and which are

16  denied insofar as they seek to assert or imply any violations of law have occurred.

17

18                          **V.    STATEMENT OF FACTS**

19                                                   17.

20  Defendants admit that franchisees operating with the SuperShuttle brand name provide airport

21  shuttle service to passengers whom franchisees have obtained via the SuperShuttle reservations

22  system. Defendants deny that they operate an "airport and charter passenger shuttle service" in the

23  context alleged in the Complaint. Franchisees provide airport shuttle and charter service to

24  passengers. Defendants cannot determine what is meant by plaintiffs' term "integrated network" in

25  this context, and deny their use of an "integrated network" on that basis. Defendants deny all other

26  allegations of Paragraph 17.

27

28                                                   18.

1    Defendants admit that franchisees transport passengers to and from certain airports serving greater

2    San Francisco, Los Angeles, Sacramento, San Diego, and Orange County, California. Defendants

3    deny all other allegations of Paragraph 18, and specifically deny that the franchisees in California

4    are employed by, or contracted with Defendants to transport passengers.

5

6                                               19.

7    Defendants admit that dispatchers, customer service representatives, and managerial employees (not

8    necessarily employees of Defendants) provide services to franchisees that may include dispatch,

9    customer service, and management functions. Defendants deny that these services are the sort of

10   "supervisory" employee control alleged in Paragraph 19. These services are not performed from

11   "terminals" in the sense of a centralized location where franchisees must return and park their

12   vehicles, as is perhaps suggested by the phrasing of Paragraph 19. Defendants admit that dispatch

13   services are provided to franchisees from various locations and by individuals not necessarily

14   employees of Defendants. Moreover, to the extent Plaintiffs' use of the term "dispatch" is intended

15   to suggest individual dispatcher control over the manner and means in which franchisees transport

16   passengers, such is denied. Defendants specifically deny that Defendants, or any employees of

17   Defendants, exercise and/or previously exercised at any time relevant to this action, "control" over

18   the franchisees' provision of transportation to passengers, in a way that establishes employment

19   status. Defendants admit that franchisees who have signed franchise agreements to operate their

20   vans within broad geographic areas associated with airports but deny the other allegations of

21   Paragraph 19 as to "working in designated geographical areas." Defendants admit that passenger

22   pick ups at locations are made available to franchisees via a computer dispatch system, but deny the

23   level of control and direction implied by Plaintiffs use of the phrasing "assign[ment] of customers

24   and locations for picking up and dropping off passengers each day." Defendants admit that

25   franchisees have accepted statutory, regulatory and contractual obligations that in part influence

26   their interactions with representatives of SuperShuttle. Defendants deny that "drivers" are subjected

27   by Defendants to employee discipline and financial punishment for "not following Defendants'

28   rules and regulations."

20.

Defendants deny all allegations contained in Paragraph 20.

21.

Defendants admit that Plaintiffs and other franchisees provide transportation to passengers made available to franchisees through the SuperShuttle reservation and marketing system. Defendants admit that franchisees operate their own business, which is the transport of shuttle passengers. Defendants otherwise specifically deny the allegations of Paragraph 21 and the implied conclusion, that Plaintiffs and other franchisees are effectively employees merely because they benefit from the SuperShuttle reservation and marketing system.

22.

Defendants deny all allegations of Paragraph 22.  Defendants specifically deny that they exercise any legally significant "control" over any franchisees as alleged in Paragraph 22, and that they have classified the franchisees in any unlawful manner whatsoever.

23.

Defendants deny all allegations of Paragraph 23, and additionally incorporate their denials as set forth in Paragraph 22, above.  Defendants specifically deny that they exercise any legally significant "control" over any franchisee as alleged in Paragraph 23, and that they have classified the franchisees in any unlawful manner whatsoever.  Defendants further specifically deny all allegations of this paragraph which assert or imply that franchisees are "employees" of Defendants.

24.

Defendants deny all allegations contained in Paragraph 24.  Defendants specifically deny that Plaintiffs and/or putative collective action members are misclassified, and that Defendants have classified or misclassified such persons.  Defendants further specifically deny all allegations of this paragraph which assert or imply that franchisees are non-exempt and/or are "employees" of

-10-

1   Defendants under the FLSA, and that Defendants have "failed" to fulfill obligations applicable only

2   to such relationships. Defendants further specifically deny that they had, or have, any policy and/or

3   practice in regard to overtime hours or compensation applicable to Plaintiffs and/or putative

4   collective action members. Defendants currently lack sufficient information regarding the hours

5   actually worked by Plaintiffs and/or putative collective action members to permit it to affirm or

6   deny allegations regarding such matters, or whether such hours exceeded 40 hours in a work week,

7   and therefore deny these allegations, as well, on that basis. Defendants specifically deny that any

8   monies are owing from Defendants to Plaintiffs or putative collective action members, either as

9   alleged, or at all, in any amounts whatsoever.

10

11                                              25.

12  Defendants deny all allegations of Paragraph 25. Defendants specifically deny that Plaintiffs and/or

13  putative collective action members are misclassified, and that Defendants have classified or

14  misclassified such persons. Defendants further deny that Plaintiffs or putative collective action

15  members are employed by, or work in any manner for, Defendants, and that Defendants have

16  "failed" to fulfill obligations applicable only to such relationships. Defendants therefore deny that

17  they have "failed" to pay minimum wage compensation to Plaintiffs or to putative collective action

18  members for any reason whatsoever, inasmuch as Defendants have not employed any such persons

19  at any time, and in any manner, alleged herein. Defendants specifically deny that any monies are

20  owing from Defendants to Plaintiffs or putative collective action members, either as alleged, or at

21  all, in any amounts whatsoever.

22

23                                              26.

24  Defendants deny all allegations of Paragraph 26. Defendants specifically deny that Plaintiffs and/or

25  putative collective action members are misclassified, and that Defendants have classified or

26  misclassified such persons. Defendants further deny that Plaintiffs or putative collective action

27  members are employed by, or work in any manner for, Defendants, and that Defendants have

28  "failed" to fulfill obligations applicable only to such relationships. Defendants specifically deny all

1   allegations as alleged in Paragraph 26 insofar as they seek to assert or imply that class treatment is

2   appropriate.  Defendants specifically deny that any monies are owing from Defendants to Plaintiffs

3   or putative class action members, either as alleged, or at all, in any amounts whatsoever.

4

5                                    27.

6   Defendants deny all allegations of Paragraph 27.  Defendants specifically deny that Plaintiffs and/or

7   putative collective action members are misclassified, and that Defendants have classified or

8   misclassified such persons.  Defendants further deny that Plaintiffs or putative collective action

9   members are employed by, or work in any manner for, Defendants, and that Defendants have

10  "failed" to fulfill obligations applicable only to such relationships.  Defendants specifically deny all

11  allegations as alleged in Paragraph 27 insofar as they seek to assert or imply that class treatment is

12  appropriate, and/or that any persons are "similarly situated."  Defendants specifically deny that any

13  monies are owing from Defendants to Plaintiffs or putative class action members, either as alleged,

14  or at all, in any amounts whatsoever.

15

16                                   28.

17  Defendants deny all allegations of Paragraph 28. Defendants specifically deny that Plaintiffs and/or

18  putative collective action members are misclassified, and that Defendants have classified or

19  misclassified such persons.  Defendants further deny that Plaintiffs or putative collective action

20  members are employed by, or work in any manner for, Defendants, and that Defendants have

21  "failed" to fulfill obligations applicable only to such relationships.  Defendants specifically deny all

22  allegations as alleged in Paragraph 28 insofar as they seek to assert or imply that class treatment is

23  appropriate, and/or that any persons are "similarly situated."  Defendants specifically deny that any

24  monies are owing from Defendants to Plaintiffs or putative class action members, either as alleged,

25  or at all, in any amounts whatsoever.

26

27

28

29.

Defendants deny all allegations of Paragraph 29. Defendants specifically deny all allegations as alleged in Paragraph 29 insofar as they seek to assert or imply that class treatment is appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that Plaintiffs and/or putative collective action members are misclassified, and that Defendants have classified or misclassified such persons. Defendants further deny that Plaintiffs or putative class action members are employed by, or work in any manner for, Defendants. Defendants deny that they have "failed" to pay minimum wage compensation to Plaintiffs or to putative class action members for any reason whatsoever, inasmuch as Defendants have not employed any such persons at any time, and in any manner, alleged herein. Defendants specifically deny that any sums are owing from Defendants to Plaintiffs or putative class action members, either as alleged, or at all, in any sums whatsoever.

30.

Defendants deny all allegations of Paragraph 30. Defendants specifically deny that class treatment is appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that Plaintiffs and/or putative collective action members are misclassified, and that Defendants have classified or misclassified such persons. Defendants further specifically deny all allegations of this paragraph which assert or imply that franchisees are "employees" of Defendants under the California law, and that Defendants have "failed" to fulfill obligations applicable only to such relationships. Defendants further specifically deny that they were required to have, had, or have, any policy and/or practice in regard to overtime hours or compensation applicable to Plaintiffs and/or putative collective action members.

31.

Defendants deny all allegations of Paragraph 31. Defendants specifically deny all allegations as alleged in Paragraph 31 insofar as they seek to assert or imply that class treatment is appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that Plaintiffs and/or putative class action members are misclassified, and that Defendants have classified or misclassified

-13-

1   such persons.  Defendants further specifically deny all allegations of this paragraph which assert or

2   imply that franchisees are "employees" of Defendants under California law, and therefore deny that

3   Defendants have "failed" to fulfill obligations applicable only to such relationships.

4

5                                                    32.

6   Defendants deny all allegations of Paragraph 32.  Defendants specifically deny all allegations as

7   alleged in Paragraph 32 insofar as they seek to assert or imply that class treatment is appropriate,

8   and/or that any persons are "similarly situated." Defendants specifically deny that Plaintiffs and/or

9   putative class action members are misclassified, and that Defendants have classified or misclassified

10  such persons.  Defendants further specifically deny all allegations of this paragraph which assert or

11  imply that franchisees are "employees" of Defendants under California law, and therefore deny that

12  Defendants have "failed" to fulfill obligations applicable only to such relationships.

13

14                                                   33.

15  Defendants deny all allegations of Paragraph 33.  Defendants specifically deny all allegations as

16  alleged in Paragraph 33 insofar as they seek to assert or imply that class treatment is appropriate.

17  Defendants specifically deny that Plaintiffs and/or putative class action members are misclassified,

18  and that Defendants have classified or misclassified such persons.  Defendants further specifically

19  deny all allegations of this paragraph which assert or imply that franchisees are "employees" of

20  Defendants under California law, and therefore deny that Defendants have "failed" to fulfill

21  obligations applicable only to such relationships.

22

23                                                   34.

24  Defendants deny all allegations of Paragraph 34.  Defendants specifically deny all allegations as

25  alleged in Paragraph 34 insofar as they seek to assert or imply that class treatment is appropriate,

26  and/or that any persons are "similarly situated." Defendants specifically deny that any violation of

27  law occurred in association with Plaintiffs Brown and Dickson as alleged.   Defendants also

28  affirmatively allege that class treatment is inappropriate, based upon the fact that Plaintiffs Brown

                                                    -14-

1    and Dickson are making such claims set forth in this paragraph.  Defendants specifically deny that

2    Plaintiffs and/or putative class action members are misclassified, and/or that Defendants have

3    classified or misclassified such persons.  Defendants further specifically deny all allegations of this

4    paragraph which assert or imply that franchisees are "employees" of Defendants under California

5    law, and therefore deny that Defendants have "failed" to fulfill obligations applicable only to such

6    relationships.

7

8                        **VI.    COLLECTIVE ACTION ALLEGATIONS**

9                                          35.

10   Paragraph 35 contains assertions of procedural history which require no answer.  Defendants deny

11   all substantive allegations of Paragraph 35. Defendants specifically deny all allegations as alleged in

12   Paragraph 35 insofar as they seek to assert or imply collective action treatment is appropriate.

13   Defendants deny all allegations of this paragraph that imply that Defendants had any contractual

14   relationship with the Plaintiffs or the members of the putative collective action, as set forth in the

15   Complaint, and/or at all.  Defendants further specifically deny all allegations of this paragraph

16   which assert or imply that franchisees are non-exempt and/or are "employees" of Defendants under

17   the FLSA.

18

19                                         36.

20   Defendants deny all allegations of Paragraph 36.  Defendants specifically deny all allegations of this

21   paragraph that imply that Defendants had any contractual relationship with the Plaintiffs or the

22   members of the putative collective action, as set forth in the Complaint and/or at all, and further

23   deny that Plaintiffs and the members of the putative collective action were employees of

24   Defendants.  Defendants specifically deny such allegations insofar as they seek to assert or imply

25   that collective action is appropriate, and/or that Plaintiffs, and/or the members of the putative

26   collective action are "similarly situated" and/or perform any duties "for" Defendants, that

27   Defendants exercise any legally significant control over the manner and/or means whereby Plaintiffs

28   and/or members of the putative collective action perform any acts, that Plaintiffs and/or members of

-15-

1  the putative collective action are misclassified, and/or that Defendants have classified or
2  misclassified such persons.

3

4                                              37.

5  Defendants deny all allegations of Paragraph 37. Defendants specifically deny all allegations as
6  alleged in Paragraph 37 insofar as they seek to assert or imply collective action treatment is
7  appropriate, and/or that Plaintiffs, and/or the members of the putative collective action are "similarly
8  situated."

9

10                                             38.

11  Paragraph 38 contains assertions of procedural history which require no answer.  Defendants deny
12  all allegations of Paragraph 38, insofar as they seek to assert or imply collective action treatment is
13  appropriate, and/or that Plaintiffs, and/or the members of the putative collective action are "similarly
14  situated," and/or that Plaintiffs should be given information pertaining to any members of the
15  putative collective action.

16

17              **VII.   RULE 23 CLASS ACTION ALLEGATIONS.**

18                                             39.

19  Paragraph 39 contains assertions of procedural history which require no answer.  Defendants deny
20  all allegations of Paragraph 39 that imply that Defendants had any contractual relationship with the
21  Plaintiffs or the members of the putative class action, as set forth in the Complaint, and/or at all.
22  Defendants specifically deny such allegations insofar as they seek to assert or imply that a class
23  treatment is appropriate.

24

25                                             40.

26  Paragraph 40 contains assertions of law and procedure which require no answer.  Defendants lack
27  sufficient information at present upon which to admit or deny that Plaintiffs' counsel are competent,
28  or that Plaintiffs will prosecute the case vigorously on behalf of the Class, if the matter is certified,

-16-

1    and therefore deny these allegations on that basis. Defendants specifically deny that Plaintiffs have

2    no conflicts of interest with the members of the putative class. Defendants deny all other allegations

3    of Paragraph 40. Defendants specifically deny all allegations alleged in Paragraph 40 insofar as

4    they seek to assert or imply collective or class treatment is appropriate, and/or that Plaintiffs, and/or

5    the members of the putative collective action are "similarly situated." Defendants specifically deny

6    that the issues listed in the Complaint will be more efficiently determined on a representative basis.

7    Defendants affirmatively assert that the resolution of such issues will instead require individual

8    determinations as to each of the Plaintiffs, and each of the putative collective action members and

9    putative class members. Defendants specifically deny that Defendants have committed any

10   violations of Federal or California State Law as alleged in Paragraph 40. Defendants specifically

11   deny that the members of the putative class are numerous. Defendants specifically deny that the

12   members of the putative class are known or ascertainable as asserted in the Complaint, or otherwise.

13   Defendants deny that Plaintiffs, and/or any members of the putative class were injured in any

14   manner by Defendants, or at all.

15

16                                    **VIII.  DAMAGES**

17                                           41.

18   Defendants deny all allegations of Paragraph 41. Defendants specifically deny all allegations as

19   alleged in Paragraph 41 insofar as they seek to assert or imply collective action or class treatment is

20   appropriate. Defendants specifically deny that any violations of Federal or California State Law

21   have occurred and that any damages are owed as alleged in Paragraph 41. Defendants specifically

22   deny that any monies are owing from Defendants to Plaintiffs or putative class action members,

23   either as alleged, or at all, in any amounts whatsoever.

24

25

26   / / /

27   / / /

28

-17-

## IX.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (FLSA CLAIMS, 29 U.S.C. § 201, ET SEQ.)

### (ON BEHALF OF PLAINTIFFS AND FLSA COLLECTIVE ACTION MEMBERS)

42.

Paragraph 42 contains statements of procedure which require no answer. Defendants deny all other allegations of Paragraph 42 insofar as they seek to assert or imply collective action treatment is appropriate. Defendants specifically deny that they have violated the FLSA as alleged in this Claim for Relief. Defendants reallege and incorporate herein by reference, all denials and allegations set forth in regard to the paragraphs of the Complaint incorporated by Plaintiffs into Paragraph 42.

43.

Defendants admit that their gross operating revenues are in excess of $500,000, and have been since at least May of 2004. Defendants admit that they are "engaged in interstate 'commerce.'" Defendants deny all other allegations. Defendants specifically deny that they are employers of the Plaintiffs and/or the putative collective action members under the FLSA, and that Plaintiffs and/or the putative collective action members are Defendants' "employees," under the FLSA.

44.

Paragraph 44 contains statements of law and procedure that require no answer. Defendants deny all other allegations of Paragraph 44. Defendants specifically deny any information and/or knowledge of whether it is "likely" individuals will sign consent forms to join this action, as alleged in Paragraph 44.

45.

Paragraph 45 contains statements of law that require no answer. Defendants deny all other allegations of Paragraph 45 insofar as they seek to assert or imply that collective action treatment is appropriate or that violations of the FLSA have occurred.

-18-

46.

Paragraph 46 contains statements of law that require no answer. Defendants deny all other allegations of Paragraph 46 insofar as they seek to assert or imply that collective action treatment is appropriate or that violations of the FLSA have occurred. Defendants specifically deny these allegations to the extent that they imply that Defendants are, or were, the employers of the Plaintiffs and/or the putative collective action members under the FLSA, and/or that Plaintiffs and/or the putative collective action members are, or were, Defendants' "employees," under the FLSA.

47.

Paragraph 47 contains statements of law that require no answer. Defendants deny all other allegations of Paragraph 47 insofar as they seek to assert or imply that collective action treatment is appropriate or that violations of the FLSA have occurred. Defendants specifically deny these allegations to the extent that they imply that Defendants are, or were, the employers of the Plaintiffs and/or the putative collective action members under the FLSA, and/or that Plaintiffs and/or the putative collective action members are, or were, Defendants' "employees," under the FLSA, and therefore deny that Defendants have "failed" or "refused" to fulfill obligations applicable only to such relationships.

48.

Paragraph 48 contains statements of law that require no answer. Defendants deny all other allegations of Paragraph 48 insofar as they seek to assert or imply that collective action treatment is appropriate or that violations of the FLSA have occurred. Defendants specifically deny that Defendants are, or were, the employers of the Plaintiffs and/or the putative collective action members under the FLSA. Defendants specifically deny that Plaintiffs and/or the putative collective action members are, or were, Defendants' "employees," under the FLSA, and therefore deny that Defendants have "violated" or "continue to violate" obligations applicable only to such relationships.

-19-

49.

Defendants deny all allegations of Paragraph 49. Defendants specifically deny all allegations insofar as they seek to assert or imply that collective action treatment is appropriate or that violations of the FLSA have occurred. Defendants specifically deny that Defendants are, or were, the employers of the Plaintiffs and/or the putative collective action members under the FLSA. Defendants specifically deny that Plaintiffs and/or the putative collective action members are, or were, Defendants' "employees," under the FLSA, and therefore deny that Defendants have "failed" to fulfill obligations, or "violated" law applicable only to such relationships.

50.

Paragraph 50 contains statements of law that require no answer. Defendants deny all other allegations of Paragraph 50 insofar as they seek to assert or imply that collective action treatment is appropriate or that violations of the FLSA have occurred for which damages should be awarded. Defendants specifically deny that Plaintiffs and/or the putative collective action members are, or were, Defendants' "employees," under the FLSA, and therefore deny that the FLSA provides any basis for the claims made in this paragraph. Defendants deny that Plaintiffs and/or putative collective action members are entitled to any legal or equitable relief on account of these claims at all, and/or in any sums whatsoever.

51.

Paragraph 51 contains statements of law that require no answer. Defendants deny all other allegations of Paragraph 51 insofar as they seek to assert or imply that collective action treatment is appropriate or that violations of the FLSA have occurred for which damages should be awarded. Defendants deny that Plaintiffs and/or putative collective action members are entitled to any legal or equitable relief on account of these claims, and/or in any amounts whatsoever, or at all.

**SECOND CLAIM FOR RELIEF**

**MINIMUM WAGE (CAL. LABOR CODE §§ 1182.11, 1194 ET SEQ., IWC WAGE**

**ORDER NO. 9, MINIMUM WAGE ORDER)**

**(ON BEHALF OF PLAINTIFFS AND ALL CALIFORNIA CLASS MEMBERS)**

52.

Paragraph 52 contains statements of procedure which require no answer.  Defendants deny all other allegations of Paragraph 52 insofar as they seek to assert or imply that class treatment is appropriate. Defendants specifically deny that they have engaged in any violation of California Labor Code and/or IWC Wage Order provisions, as alleged in this Claim for Relief.  Defendants reallege and incorporate herein by reference, all denials and allegations set forth in regard to the paragraphs of the Complaint incorporated by Plaintiffs into Paragraph 52.

53.

Paragraph 53 contains statements of law which require no answer.  Defendants admit that the minimum wage, under the referenced laws of the State of California, from January 1, 2002 through December 31, 2006 was $6.75 per hour, from January 1, 2007 through December 31, 2007 was $7.50 per hour, and from January 1, 2008 through present was (and is) $8.00 per hour.  Defendants admit that Labor Code §§ 1182.11 and 1197, Wage Order 9-2001, and the Minimum Wage Order were in effect for all times relevant to this Complaint.  Defendants specifically deny all other allegations of the complaint and specifically deny that Defendants were or are in violation of  Labor Code §§ 1182.11 and 1197, Wage Order 9-2001, and the Minimum Wage Order with respect to Plaintiffs and/or members of the putative class.  Defendants specifically deny that they are, or  were, the employer of Plaintiffs and/or any members of the putative class as described in this Complaint, and further deny that they are, or were, obligated to pay any monies whatsoever to Plaintiffs or any members of the putative class by reason of such status or the laws referenced in this paragraph. Defendants further deny that that a class action is appropriate.

-21-

54.

Defendants deny all allegations of Paragraph 54. Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery or that class treatment is appropriate. Defendants specifically deny that they are, or were, the employer of Plaintiffs and/or any members of the putative class as described in this Complaint. Defendants specifically deny that they caused Plaintiffs and/or any members of the putative class to "incur expenses [and/or] deductions," as described in this Complaint. Defendants further deny that they are, or were, obligated to pay any monies whatsoever to Plaintiffs or any members of the putative class under the laws referenced in this paragraph, or at all.

55.

Defendants deny all allegations of Paragraph 55. Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery or that class treatment is appropriate. Defendants specifically deny that they are, or were, the employer of Plaintiffs and/or any members of the putative class as described in this Complaint. Defendants specifically deny that they caused Plaintiffs and/or any members of the putative class to "incur expenses [and/or] deductions, that contributed to Defendants failing to pay minimum wages . . ." on the grounds that the phrase is unintelligible, and not factual as understood by Defendants. Defendants further deny that they are, or were, obligated to pay any monies whatsoever to Plaintiffs or any members of the putative class by reason of such status or the laws referenced in this paragraph.

56.

Defendants deny all allegations of Paragraph 56. Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery or that class treatment is appropriate. Defendants specifically deny that they were the employer of Plaintiffs and/or any members of the putative class as described in this Complaint. Defendants specifically deny that they are liable for reasonable attorneys' fees and/or costs under the California Labor Code and IWC Wage Order 9 and Minimum Wage Orders, and further specifically deny that they violated either or both of said laws.

1  Defendants specifically deny that they are, or were, the employer of Plaintiffs and/or any members

2  of the putative class as described in this Complaint. Defendants further deny that they are, or were,

3  obligated to pay any monies whatsoever to Plaintiffs or any members of the putative class under the

4  laws referenced in this paragraph, or at all.

5

6                                              57.

7  Defendants deny all allegations of Paragraph 57.

8

9                                              58.

10  Defendants deny all allegations of Paragraph 58.  Defendants specifically deny that class treatment

11  is appropriate, and/or that any persons are "similarly situated."  Defendants specifically deny that

12  Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged,

13  or at all, in any sums and in any manner whatsoever.

14

15                          **THIRD CLAIM FOR RELIEF**

16              **FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION**

17          **(CAL. LABOR CODE §§ 510, 1194 ET SEQ., IWC WAGE ORDER NO. 9.)**

18              **(ON BEHALF OF PLAINTIFFS AND ALL CALIFORNIA CLASS MEMBERS)**

19                                              59.

20  Paragraph 59 contains statements of procedure which require no answer.  Defendants deny all other

21  allegations of Paragraph 59 insofar as they seek to assert or imply that class treatment is appropriate,

22  and/or that any persons are "similarly situated."  Defendants specifically deny that they have

23  engaged in any violation of California Labor Code and/or IWC Wage Order provisions, as alleged

24  in this Claim for Relief.  Defendants reallege and incorporate herein by reference, all denials and

25  allegations set forth in regard to the paragraphs of the Complaint incorporated by Plaintiffs into

26  Paragraph 59.

27

28

-23-

60.

Defendants deny all allegations of Paragraph 60.  Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery or that a class treatment is appropriate, and/or that any persons are "similarly situated."  Defendants specifically deny that they are, or were, the employer of Plaintiffs and/or any members of the putative class as described in this Complaint.  Defendants specifically deny that they are liable for reasonable attorneys' fees and/or costs under the California Labor Code and IWC Wage Order 9 and/or Minimum Wage Orders.  Defendants specifically deny that they violated any of said laws.  Defendants further deny that they are, or were, obligated to pay any monies whatsoever to Plaintiffs or any members of the putative class under the laws referenced in this paragraph, in any amount whatsoever, or at all.

61.

Paragraph 61 contains assertions of law (and irrelevant allegations of effect) which require no answer.  Defendants deny all other allegations of Paragraph 61.  Defendants specifically deny that any violations of the California Labor Code and IWC Wage Order 9 have occurred as alleged in Paragraph 61.  Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery from Defendants.  Defendants further deny that class treatment is appropriate, and that any persons are "similarly situated."

62.

Defendants deny all allegations of Paragraph 62.  Defendants specifically deny that they are, or were, the employer of any Plaintiffs and/or any members of the putative class as described in this Complaint.   Defendants specifically deny that any acts of Defendants have resulted in any deprivation of overtime compensation to Plaintiffs or members of the putative class.  Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery from Defendants of interest or attorneys' fees or costs, in any sums, whatsoever, or at all.  Defendants further deny that class treatment is appropriate, and that any persons are "similarly situated."

63.

Defendants deny all allegations of Paragraph 63. Defendants specifically deny that they were the employer of any Plaintiffs and/or any members of the putative class as described in this Complaint. Defendants specifically deny that they are liable to any Plaintiffs and/or any members of the putative class for any penalties, costs or damages under the laws referenced in this paragraph, or otherwise. Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery from Defendants of any monies whatsoever for attorneys' fees. Defendants further deny that class treatment is appropriate, and that any persons are "similarly situated."

64.

Defendants deny all allegations of Paragraph 64. Defendants incorporate their denials as to specific "actions" referenced elsewhere in the Complaint, by this reference. Defendants specifically deny that any actions they have undertaken were malicious, fraudulent and/or oppressive. Defendants specifically deny that they have, at any time, willfully acted or acted with any intent to injure Plaintiffs and/or members of the putative class. Defendants deny that any of their actions were taken in disregard, conscious or otherwise, of the rights of Plaintiffs and/or members of the putative class.

65.

Defendants deny all allegations of Paragraph 65. Defendants specifically deny that class treatment is appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged, in any amount and in any manner whatsoever, or at all.

**FOURTH CLAIM FOR RELIEF**

**REIMBURSEMENT OF BUSINESS EXPENSES (CAL. LABOR CODE § 2802)**

**(ON BEHALF OF PLAINTIFFS AND ALL CALIFORNIA CLASS MEMBERS)**

66.

Paragraph 66 contains statements of procedure which require no answer. Defendants deny all other allegations of Paragraph 66 insofar as they seek to assert or imply that class treatment is appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that they have violated any provisions of the California Labor Code as alleged in this Claim for Relief. Defendants reallege and incorporate herein by reference, all denials and allegations set forth in regard to the paragraphs of the Complaint incorporated by Plaintiffs into Paragraph 66.

67.

Defendants are informed and believe that the franchisees referenced herein are responsible for their own business expenses such as lease or purchase of vehicles, fuel, maintenance, vehicle operating costs, vehicle decals, paint, insurance, communications equipment, electronic message service and uniforms as alleged in Paragraph 67. Defendants deny all other allegations and specifically deny that Plaintiffs or putative class members are entitled to any recovery or that a class action is appropriate. Defendants specifically deny that Plaintiffs or the putative class members have any relationship or status with Defendants as alleged. Defendants specifically deny that they provided "direct instruction" to Plaintiffs and/or members of the putative class, and further deny that Plaintiffs and/or members of the putative class acted upon any such instructions, or acted in discharge of any duties owed to Defendants, as alleged in this Complaint, so as to cause any such persons to thereby incur any expenses.

68.

Defendants deny all allegations of Paragraph 68. Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery or that class treatment is appropriate. Defendants specifically deny Plaintiffs or the putative class members have any relationship or status

-26-

with Defendants as alleged.  Defendants admit that Plaintiffs executed contracts with City Licensees and that franchisees had, and have, statutory, regulatory and contractual obligations as operators of airport shuttle vans. Defendants specifically deny that they required employee drivers to incur expenses or losses in discharge of duties and obedience owed to Defendants. Defendants specifically deny that they have acted, or are acting, in violation of Labor Code § 2802.

69.

Defendants deny all allegations of Paragraph 69.  Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery or that class treatment appropriate.  Defendants specifically deny that Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged, or at all, in any sums and in any manner whatsoever.  Defendants specifically deny that they are liable to any Plaintiffs and/or any members of the putative class for any attorneys' fees and/or costs or other damages under the laws referenced in this paragraph, or otherwise.

70.

Defendants deny all allegations of Paragraph 70.  Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery or that class treatment is appropriate.  Defendants specifically deny that Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged, or at all, in any amount and in any manner whatsoever, or at all.  Defendants specifically deny that they are liable to any Plaintiffs and/or any members of the putative class for any attorneys' fees and/or costs and/or interest, or other damages under the laws referenced in this paragraph, or otherwise.

71.

Defendants deny all allegations of Paragraph 71.  Defendants incorporate their denials as to specific "actions" referenced elsewhere in the Complaint, by this reference.  Defendants specifically deny that any actions they have undertaken were malicious, fraudulent and/or oppressive.  Defendants

-27-

specifically deny that they have, at any time, willfully acted or acted with any intent to injure Plaintiffs and/or members of the putative class. Defendants deny that any of their actions were taken in disregard, conscious or otherwise, of the rights of Plaintiffs and/or members of the putative class.

72.

Defendants deny all allegations of Paragraph 72. Defendants specifically deny that class treatment is appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged, or at all, in any sums and in any manner whatsoever.

## FIFTH CLAIM FOR RELIEF
## UNLAWFUL DEDUCTIONS FROM WAGES
## (CAL. LABOR CODE §§ 221, 223, 400-410, IWC WAGE ORDER NO. 9)
## (ON BEHALF OF PLAINTIFFS AND ALL CALIFORNIA CLASS MEMBERS)

73.

Paragraph 73 contains statements of procedure which require no answer. Defendants deny all other allegations of Paragraph 73 insofar as they seek to assert or imply that class treatment is appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that they have engaged in any violation of California Labor Code and/or IWC Wage Order provisions as alleged in this Claim for Relief. Defendants reallege and incorporate herein by reference, all denials and allegations set forth in regard to the paragraphs of the Complaint incorporated by Plaintiffs into Paragraph 73.

74.

Paragraph 74 consists entirely of statements of law which require no answer.

75.

-28-

1  Paragraph 75 consists entirely of statements of law which require no answer.

2

3                                    76.

4  Paragraph 76 consists entirely of statements of law which require no answer.

5

6                                    77.

7  Paragraph 77 consists entirely of statements of law which require no answer.

8

9                                    78.

10  Paragraph 78 consists entirely of statements of law and opinions regarding policy which require no

11  answer.

12

13                                   79.

14  Defendants deny all allegations of Paragraph 79. Defendants specifically deny that Plaintiffs or

15  putative class members are entitled to any recovery or that class treatment is appropriate, and/or that

16  any persons are "similarly situated." Defendants specifically deny that they were the employer of

17  Plaintiffs and/or any members of the putative class as described in this Complaint. Defendants

18  specifically deny that have violated the provisions of California Labor Code and/or IWC Wage

19  Order 9, as alleged in the Complaint. Defendants specifically deny that they violated said laws.

20  Defendants specifically deny that they have deducted any sums from the compensation of Plaintiffs

21  and/or any members of the putative class as described in this Complaint. Defendants further deny

22  that they were or are obligated to pay any monies whatsoever to Plaintiffs or any members of the

23  putative class, in any amount whatsoever, or at all.

24

25                                   80.

26  Defendants deny all allegations of Paragraph 80. Defendants specifically deny that Plaintiffs or

27  putative class members are entitled to any recovery or that class treatment is appropriate, and/or that

28  any persons are "similarly situated." Defendants specifically deny that they were the employer of

-29-

1  Plaintiffs and/or any members of the putative class as described in this Complaint. Defendants
2  specifically deny that have violated the provisions of California Labor Code and/or IWC Wage
3  Order 9, as alleged in the Complaint. Defendants specifically deny that they violated said laws.
4  Defendants specifically deny that they are, or were, the employer of Plaintiffs and/or any members
5  of the putative class as described in this Complaint. Defendants specifically deny that they violated
6  said laws. Defendants specifically deny that they have deducted any sums from the compensation
7  of Plaintiffs and/or any members of the putative class as described in this Complaint. Defendants
8  further deny that they were or are obligated to pay any monies whatsoever to Plaintiffs or any
9  members of the putative class under the laws referenced in this paragraph, or at all.

10

11                                              81.

12  Defendants deny all allegations of Paragraph 81. Defendants specifically deny that Plaintiffs or
13  putative class members are entitled to any recovery or that class treatment is appropriate, and/or that
14  any persons are "similarly situated." Defendants specifically deny that they were the employer of
15  Plaintiffs and/or any members of the putative class as described in this Complaint. Defendants
16  specifically deny that have violated the provisions of California Labor Code and/or IWC Wage
17  Order 9, as alleged in the Complaint. Defendants specifically deny that they are, or were, the
18  employer of Plaintiffs and/or any members of the putative class as described in this Complaint.
19  Defendants specifically deny that they have deducted any sums from the compensation of Plaintiffs
20  and/or any members of the putative class as described in this Complaint. Defendants further deny
21  that they were or are obligated to pay attorneys' fees and/or costs, or any monies whatsoever to
22  Plaintiffs or any members of the putative class under the laws referenced in this paragraph, in any
23  amount whatsoever, or at all.

24

25                                              82.

26  Defendants deny all allegations of Paragraph 82. Defendants incorporate their denials as to specific
27  "actions" referenced elsewhere in the Complaint, by this reference. Defendants specifically deny
28  that any actions they have undertaken were malicious, fraudulent and/or oppressive. Defendants

-30-

1   specifically deny that they have, at any time, willfully acted or acted with any intent to injure

2   Plaintiffs and/or members of the putative class.  Defendants deny that any of their actions were

3   taken in disregard, whether conscious or otherwise, of the rights of Plaintiffs and/or members of the

4   putative class.

5

6                                          83.

7   Defendants deny all allegations of Paragraph 83.  Defendants specifically deny that class treatment

8   is appropriate, and/or that any persons are "similarly situated."  Defendants specifically deny that

9   Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged,

10  in any sums whatsoever, or at all.

11

12                              **SIXTH CLAIM FOR RELIEF**

13                                **COERCED PURCHASES**

14                            **(CAL. LABOR CODE § 450 ET SEQ.)**

15          **(ON BEHALF OF PLAINTIFFS AND ALL CALIFORNIA CLASS MEMBERS)**

16                                          84.

17  Paragraph 84 contains statements of procedure which require no answer.  Defendants deny all other

18  allegations of Paragraph 84 insofar as they seek to assert or imply that class treatment is appropriate,

19  and/or that any persons are "similarly situated."  Defendants specifically deny that they have

20  engaged in any violation of California Labor Code provisions as alleged in this Claim for Relief.

21  Defendants reallege and incorporate herein by reference, all denials and allegations set forth in

22  regard to the paragraphs of the Complaint incorporated by Plaintiffs into Paragraph 84.

23

24                                          85.

25  Defendants deny all allegations of Paragraph 85.  Defendants specifically deny that Defendants have

26  violated Labor Code § 450 in regard to Plaintiffs or members of the putative class.  Defendants

27  further specifically deny that class treatment is appropriate in this matter.  Defendants specifically

28  deny that they have required, compelled or coerced Plaintiffs, or any putative class member, to

                                          -31-

1  either patronize, lease or purchase, any equipment, services, uniforms or other goods or items, from

2  Defendants or otherwise. Defendants specifically deny that Plaintiffs or putative class members

3  have any relationship or status with Defendants as alleged.

4

5                                                  86.

6  Defendants deny all allegations of Paragraph 86. Defendants incorporate their denials as to specific

7  "actions" referenced elsewhere in the Complaint, by this reference. Defendants specifically deny

8  that any actions they have undertaken were malicious, fraudulent and/or oppressive. Defendants

9  specifically deny that they have, at any time, willfully acted or acted with any intent to injure

10  Plaintiffs and/or members of the putative class. Defendants deny that any of their actions were

11  taken in disregard, conscious or otherwise, of the rights of Plaintiffs and/or members of the putative

12  class.

13

14                                                 87.

15  Defendants deny all allegations of Paragraph 87. Defendants specifically deny that class treatment

16  is appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that

17  Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged,

18  in any amount whatsoever, or at all.

19

20                          **SEVENTH CLAIM FOR RELIEF**

21                  **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS**

22              **(CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9)**

23          **(ON BEHALF OF PLAINTIFFS AND ALL CALIFORNIA CLASS MEMBERS)**

24                                                 88.

25  Paragraph 88 contains statements of procedure which require no answer. Defendants deny all other

26  allegations of Paragraph 88. Defendants specifically deny that class treatment is appropriate, and/or

27  that any persons are "similarly situated." Defendants specifically deny that they have engaged in

28  any violation of California Labor Code or IWC Wage Order provisions as alleged in this Claim for

                                                 -32-

1 | Relief. Defendants reallege and incorporate herein by reference, all denials and allegations set forth

2 | in regard to the paragraphs of the Complaint incorporated by Plaintiffs into Paragraph 88.

3

4 | 89.

5 | Paragraph 89 contains statements of law which require no answer. Defendants deny all other

6 | allegations of Paragraph 89. Defendants specifically deny that class treatment is appropriate, and/or

7 | that any persons are "similarly situated." Defendants specifically deny that they are, or were, the

8 | employer of any Plaintiffs and/or any members of the putative class, as implied by this paragraph.

9 | Defendants currently lack sufficient information or knowledge, and therefore deny that Plaintiffs or

10 | putative class members worked in excess of five hours a day without taking a meal break, as alleged

11 | in Paragraph 89.

12

13 | 90.

14 | Paragraph 90 contains statements of law which require no answer. Defendants deny all other

15 | allegations of Paragraph 90. Defendants specifically deny that Plaintiffs or putative class members

16 | are entitled to any recovery or that a class action is appropriate. Each Defendant specifically denies

17 | that it was the employer of any Plaintiffs and/or any members of the putative class, as implied by

18 | this paragraph. Defendants currently lack sufficient information or knowledge, and therefore deny

19 | that Plaintiffs or putative class members worked in excess of five hours a day without taking a meal

20 | break, as alleged in Paragraph 90.

21

22 | 91.

23 | Paragraph 91 contains statements of law which require no answer. Defendants deny all other

24 | allegations of Paragraph 91. Defendants specifically deny that Plaintiffs or putative class members

25 | are entitled to any recovery or that class treatment is appropriate. Defendants specifically deny that

26 | have violated the provisions of California Labor Code and/or IWC Wage Orders, as alleged in the

27 | Complaint. Defendants specifically deny that they are, or were, the employer of any Plaintiffs

28 | and/or any members of the putative class as described in this Complaint. Defendants further deny

-33-

1    that they are, or were, obligated to pay attorneys' fees and/or costs, or any monies in any amount

2    whatsoever to Plaintiffs or any members of the putative class under the laws referenced in this

3    paragraph, or at all.

4

5                                              92.

6    Defendants deny all allegations of Paragraph 92. Defendants incorporate their denials as to specific

7    "actions" referenced elsewhere in the Complaint, by this reference. Defendants specifically deny

8    that any actions they have undertaken were malicious, fraudulent and/or oppressive. Defendants

9    specifically deny that they have, at any time, willfully acted or acted with any intent to injure

10   Plaintiffs and/or members of the putative class. Defendants deny that any of their actions were

11   taken in disregard, conscious or otherwise, of the rights of Plaintiffs and/or members of the putative

12   class.

13

14                                             93.

15   Defendants deny all allegations of Paragraph 93. Defendants specifically deny that class treatment

16   is appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that

17   Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged,

18   in any amount whatsoever, or at all.

19

20                         **EIGHTH CLAIM FOR RELIEF**

21                **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**

22            **(CAL. LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 9)**

23          **(ON BEHALF OF PLAINTIFFS AND ALL CALIFORNIA CLASS MEMBERS)**

24                                             94.

25   Paragraph 94 contains statements of procedure which require no answer. Defendants deny all other

26   allegations of Paragraph 94, insofar as they seek to assert or imply that class treatment is

27   appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that they

28   have engaged in any violation of California Labor Code or IWC Wage Order provisions as alleged

-34-

1  in this Claim for Relief.  Defendants reallege and incorporate herein by reference, all denials and

2  allegations set forth in regard to the paragraphs of the Complaint incorporated by Plaintiffs into

3  Paragraph 94.

4

5                                                    95.

6  Paragraph 95 consists entirely of statements of law which require no answer.

7

8                                                    96.

9  Paragraph 96 contains statements of procedure which require no answer.  Defendants deny all other

10  allegations of Paragraph 96, insofar as they seek to assert or imply that class treatment is

11  appropriate, and/or that any persons are "similarly situated."  Defendants deny all other allegations

12  of Paragraph 96.  Each Defendant specifically denies that it was the employer of any Plaintiffs

13  and/or any members of the putative class, as implied by this paragraph.  Defendants specifically

14  deny that any actions were required of them in regard to any Plaintiffs and/or any members of the

15  putative class, by the provisions of law cited in this paragraph.  Defendants further specifically deny

16  that Plaintiffs or any others persons are, or were, entitled to any relief based upon the Complaint,

17  either as alleged, in any amount whatsoever, or at all.

18

19                                                    97.

20  Defendants deny all allegations of Paragraph 97.  Defendants specifically deny that class treatment

21  is appropriate, and/or that any persons are "similarly situated."  Defendants specifically deny that

22  Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged,

23  in any amount whatsoever, or at all.

24

25

26

27

28

                                                    -35-

**NINTH CLAIM FOR RELIEF**

**FAILURE TO KEEP ACCURATE PAYROLL RECORDS**

**(CAL. LABOR CODE §§ 1174 & 1174.5; IWC WAGE ORDER NO. 10)**

**(ON BEHALF OF PLAINTIFFS AND ALL CALIFORNIA CLASS MEMBERS)**

98.

Paragraph 98 contains statements of procedure which require no answer. Defendants deny all other allegations of Paragraph 98, insofar as they seek to assert or imply that class treatment is appropriate, and/or that any persons are "similarly situated." Defendants specifically deny that they have engaged in any violation of California Labor Code or IWC Wage Order provisions as alleged in this Claim for Relief. Defendants reallege and incorporate herein by reference, all denials and allegations set forth in regard to the paragraphs of the Complaint incorporated by Plaintiffs into Paragraph 98.

99.

Paragraph 99 contains statements of law which require no answer. The final sentence is incomplete, and it is not possible for Defendants to determine what is being alleged. Defendants deny all allegations of the sentence on that basis. Defendants deny all allegations of Paragraph 99, insofar as they seek to assert or imply that class treatment is appropriate, and/or that any persons are "similarly situated." Defendants further and specifically deny all other allegations of Paragraph 99. Defendants specifically deny that they have engaged in any violation of California Labor Code or IWC Wage Order provisions as alleged in this paragraph, and that such provisions of law required them to act as alleged in this paragraph. Defendants specifically deny that they are, or were, the employer of any Plaintiffs and/or any members of the putative class, as implied by this paragraph.

100.

Defendants deny all allegations of Paragraph 100, to the extent that they purport to pertain to any allegations of actions, omissions, breaches of duty. Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery or that class treatment is appropriate.

-36-

1  Defendants specifically deny that any member of the putative class has suffered any harm, or any

2  type and in any amount whatsoever, or at all.

3

4                                         101.

5  Defendants deny all allegations of Paragraph 101.  Defendants specifically deny that class treatment

6  is appropriate, and/or that any persons are "similarly situated."  Defendants specifically deny that

7  Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged,

8  in any amount whatsoever, or at all.

9

10                          **TENTH CLAIM FOR RELIEF**

11                          **WAITING TIME PENALTIES**

12                    **(CAL. LABOR CODE §§ 201, 202 & 203)**

13         **(ON BEHALF OF PLAINTIFFS AND ALL CALIFORNIA CLASS MEMBERS)**

14                                        102.

15  Paragraph 102 contains statements of procedure which require no answer.  Defendants deny all

16  other allegations of Paragraph 102, insofar as they seek to assert or imply that class treatment is

17  appropriate, and/or that any persons are "similarly situated."  Defendants specifically deny that they

18  have engaged in any violation of California Labor Code provisions as alleged in this Claim for

19  Relief.  Defendants reallege and incorporate herein by reference, all denials and allegations set forth

20  in regard to the paragraphs of the Complaint incorporated by Plaintiffs into Paragraph 102.

21

22                                        103.

23  Paragraph 103 consists entirely of statements of law which require no answer.

24

25                                        104.

26  Paragraph 104 consists entirely of statements of law which require no answer.

27

28

105.

Paragraph 105 consists entirely of statements of law which require no answer.

106.

Paragraph 106 contains statements of law which require no answer.    Defendants deny all other allegations of Paragraph 106.  Defendants specifically deny that Plaintiffs Brown and Dickson, any other Plaintiff and/or any putative class members are entitled to any recovery.    Defendants specifically deny that class treatment is appropriate, and/or that any persons are "similarly situated." Defendants further specifically deny that any violations of the California Labor Code have occurred as alleged in Paragraph 106.  Defendants further and specifically deny that they are, or were, the employer of any Plaintiffs and/or any members of the putative class, as implied by this paragraph. Defendants specifically deny that Plaintiffs or putative class members are entitled to any recovery, of any kind whatsoever.  Defendants specifically deny that any Plaintiff or member of the putative class has suffered any harm of any type, and in any amount whatsoever, or at all.

107.

Defendants deny all allegations of Paragraph 107.  Defendants specifically deny that class treatment is appropriate, and/or that any persons are "similarly situated."  Defendants specifically deny that Plaintiffs or any others persons are entitled to any relief based upon the Complaint, either as alleged, in any amounts whatsoever, or at all.

**ELEVENTH CLAIM FOR RELIEF**

**VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**

**(CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)**

**(ON BEHALF OF PLAINTIFFS AND ALL CALIFORNIA CLASS MEMBERS)**

108.

Paragraph 108 contains statements of procedure which require no answer.  Defendants deny all other allegations of Paragraph 108.  Defendants specifically deny that class treatment is appropriate,

-38-

1  and deny that any persons are "similarly situated." Defendants specifically deny that they have

2  engaged in any violation of California Labor Code provisions as alleged in this Claim for Relief.

3  Defendants reallege and incorporate herein by reference, all denials and allegations set forth in

4  regard to the paragraphs of the Complaint incorporated by Plaintiffs into Paragraph 108.

5

6                                              109.

7  Paragraph 109 consists entirely of statements of law which require no answer.

8

9                                              110.

10  Paragraph 110 consists entirely of statements of law which require no answer.

11

12                                              111.

13  Paragraph 111 contains statements of law which require no answer. Defendants deny all other

14  allegations of Paragraph 111. Defendants specifically deny that any actions or omissions on their

15  part have constituted, or do constitute, violations of the FLSA or California law as to Plaintiffs or

16  members of the putative collective action or putative class. Defendants reallege and incorporate

17  herein by reference, all denials and allegations set forth previously in regard to the allegations of the

18  Complaint incorporated by Plaintiffs into Paragraph 111. Defendants specifically deny that they

19  are, or were, the employer of any Plaintiffs or members of the putative class or the putative

20  collective action. Defendants specifically deny that class treatment is appropriate, and deny that any

21  persons are "similarly situated."

22                                              112.

23  Paragraph 112 contains statements of law which require no answer. Defendants deny all other

24  allegations of Paragraph 112. Defendants specifically deny that any actions or omissions on their

25  part have constituted unlawful, unfair and/or fraudulent predicate acts and/or practices, for purposes

26  of California Business and Professions Code, as alleged in Paragraph 112, or otherwise. Defendants

27  specifically incorporate their denials and allegations made previously in response to the original

28  assertions of Plaintiffs' Complaint, which Plaintiffs are referencing in this paragraph. Defendants

1  specifically deny that any member of the putative class has suffered any harm of any type, and in

2  any amount, as asserted in the Complaint. Defendants specifically deny that class treatment is

3  appropriate, and/or that any persons are "similarly situated." Defendants further specifically deny

4  that any violations of the California Labor Code have occurred as alleged in Paragraph 112.

5

6                                              113.

7  Defendants deny all allegations of Paragraph 113. Defendants specifically deny that class treatment

8  is appropriate, and further deny that "California Drivers" is a relevant class or subclass of the

9  putative class asserted in the Complaint. Defendants specifically deny that Plaintiffs or any member

10  of the putative class suffered any harm of any type, and in any amount whatsoever, or at all.

11  Defendants specifically deny that any actions or omissions on their part have constituted unlawful,

12  unfair and/or fraudulent acts and/or practices. Defendants specifically deny that they are, or were,

13  the employer of any Plaintiffs or members of the putative class or the putative collective action.

14

15                                              114.

16  Paragraph 114 contains assertions of law which require no answer. Defendants deny all other

17  allegations of Paragraph 114. Defendants specifically deny that class treatment is appropriate, and

18  further deny that "California Drivers" is a relevant class or subclass of the putative class asserted in

19  the Complaint. Defendants specifically deny that class treatment is appropriate, and deny that any

20  persons are "similarly situated." Defendants specifically deny that Plaintiffs or any member of the

21  putative class suffered any harm of any type, in any amount whatsoever, or at all. Defendants

22  specifically deny that they are, or were, the employer of any Plaintiffs or members of the putative

23  class or the putative collective action.

24

25                                              115.

26  Paragraph 115 contains assertions of law which require no answer. Defendants specifically deny

27  that Plaintiffs and/or "California Drivers" are entitled to any penalties, and deny that any "penalty

28  provisions" of the laws referenced are "applicable" as alleged in the Complaint.    Defendants

                                              -40-

1  specifically deny that Plaintiffs or any member of the putative class suffered any harm of any type,

2  in any amount whatsoever, or at all.   Defendants specifically deny that they are, or were, the

3  employer of any Plaintiffs or members of the putative class or the putative collective action.

4  Defendants specifically deny that class treatment is appropriate, deny that any persons are "similarly

5  situated," and further deny that "California Drivers" is a relevant class or subclass of the putative

6  class asserted in the Complaint.

7

8                                            116.

9  Paragraph 116 contains assertions of law and procedure which require no answer.   Defendants

10  specifically deny all other allegations of Paragraph 116.   Defendants further specifically deny that

11  any aspect of this litigation pertains to the enforcement of rights, and deny that any aspect of this

12  litigation affects the public interest. Defendants specifically deny that Plaintiffs or any member of

13  the putative class suffered any harm of any type, in any amount whatsoever, or at all.   Defendants

14  specifically deny that they are, or were, the employer of any Plaintiffs or members of the putative

15  class or the putative collective action.   Defendants specifically deny that class treatment is

16  appropriate, and deny that any persons are "similarly situated."

17

18                                            117.

19  Paragraph 117 consists entirely of statements of law which require no answer.   Defendants deny all

20  allegations of Paragraph 117, insofar as they seek to assert or imply that Defendants have acted

21  illegally, unlawfully, unfairly or improperly as alleged in this Complaint.   Defendants incorporate

22  herein their denials of various allegations, as set forth elsewhere in this answer, to the extent that

23  such allegations are deemed to be incorporated into this paragraph.

24

25                                            118.

26  Paragraph 118 is unintelligible, and all allegations thereof are denied by Defendants on that basis.

27  Defendants specifically deny that they acted unlawfully as asserted in this paragraph, and further

28  deny that they engaged in illegal or unlawful actions as asserted in this paragraph.   Defendants

1  incorporate herein their denials of various allegations, as set forth elsewhere in this answer, to the

2  extent that such allegations are deemed to be incorporated into this paragraph.

3

4                                        119.

5  Paragraph 119 contains statements of law which require no answer.  Defendant specifically denies

6  all allegations of Paragraph 119, insofar as they seek to assert or imply that Defendants have

7  violated any California or Federal laws as alleged in this Complaint.  Defendants further and

8  specifically deny that this action is "in the public interest," and deny that plaintiffs or their counsel

9  are entitled to attorneys' fees in any amount, for any reason, or at all.

10

11                                       120.

12  In response to the allegations of Paragraph 120, Defendants incorporate their Answers to Paragraphs

13  1-119 above.  Defendant denies all allegations of Paragraph 120.  Defendants specifically deny that

14  they committed, currently commit, and/or are continuing to commit any unlawful, unfair and/or

15  fraudulent business practices, as alleged in this paragraph.

16

17                                       121.

18  Defendants deny all allegations of Paragraph 121.  Defendants specifically deny that class treatment

19  is appropriate, and further deny that "California Drivers" is a relevant class or subclass of the

20  putative class asserted in the Complaint.  Defendants specifically deny that they were "unjustly

21  enriched" as described in this Complaint. Defendants specifically deny that they caused Plaintiffs

22  and/or any members of the putative class and/or "members of the general public" to suffer

23  compensable "losses," of any nature and in any amount whatsoever, or at all.  Defendants further

24  deny that they were, or are, obligated to pay any monies whatsoever to Plaintiffs or any members of

25  the putative class by reason of such status or the laws referenced in this paragraph.

26

27

28

                                        -42-

1

122.

2  Paragraph 122 is unintelligible, and all allegations thereof are denied by Defendants on that basis.

3  Defendants specifically deny that class treatment is appropriate, and further deny that "California

4  Drivers" is a relevant class or subclass of the putative class asserted in the Complaint. Defendants

5  further deny any and allegations made in this paragraph, and specifically deny that they caused

6  Plaintiffs, and/or any members of the putative class, and/or "members of the general public" to

7  suffer compensable "losses," of any nature, in any amount whatsoever, or at all, and deny that

8  plaintiffs are entitled to any of the relief described in this paragraph in any amount, or in any form,

9  whatsoever, or at all. Defendants further deny that they engaged in any business practices that were,

10  or are, "unfair" as that term is used in this paragraph, and deny that they were, or are, obligated to

11  pay any monies whatsoever to Plaintiffs or any members of the putative class by reason of such

12  status or the laws referenced in this paragraph.

13

14

123.

15  Defendants deny all allegations of Paragraph 123. Defendants specifically deny that class treatment

16  is appropriate, and/or that any persons are "similarly situated," and further deny that "California

17  Drivers" is a relevant class or subclass of the putative class asserted in the Complaint.  Defendants

18  specifically deny that Plaintiffs or any others persons are entitled to any relief based upon the

19  Complaint, in any amount and in any manner whatsoever, or at all.

20

21

**X.    REQUEST FOR JURY TRIAL**

22

124.

23  Defendants admit that Plaintiffs have demanded a jury as alleged in Paragraph 124.  Defendants

24  deny all other allegations of Paragraph 124. Defendants specifically deny that class treatment is

25  appropriate, and/or that any persons are "similarly situated." Defendants further deny the existence

26  and appropriateness of any "Nationwide FLSA Collective Action," and deny that any such action

27  has been alleged in this action.

28

-43-

# XI.    PRAYER FOR RELIEF

125.

Defendants deny that Plaintiffs are entitled to any of the relief they seek as alleged in Paragraph 125, and further deny that plaintiffs are entitled to any relief of any kind, in any amount, whatsoever, or at all.  Defendants specifically deny that collective action treatment is appropriate, deny that any designations should be made, or notices permitted, as requested, and further deny that plaintiffs are appropriate representatives of any class, and/or that any persons are "similarly situated." Defendants deny that any form of declaration, or declaratory relief or judgment is appropriate, and further deny that any basis for such relief has been alleged or asserted by plaintiffs.

126.

Defendants deny that Plaintiffs are entitled to any of the relief they seek as alleged in Paragraph 126, and further deny that plaintiffs are entitled to any relief or any kind, in any amount, whatsoever. Defendants specifically deny that class treatment is appropriate, deny that any designations should be made, or notices permitted, as requested, and further deny that plaintiffs are appropriate representatives of any class, and/or that any persons are "similarly situated." Defendants deny that any form of declaration, or declaratory relief or judgment is appropriate, and further deny that any basis for such relief has been alleged or asserted by plaintiffs.  Defendants deny that they have violated any of the provisions of law set forth in this paragraph, and further deny that they have engaged in any business practices that are illegal, unlawful, unfair, and or improper under Cal. Business & Professions Code §§17200, *et seq.*

**WHEREFORE**, Defendants pray that Plaintiffs take nothing by their suit, that Defendants recover their costs of suit and attorneys' fees and expenses as provided by applicable law.  Defendants further pray for any other, further, and/or different relief as the court may deem to be just, proper or appropriate.

## AFFIRMATIVE AND OTHER DEFENSES

As further and affirmative defenses, Defendants allege as follows, without assumption of any obligations or burdens otherwise to be borne by plaintiffs by reason of the assertions and allegations of the Complaint.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim for Relief)

The Complaint and each and every claim for relief set forth therein fails to state facts sufficient to constitute any legally valid claim for relief.

### SECOND AFFIRMATIVE DEFENSE
#### (Franchisee Status)

Plaintiffs' Complaint and each claim for relief therein are barred because Plaintiffs are, and/or were, not employees of Defendants, but rather were franchisees, at all times relevant to this action.

### THIRD AFFIRMATIVE DEFENSE
#### (Independent Contractor Status)

Plaintiffs' Complaint and each claim for relief therein are barred because Plaintiffs are, and/or were, not employees of Defendants, but rather were independent contractors, at all times relevant to this action.

### FOURTH AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

Plaintiffs' Complaint and each claim for relief therein is barred, in whole or in part, by applicable statutes of limitations, including without limitation, those contained in California Code of Civil Procedure Sections 338 and 340; California Labor Code Section 203; California Business and Professions Code Section 17208; 29 U.S.C. §§ 255(a) and 256(b); and any other applicable statute.

-45-

## FIFTH AFFIRMATIVE DEFENSE

### (Contractual Limitation of Actions)

Plaintiffs' Complaint and each claim for relief therein is barred by the one-year contractual limitations on actions, set forth at Section 15(I) of the Unit Franchise Agreement (UFA) and § 8.8 of the Communication and Specialized Equipment Agreement applicable to the acquisition and/or operation of the particular franchise for which each plaintiff, putative class member and putative collective action member was working at the times relevant to the claims made in the Complaint. Both provisions read as follows: "The parties hereby acknowledge and agree that any arbitration, suit, action or other proceeding relating to this Agreement must be brought within one (1) year after the act or omission that is the subject of the arbitration, suit, action or other legal proceeding."

## SIXTH AFFIRMATIVE DEFENSE

### (No Class Action)

Plaintiffs' Complaint and each claim for relief therein cannot and should not be maintained on a class basis because those claims for relief, and each of them, fail to meet the necessary requirements for class certification, including class ascertainability, typicality, commonality, numerosity, superiority and adequacy of the class representatives and counsel. In addition, and alternatively, Plaintiffs' Complaint and each claim for relief therein, or some of them, are barred by valid waivers of class action adjudication of said claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Class Action)

Certification of a class action under the circumstances of this case would violate Defendants' rights under the United States Constitution and the California Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Add an Indispensable Party)

Plaintiffs failed to add indispensable parties to this litigation. Said indispensible parties include, but

-46-

are not limited to, 1) the City Licensee(s) with whom the plaintiffs and any putative class members or collective action participants contracted to obtain their rights as franchisees, and 2) those franchisees who contracted with the City Licensee(s), and who then hired the plaintiffs, putative class members, and/or collective action participants to act as franchisees in the operation of the franchise thus obtained. Pursuant to Rules 12(b) (7) and 19 this Court should dismiss this Complaint for failure to add indispensable parties.

## NINTH AFFIRMATIVE DEFENSE

### (No Standing to Sue)

Plaintiffs' Complaint and each claim for relief therein, or some of them, are barred in whole or in part because Plaintiffs, or some of them, lack standing to sue.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs are barred from the relief sought in the Complaint by Plaintiffs' unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

By Plaintiffs' own acts and conduct, Plaintiffs are estopped from seeking the relief claimed in the Complaint, and each claim for relief therein.

## TWELFTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs' Complaint and each claim for relief therein, or some of them, are preempted, in whole or in part, by federal law, and the federal regulation of interstate commerce in general and the transportation industry in particular.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

Plaintiffs' Complaint and each claim for relief therein are barred by the doctrines of res judicata and collateral estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs are barred from obtaining injunctive relief, because Plaintiffs have an adequate remedy at law and/or cannot satisfy other requirements for obtaining injunctive relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

By Plaintiffs' own acts and conduct, Plaintiffs have waived the rights asserted in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiffs' Complaint and each claim for relief therein, or some of them, are barred in whole or in part because said causes of action have been released by the plaintiffs, and/or by those upon whose right the claims of plaintiffs are based.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiffs' Complaint and each claim for relief therein, or some of them, are barred in whole or in part because Defendants were and are privileged to engage in the conduct alleged in the Complaint.

/ / /

/ / /

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Arbitration)

3  Plaintiffs' Complaint and each claim for relief therein, or some of them, may not be litigated in
4  court because some or all of said individuals' causes of action are subject to individual mandatory,
5  final and binding arbitration.

6

7

## NINTEENTH AFFIRMATIVE DEFENSE

8

### (Offset)

9  Plaintiffs' damages, if any, must be offset in whole or in part by amounts already collected by
10  Plaintiffs and/or owing to and damages suffered by Defendants.

11

12

## TWENTIETH AFFIRMATIVE DEFENSE

13

### (Laches)

14  Plaintiffs are barred by the doctrine of laches from pursuing any of the remedies sought in the
15  Complaint.

16

17

## TWENTY-FIRST AFFIRMATIVE DEFENSE

18

### (Failure to Comply With Statutory Prerequisites)

19  Plaintiffs claims for statutory penalties fail, in whole or in part, due to their failure to comply with
20  mandatory prerequisites for such claims, established by statute, including, but not limited to, Cal.
21  Labor Code §§ 2698 – 2699.5.

22

23

## TWENTY-SECOND AFFIRMATIVE DEFENSE

24

### (Failure to Mitigate Damages)

25  Plaintiffs failed to take reasonable steps to mitigate the damages they allegedly suffered as a result
26  of the actions alleged in the Complaint, and any award against Defendants must be reduced by the
27  amount of alleged damages Plaintiffs could have avoided had they taken reasonable steps to mitigate
28  their damages.

-49-

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Conduct Reasonable and in Good Faith/Not Willful)

Plaintiffs' Complaint and each claim for relief therein are barred in whole or in part, on the ground that Defendants acted in good faith, and in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and/or California agencies, and on the basis of a good faith and reasonable belief that they have complied fully with federal and California law.

**WHEREFORE**, Defendants prays for judgment as follows:

1. That the Complaint and each claim for relief therein be dismissed with prejudice;

2. That Plaintiffs take nothing by way of their unverified Complaint herein;

3. That Defendants' reasonable attorneys' fees and cost of suit herein be awarded; and

4. For such other and further relief as the Court may deem proper.

## COUNTERCLAIMS

Defendants/Counterclaimants SuperShuttle International, Inc (SSI) and SuperShuttle Franchise Corporation, Inc (SSFC) (collectively, "Defendants/Counterclaimants") by and through their attorneys, allege as follows:

## JURISDICTION

1.      The Court has jurisdiction over this counterclaim pursuant to 28 USC § 1367(a)

2.      Venue in the main action is proper. Therefore venue in the counterclaim is proper in this Court.

## PARTIES

3.      Upon information and belief, Plaintiff Roosevelt Kairy resides in Oakland, California (Alameda County).

-50-

4.      Upon information and belief, Plaintiff Larry Brown resides in Los Angeles, California (Los Angeles County).

5.      Upon information and belief, Plaintiff Wayne Dickson resides in Sacramento, California (Sacramento County).

6.      Upon information and belief, Plaintiff (Edward) Drake Osmun resides in Concord, California (Contra Costa County).

7.      Upon information and belief, Plaintiff Harjinder Singhdietz resides in Downey, California (Los Angeles County).

8.      Upon information and belief, certain additional parties have purported to have signed a "consent to join form" with respect to this matter, and have therefore joined, or have attempted to join, the alleged collective action as Plaintiffs. It is possible that additional individuals may sign, or have signed, a "consent to join" form that will be filed by the court by Plaintiffs' counsel. All such individuals will be referred to herein, collectively, as "Consent to Join Plaintiffs."

9.      SuperShuttle International, Inc. ("SSI") is, and was at the time of the institution of this civil action, incorporated under the laws of Delaware.

10.     SuperShuttle Franchise Corporation ("SSFC") is, and was at the time of the institution of this civil action, incorporated under the laws of Delaware.

## GENERAL ALLEGATIONS

11.     SuperShuttle International (hereinafter "SSI") owns the SuperShuttle trademarks, trade dress, color scheme, copyrighted material, and other characteristics of the SuperShuttle system.

12.     By means of a master license agreement, SSI has granted to SuperShuttle Franchise Corporation (hereinafter "SSFC") the right to use the trademarks, trade dress, color scheme, and other characteristics of the SuperShuttle system. SSFC is responsible for interactions with state and federal regulatory agencies to maintain the legal status of the franchise system, for compliance with applicable franchise laws, and for negotiation and maintenance of license agreements with local operating companies.

-51-

13.     Under the master license agreement with SSI, SSFC is the master franchisor of the SuperShuttle system.  Among other activities, SSFC contracts with various other companies (called City Licensees) to use, and franchise the use of, the SuperShuttle proprietary business system and trademarks within a specified geographic area.  These City Licensees, in turn, seek and contract with franchisees who wish to operate a shuttle van business using the SuperShuttle proprietary reservation system and trademarks.  These franchisees (called "Unit Franchisees") sign agreements ("Unit Franchise Agreements") with the City Licensee responsible for the geographic area where the Unit Franchisee wishes to operate. These Unit Franchisees may hire or allow other persons (e.g., "sub-drivers") to drive the units (shuttle vans), may form partnerships, may work the hours that they wish, and may work whatever days they wish to work, subject to applicable laws.  SSFC also provides operating manuals that describe specific requirements of the franchise marketing system. SSFC requires that the City Licensees maintain the quality of the services provided by franchisees to the public, so that the high quality of the SuperShuttle brand is maintained.  In their contracts with a City Licensee, each Unit Franchisee agrees to meet certain quality of service standards, consistent with operating a franchise under the SuperShuttle brand.

14.     Subject to the provisions of their Unit Franchise Agreements, the Unit Franchisees are licensed and entitled to use the SuperShuttle reservations system and the proprietary computer trip generating system, whereby franchisees may "bid" on the automatically packaged groups of individual customer reservations that, together, make up "trips" to carry passengers to and from local airports.  Under this system, franchisees schedule their own workdays and are free to "bid on" or reject trips as their schedules and business and personal needs dictate.  The opportunity to "bid" is provided on a "first come-first serve" basis.

15.     While conducting their business operations, Unit Franchisees must comply with a variety of policies, procedures and licensing requirements mandated by local permitting authorities, such as airports. They are required to follow all applicable laws and regulations, including those imposed by the California Public Utilities Commission.

-52-

16.     Unit Franchisees may transfer all or a part of their ownership interest in their franchises.  The franchisees are permitted to hire, and many do hire (or otherwise permit), "sub-drivers" (non-franchisees) to drive the franchisee's SuperShuttle-branded van.

## FIRST COUNTERCLAIM FOR RELIEF – DECLARATORY RELIEF

**(On Behalf of Defendants/Counterclaimants, Against Roosevelt Kairy, Harjinder Singhdietz, Larry Brown, Drake Osmun, Wayne Dickson, Consent to Join Plaintiffs, And Any and All Future Plaintiffs)**

17.     Defendants/Counterclaimants hereby refer to and incorporate by reference paragraphs 1 through 16, above, of this Counterclaim, as though set forth in full herein.

18.     An actual controversy has arisen and now exists between plaintiffs and Defendants/Counterclaimants concerning their respective rights and duties, in that plaintiffs contend that they are "employees" of Defendants/Counterclaimants in repudiation of some or all of the terms of their Unit Franchise Agreements with City Licensees, and their operations thereunder, whereas Defendants/Counterclaimants dispute these contentions and contend that plaintiffs are franchisees of City Licensees and further contend that plaintiffs are not employees of either or both Defendants/Counterclaimants.

19.     Defendants/Counterclaimants desire a judicial determination of these matters, which affect the rights and duties of Defendants/Counterclaimants, and desire a declaration that the franchisees are, in fact, independent franchisees and not employees of either or both of Defendants/Counterclaimants.

20.     In light of the ongoing nature of the business activities affecting certain plaintiffs and Defendants/Counterclaimants, a judicial declaration is necessary and appropriate at this time. Defendants/Counterclaimants need such a declaration in order to ascertain their rights, and obligations so that they may put their business affairs in order and operate accordingly under the applicable laws.  Until resolution is made of these matters, Defendants/Counterclaimants suffer and continue to suffer from the unsettled state of affairs in that the plaintiffs continue to seek imposition

-53-

1  of financial liabilities upon the Defendants/Counterclaimants which would be catastrophic to their

2  business operations.

3

4  **SECOND COUNTERCLAIM FOR RELIEF – ACCOUNTING, OFFSET AND**

5  **RESTITUTION**

6  **(On Behalf Of Defendants/Counterclaimants, Against Roosevelt Kairy, Harjinder**

7  **Singhdietz, Larry Brown, Drake Osmun, Wayne Dickson, Consent to Join Plaintiffs,**

8  **And Any and All Future Plaintiffs)**

9  **Count 1: Accounting**

10  21.    Defendants/Counterclaimants hereby refer to and incorporate by reference

11  paragraphs 1 through 20, above, of this Counterclaim, as though set forth in full herein.

12  22.    The plaintiffs, as well as those whom plaintiffs seek to include in the action as

13  putative class members or collective action members ("prospective plaintiffs"), were in positions

14  which permitted them to receive money directly from riders, including passengers transported by

15  their Unit Franchises during the period in which they operated, or participated in such franchises.

16  The full amount of such sums are not known to Defendants/Counterclaimants, because such sums

17  frequently included cash payments of fees and/or gratuities, etc.

18  23.    As to all cash sums collected by plaintiffs and/or prospective plaintiffs during all

19  relevant periods of time, the plaintiffs and prospective plaintiffs were and are in a superior position

20  to that of the Defendants/Counterclaimants to know the precise amounts of the sums collected

21  during the operation of their Unit Franchises.  In the event that some or all of the plaintiffs and/or

22  prospective plaintiffs prevail in their assertions of employment status, Defendants/Counterclaimants

23  require an accounting of cash payments collected, as well as credit card receipts for passenger

24  transportation, in order to determine to what extent the monies that plaintiffs and/or prospective

25  plaintiffs collected met or exceeded the sums they claim they are entitled to as alleged in the

26  Complaint, including wages, overtime, meal or rest period premium payments, etc.

27  24.    Defendants/Counterclaimants therefore seek an order of this court setting such an

28  accounting.

-54-

1

### Count 2: Offset

2      25.    Defendants/Counterclaimants seek an order requiring that all claims of Plaintiffs

3  and/or prospective plaintiffs and alleged monies owed to them, be offset by any and all sums

4  collected by them, regardless of the source of such funds, as a result of their operations of the Unit

5  Franchise which they owned, or for which they performed services.

6

7

### Count 3: Restitution

8      26.    In the contractual franchise relationship from which Plaintiffs and all prospective

9  plaintiffs have benefitted, Plaintiffs/prospective plaintiffs keep all cash fares they collect, and also

10  are    disbursed    all    credit    card    charges,    less    franchise    and    other    fees.    Had

11  Defendants/Counterclaimants known that Plaintiffs and/or prospective plaintiffs would seek to

12  renounce franchisee status through this suit, and/or claim that franchisee status is not relinquished

13  but that Plaintiffs and prospective plaintiffs are nonetheless entitled to compensation on an

14  "employee" basis, and seek to obtain employee-based compensation, Defendants/Counterclaimants

15  would not have accepted a structure where Plaintiffs and/or prospective plaintiffs kept passenger

16  cash fares and were disbursed credit card charges. Rather, Defendants/Counterclaimants would

17  themselves have collected and retained the revenue generated.

18      27.    In the event it is determined that Plaintiffs and/or prospective plaintiffs are entitled to

19  employee-based    compensation    as    alleged    in    their    Complaint    against    Defendants,

20  Defendants/Counterclaimants further seek an order of this court requiring that Plaintiffs and/or

21  prospective plaintiffs pay to Defendants/Counterclaimants any and all sums collected by Plaintiffs

22  and/or prospective plaintiffs, regardless of the source of such funds, as a result of their operations of

23  the Unit Franchise which they owned, or for which they performed services, and which exceeded

24  the statutory minimum payment for employees; *e.g.*, the minimums required for wages, overtime,

25  meal or rest period premium payments, etc.

26

27

28

## THIRD COUNTERCLAIM FOR RELIEF - UNJUST ENRICHMENT

**(On Behalf Of Defendants/Counterclaimants, Against All Plaintiffs, Consent To Join Plaintiffs, Putative Collective Action Members, And Putative Class Members Who Have Retained Money as Franchisees in Excess of the Statutory Minimums Applicable to Employees)**

28.     Defendants/Counterclaimants hereby refer to and incorporate by reference paragraphs 1 through 29, above, of this Counterclaim, as though set forth in full herein.

29.     Certain Unit Franchisees have brought this action seeking a reclassification as "employees," a determination that they are, and have been, "employees," and damages associated with "employee" status. Defendants/Counterclaimants have contended and continue to contend that there is no basis in law or fact for such reclassification, determination or status. However, in the event that Unit Franchisees prevail on this issue, Defendants/Counterclaimants assert this claim.

30.     On information and belief, Defendants/Counterclaimants contend that the income that some or all of the plaintiffs, Consent to Join Plaintiffs, putative collective action members, and putative class members have derived from their Unit Franchises exceeds the minimum amounts required by law to be paid to "employees."

31.     Plaintiffs, Consent to Join Plaintiffs, putative collective action members, and putative class members, if awarded minimum wage, overtime, and other payments and/or penalties in addition to the income already derived as a result of their interest in their Unit Franchise over the same period of time, will receive a windfall.

32.     Defendants/Counterclaimants, therefore, seek recovery of all monies paid to plaintiffs, Consent to Join Plaintiffs, putative collective action members, and putative class members, on account of their operation of their Unit Franchise(s), in excess of minimum wage, overtime, and other payments and/or penalties to which they are found to be entitled, and any other relief the court deems proper.

-56-

## FOURTH COUNTERCLAIM FOR RELIEF - CONTRACTUAL INDEMNITY

**(On Behalf Of Defendants/Counterclaimants, Against Roosevelt Kairy, Harjinder Singhdietz, Larry Brown, Drake Osmun, Wayne Dickson And All Consent to Join Plaintiffs, Putative Collective Action Members, And Putative Class Members Who Signed Unit Franchise Agreements)**

### Count 1

33.     Defendants/Counterclaimants hereby refer to and incorporate by reference paragraphs 1 through 32, above, of this Counterclaim, as though set forth in full herein.

34.     It is Defendants/Counterclaimants' contention that they have no liability as to any of the purported claims asserted in the Second Amended Complaint, or otherwise.  However, in the event that any plaintiffs, Consent to Join Plaintiffs, and certain putative collective action and putative class members, prevail in their claims against any Defendants/Counterclaimants, said Defendants/Counterclaimants assert this claim for indemnity.

35.     Plaintiffs, certain Consent to Join Plaintiffs and certain putative collective action and putative class members, have entered into written "Unit Franchise Agreements" with City Licensees, as set forth above.  These Plaintiffs, certain Consent to Join Plaintiffs, certain putative collective action and certain putative class members are Unit Franchisees.

36.     Unit Franchisees have agreed to pay, and have paid money to a City Licensee, in exchange for the ability to utilize Defendants/Counterclaimants' marks, systems and franchise structure, consistent with the agreement between such City Licensee and SSFC.

37.     Each Unit Franchise Agreement relevant to this action states, at page 30, ¶ 14, under the heading "INDEMNIFICATION OF CITY LICENSEE," the following:

> "Franchisee and its respective affiliates and associates, officers, directors, shareholders, partners, members, agents, representatives and assignees shall, during the Term and after the termination or expiration of this Agreement, protect, defend, indemnify and hold the City Licensee, SuperShuttle and their respective affiliates and associates, officers, directors, shareholders, employees, agents, representatives and assignees harmless against any and all liability for all claims of any nature arising in any way out of or relating to Franchisee's and any Operator's actions or failure to act, whether personal or in connection with the operation of the Vehicle. For purposes of this indemnification, "**claims**" means and includes all obligations,

actual and consequential damages, losses, claims, demands, liens, reckonings, accounts and costs incurred in the defense of any claim (such as, by way of illustration, but not limitation, accountants' attorneys' and expert witness fees, costs of investigation and proof of facts, court costs, other litigation expenses and travel and living expenses). City Licensee and SuperShuttle shall have the right to defend any such claim against them with counsel of their own choosing and Franchisee agrees to cooperate fully with City Licensee and SuperShuttle in connection with the defense of any claim. In addition, Franchisee agrees to cooperate fully with City Licensee and SuperShuttle in any other claims brought by or against them."

All relevant Unit Franchise Agreements contain this term and the other terms relevant to this claim.

38.    As a result of the instant lawsuit, Defendants/Counterclaimants, have incurred costs including but not limited to: court costs, attorney's fees, accountant's fees, and expert fees. Defendants/Counterclaimants have incurred, and continue to incur these damages as a direct and proximate result of the instant lawsuit.

39.    Plaintiffs, Consent to Join Plaintiffs, putative collective action, and putative class members who signed any similar agreement containing the terms set forth above, are therefore contractually obligated to defend and indemnify Defendants/Counterclaimants, for all "obligations, actual and consequential damages, losses, claims, demands, liens, reckonings, accounts and costs incurred in the defense of any claim (such as, by way of illustration, but not limitation, accountants' attorneys' and expert witness fees, costs of investigation and proof of facts, court costs, other litigation expenses and travel and living expenses" that resulted from their status as franchisees.

40.    Defendants/Counterclaimants, seek recovery of all liabilities, costs and expenses of suit including but not limited to attorneys' fees and costs of action to be paid by Defendants and any other relief the court deems proper.

## Count 2

41.    Defendants/Counterclaimants hereby refer to and incorporate by reference paragraphs 1 through 40, above, of this Counterclaim, as though set forth in full herein.

42.    As set forth above, any Unit Franchisee is allowed to hire, contract, or otherwise employ or allow one or more other persons to transport passengers or otherwise perform services for the benefit of the Unit Franchise ("sub-drivers"). On information and belief, some sub-drivers have joined, or will join, this law suit as Consent to Join Plaintiffs, putative class members, or putative

-58-

collective action members. In the event that this litigation results in any sums being award against Defendants/Counterclaimants, and in favor of such sub-drivers, then the Unit Franchisee for whom such sub-franchisees worked, drove, or performed services, are obligated by the terms of the Unit Franchise Agreements, as set forth herein, to indemnify Defendants/Counterclaimants for all such sums, in addition to all costs of defense including attorneys' fees, expenses and court costs.

43. As a result of the instant lawsuit, Defendants/Counterclaimants, have incurred, and will continue to incur, costs including but not limited to court costs, attorneys' fees, accountant's fees, and expert fees. Defendants/Counterclaimants have incurred, and will continue to incur these costs, as a direct and proximate result of the instant lawsuit.

44. Defendants/Counterclaimants, therefore, seek recovery of all such costs from Unit Franchisees who hired sub-franchisees whom they failed to pay according to law, and whose claims result in any liability on the part of the Defendants/Counterclaimants, including but not limited to: attorneys' fees, expenses, court costs, any sums ordered to be paid by Defendants/Counterclaimants to any sub-franchisees of such Unit Franchisees or their franchises or their vehicles, and any other relief the court deems proper.

## FIFTH COUNTERCLAIM FOR RELIEF - EQUITABLE INDEMNITY

**(On Behalf Of Defendants/Counterclaimants, Against Roosevelt Kairy, Harjinder Singhdietz, Larry Brown, Drake Osmun, Wayne Dickson And Consent to Join Plaintiffs Who Are Unit Franchisees)**

45. Defendants/Counterclaimants hereby refer to and incorporate by reference paragraphs 1 through 44, above, of this Counterclaim, as though set forth in full herein.

46. In the event that this litigation results in any sums being awarded against Defendants/Counterclaimants, and in favor of "sub-franchisees," (as described above), then any such liability would have been most directly, proximately and immediately caused by the actions and/or omissions, in violation of applicable law, of the Unit Franchisee for whom such sub-franchisees worked, drove, or performed services. Any liability on the part of

-59-

1 │ Defendants/Counterclaimants would be, by comparison passive, indirect and/or vicarious, and

2 │ would be of a "pass-through" nature.

3 │     47.    Based upon the foregoing, Defendants/Counterclaimants would be entitled to

4 │ equitable indemnity for any and all such sums, from the Unit Franchisee for whom such sub-

5 │ franchisees worked. Defendants/Counterclaimants, therefore, seek recovery of all such sums from

6 │ Unit Franchisees who hired sub-franchisees whom they failed to pay according to law, and whose

7 │ claims result in any liability on the part of the Defendants/Counterclaimants.

8 │

9 │ **SIXTH COUNTERCLAIM FOR RELIEF - TRADEMARK INFRINGEMENT,**

10 │ **LANHAM ACT**

11 │ **(On Behalf Of Defendant/Counterclaimant SuperShuttle International, Inc., Against Plaintiff**

12 │ **Wayne Dickson)**

13 │     48.    Defendants/Counterclaimants hereby refer to and incorporate by reference

14 │ paragraphs 1 through 47, above, of this Counterclaim, as though set forth in full herein.

15 │     49.    The trademark, service mark, and trade name "SuperShuttle" used in conjunction

16 │ with a shuttle service is the property of SuperShuttle International, Inc. ("SSI"). The trademark

17 │ and/or trade dress of utilizing a particular blue and yellow lettering and color scheme on a van used

18 │ to transport passengers to and from airports is also the property of SSI.

19 │     50.    SSI has protected its trademarks, service marks, names, symbols, and trade dress

20 │ from infringement, and has publically asserted its entitlement to exclusive rights to use, license and

21 │ otherwise control them. SSI has filed service marks with the United States Patent and Trademark

22 │ Office, as follows: Registration Number 1422276 (filed September 1983, renewed and currently

23 │ active), word mark: "SUPERSHUTTLE"; Registration Number 1629477 (filed December 1988,

24 │ renewed and currently active), service mark: design, colors and lettering; and Registration Number

25 │ 1629481 (filed November 1989, renewed and currently active), service mark: design, colors and

26 │ lettering.

27 │     51.    Plaintiff Wayne Dickson ("Dickson") entered into a written contract with a City

28 │ Licensee of SuperShuttle International, Inc. ("SSI") for the purchase of a SuperShuttle-branded Unit

1  Franchise.  This written contract is called a "Unit Franchise Agreement."  SSI was a third-party

2  beneficiary to that contract.

3      52.    The Unit Franchise Agreement provided terms for the protection of SSI's

4  trademarks, symbols, service marks and trade dress, as well as SSI's franchise structure and other

5  proprietary business information.  In executing the Unit Franchise Agreement, Dickson agreed to

6  comply with all such terms.

7      53.    The applicable "Unit Franchise Agreement" prohibits the misappropriation and

8  dilution of SSI's trademarks, symbols, service marks and trade dress.

9      54.    SSI has developed a particular blue and yellow van style and font style for its

10  vehicles.  This design is protected under trademark law, and covered under the above-mentioned

11  provisions of the "Unit Franchise Agreement."

12      55.    Plaintiff Wayne Dickson ("Dickson") was additionally notified of the protected

13  nature of SuperShuttle trademarks, service marks, names, symbols, and trade dress in the

14  confidential "Unit Franchise Operations Manual," provided to him in connection with his franchise.

15      56.    Plaintiff Dickson has used SSI's trademark and trade dress in violation of 15 USC §

16  1125(a) (1), and in connection with an airport shuttle business he formed after terminating his Unit

17  Franchise Agreement that he calls "Sierra Shuttle."  Specifically, Plaintiff Dickson has used,

18  without permission, SSI's trademarks, symbols, service marks, and trade dress on shuttle vehicle(s)

19  in his business, in his advertisements, and in his solicitation of business through and servicing of

20  internet-based    advertisements,    telephone    listings    and    a    "myspace"    web    site:

21  http://profile.myspace.com/index.cfm?fuseaction=user.viewProfile&friendID=385633774.  The acts

22  of Dickson, as set forth above, are in violation of the Lanham Act (15 USC §§ 1051, *et seq.*).  True

23  and correct copies of printouts from this website are attached as ***Exhibit A*** and incorporated by

24  reference herein.

25      57.    Dickson's advertising is an attempt to pass himself off as SSI and/or as affiliated

26  with SSI, and to induce the public unwittingly to contact Dickson's company (Sierra Shuttle) rather

27  than SSI's licensees, and/or to hail his van(s) in airport shuttle lines to the detriment of SSI's

28  licensees and to the detriment of the Unit Franchisees providing shuttle service through the

-61-

1    reservations and marketing system utilized by the City Licensees of SSI.  Dickson has done so, and

2    is continuing to do so, by utilizing confusingly similar trade name ("Sierra Shuttle") and trade dress

3    (inverted color scheme and identical font and appearance) for his van(s) and his advertising of his

4    shuttle service.  In addition, Dickson's advertisements were, and are, likely to deceive the public as

5    to the identity, nature and quality of the shuttle services that Dickson provides.

6         58.    Dickson's conduct has, and will continue to create a likelihood of confusion as to

7    SSI's trademark, service mark, and trade name "SuperShuttle" in conjunction with a shuttle service,

8    and Dickson's mark and name "Sierra Shuttle" in conjunction with a shuttle service.

9         59.    Dickson's use of the mark "Sierra Shuttle" in an area where SSI's marks are present

10   causes dilution of the strong public recognition of SSI's mark.

11        60.    SSI requests that Dickson voluntarily change the marks and dress he uses for his

12   airport shuttle company, so as not to engage in mark infringement and dilute SSI's marks. SSI does

13   not seek relief that involves termination of Dickson operating a shuttle service; only that his

14   company change its markings so that is it is not confusingly similar to the SSI brand. Should

15   Dickson fail to do so voluntarily SSI is entitled to injunctive and other relief pursuant to the conduct

16   alleged herein. SSI has a right to injunctive relief in that no adequate remedy at law exists should

17   Dickson's conduct persist. Should those actions continue, SSI's customers and the public will

18   continue to be confused, thereby damaging SSI's business reputation in the community.

19

20                          **PRAYER FOR RELIEF**

21        WHEREFORE, Defendants/Counterclaimants pray for judgment on the causes of action as

22   follows:

23        a)     For an order granting Defendants/Counterclaimants restitution of all monies received by

24               Defendants as a result of the conduct alleged herein;

25        b)     For indemnification for all liabilities, attorneys fees and costs of defense and court costs;

26        c)     For general damages according to proof;

27        d)     For special damages according to proof;

28        e)     For an accounting of all sums obtained by Plaintiffs by virtue of the operation of their

-62-

1    Unit Franchises;

2    f)    For a permanent injunction, including the following orders:

3          (1)    An order restraining and enjoining Plaintiff Wayne Dickson and anyone acting in

4    concert with him from using trade names, fictitious business names, service marks and

5    other identification marks that conflict with, and imitate, the trade names, fictitious

6    business names, service marks and other identification marks of Defendant/

7    Counterclaimant SuperShuttle International, Inc., or derivations thereof, in a manner that

8    is misleading or confusing to the public, including but not limited to: "Sierra Shuttle";

9          (2)    An order restraining and enjoining Plaintiff Wayne Dickson and anyone acting in

10   concert with him from answering the following telephone numbers listed and advertised

11   in print and internet-based telephone directories and the web site,

12   http://profile.myspace.com/index.cfm?fuseaction=user.viewProfile&friendID=385633774, 916-

13   271-4935 [telephone], and from answering requests for service directed to

14   etmcasting1@yahoo.com; OR, IN THE ALTERNATIVE, an order commanding

15   Plaintiff Dickson and anyone acting in concert with him to automatically forward all

16   incoming calls dialed to SuperShuttle International, Inc.'s telephone numbers listed and

17   advertised in print and internet-based telephone directories and the web site, to

18   SuperShuttle International, Inc.'s website (www.supershuttle.com), and telephone

19   number (800-BLUE-VAN [800-258-3826]); numbers subject to forwarding under this

20   order include 916-271-4935 [telephone], and requests for service directed to

21   etmcasting1@yahoo.com shall likewise be forwarded to the email address of

22   SuperShuttle International, Inc. (reservations@supershuttle.net); and all internet traffic to

23   http://profile.myspace.com/index.cfm?fuseaction=user.viewProfile&friendID=385633774, shall

24   be forwarded to www.supershuttle.com;

25   g)    For costs of suit herein, including reasonable attorneys' fees; and,

26   h)    For such other relief as this court may deem necessary and proper.

27

28   / / /

1

## DEMAND FOR JURY TRIAL

2  Pursuant to the Federal Rules of Civil Procedure Rule 38, Defendants/Counterclaimants

3  SuperShuttle International, Inc. and SuperShuttle Franchise Corporation hereby demand a jury trial

4  on all issues triable by jury.

5

6  Dated: February 26, 2009                    MARRON & ASSOCIATES

7

8                                              By: _____

9                                                  Paul J. Marron, Esq.
                                                   Steven C. Rice, Esq.
10                                                 Andre Y. Bates, Esq.
                                                   Attorneys for Defendants/Counterclaimants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-64-

**EXHIBIT A**

Sponsored Links

**Blitz Transportation**
Reliable & Professional Limousine Services
www.LocalAdLink.com

**DFW Airport Limo**
We are courteous; competitive and can transport you to work or play
DFWStandbyLimo.com

| Web ▾ | Search |

Home    Browse People    Find Friends    Forums    Music    Video    More ▾    Sierra Shu.. ▾          Log In    Sign Up

## Sierra Shuttle



**Reservations**
...

"AIRPORT SHUTTLE"

Male
46 years old
SACRAMENTO,
California
United States

Last Login: 2/5/2009

**Mood:** blessed 😊
View My: **Pics** | **Videos**

### Contacting Sierra Shuttle

✉ **Send Message**            ➤ **Forward to Friend**
👤 **Add to Friends**          ☑ **Add to Favorites**
👤 **IM / Call**               👤 **Block User**
👥 **Add to Group**           👤 **Rank User**

**MySpace URL:**
**www.myspace.com/sierrashuttle**

### Sierra Shuttle's Interests

**General**



### Sierra Shuttle Now offering flat rates to the Sacramento Intl Airport and Thunder Valley Casino

Sierra Shuttle's Latest Blog Entry  [Subscribe to this Blog]

Sierra Shuttle  (view more)

[View All Blog Entries]

#### Sierra Shuttle's Blurbs

**About me:**
Welcome to Sierra Shuttle.Sacramento Independent Shuttle Service. We are a licensed and insured shuttle company that provides door to door pick-up and drop-off shuttle services to the Sacramento International Airport, Greyhound, Amtrak, Casinos. Our company also has available charter runs to San Francisco for a very low rate than any other company. We run 7 days a week, 365 days a year including holidays. We provide excellent customer service to our customers by being on time, courteous drivers and provide you with a smooth and comfortable ride wherever your destination may be. We have available 12 passenger van with extra large luggage space. We offer great group rates at a reasonable rate as well as senior citizen discounts. Our Drivers will greet you with a friendly smile and help you with carrying and loading your luggage from your front doorstep to airport curbside. Need a designated Driver? We offer pickup and drop-offs from where ever you may be straight to your door. Rates will vary depending on location. For reservations please call and book at least 48 hours in advance at 916-271-4935 or check us out at



etmcasting1@yahoo.com. >

**Who I'd like to meet:**

000065

Sponsored Links

**Blitz Transportation**
Reliable & Professional Limousine Services
www.LocalAdLink.com

**DFW Airport Limo**
We are courteous; competitive and can transport you to work or
play
DFWStandbyLimo.com

| Web ▼ | Search |

Home   Browse People   Find Friends   Forums   Music   Video   More ▼   Sierra Shu.. ▼          Log In   Sign Up

## Sierra Shuttle



**Reservations**
...

"AIRPORT SHUTTLE"

Male
46 years old
SACRAMENTO,
California
United States

Last Login: 2/5/2009



**Mood:** blessed 😊
View My: **Pics** | **Videos**

### Contacting Sierra Shuttle

| ✉ **Send Message** | ✉ **Forward to Friend** |
|---|---|
| **Add to Friends** | ☑ **Add to Favorites** |
| **IM / Call** | **Block User** |
| **Add to Group** | **Rank User** |

**MySpace URL:**
**www.myspace.com/sierrashuttle**

### Sierra Shuttle's Interests

**General**









---

## Sierra Shuttle Now offering flat rates to the Sacramento Intl Airport and Thunder Valley Casino

**Sierra Shuttle's Latest Blog Entry  [Subscribe to this Blog]**

Sierra Shuttle  (view more)

**[View All Blog Entries]**

### Sierra Shuttle's Blurbs

**About me:**
Welcome to Sierra Shuttle.Sacramento Independent Shuttle Service. We are a
licensed and insured shuttle company that provides door to door pick-up and
drop-off shuttle services to the Sacramento International Airport, Greyhound,
Amtrak, Casinos. Our company also has available charter runs to San Francisco
for a very low rate than any other company. We run 7 days a week, 365 days a
year including holidays. We provide excellent customer service to our
customers by being on time, courteous drivers and provide you with a smooth
and comfortable ride wherever your destination may be. We have available 12
passenger van with extra large luggage space. We offer great group rates at a
reasonable rate as well as senior citizen discounts. Our Drivers will greet you
with a friendly smile and help you with carrying and loading your luggage from
your front doorstep to airport curbside. Need a designated Driver? We offer
pickup and drop-offs from where ever you may be straight to your door. Rates
will vary depending on location. For reservations please call and book at least
48 hours in advance at 916-271-4935 or check us out at

etmcasting1@yahoo.com. >



**Who I'd like to meet:**

000066

Sponsored Links

**Reliable Limo Service**
Reliable Service, Affordable rates Servicing All airports 800.640 0700
www.PioneerLimo.net

| Web ▼ | Search |

Home    Browse People    Find Friends    Forums    Music    Video    More ▼    Sierra Shu.. ▼                                    Log In    Sign Up

## Sierra Shuttle



"AIRPORT SHUTTLE"

Male
46 years old
SACRAMENTO,
California
United States

Last Login: 2/5/2009

Mood: blessed ☺
View My: Pics | Videos

### Contacting Sierra Shuttle

| | | | |
|---|---|---|---|
| ✉ | Send Message | ✉ | Forward to Friend |
| ☺ | Add to Friends | ☑ | Add to Favorites |
| ☎ | IM / Call | ⊘ | Block User |
| ☺ | Add to Group | ☺ | Rank User |

MySpace URL:
www.myspace.com/sierrashuttle

### Sierra Shuttle's Interests

**General**











### Sierra Shuttle's Details

---

### Sierra Shuttle Now offering flat rates to the Sacramento Intl Airport and Thunder Valley Casino

Sierra Shuttle's Latest Blog Entry  [Subscribe to this Blog]

Sierra Shuttle  (view more)

[View All Blog Entries]

### Sierra Shuttle's Blurbs

**About me:**
Welcome to Sierra Shuttle.Sacramento Independent Shuttle Service. We are a licensed and insured shuttle company that provides door to door pick-up and drop-off shuttle services to the Sacramento International Airport, Greyhound, Amtrak, Casinos. Our company also has available charter runs to San Francisco for a very low rate than any other company. We run 7 days a week, 365 days a year including holidays. We provide excellent customer service to our customers by being on time, courteous drivers and provide you with a smooth and comfortable ride wherever your destination may be. We have available 12 passenger van with extra large luggage space. We offer great group rates at a reasonable rate as well as senior citizen discounts. Our Drivers will greet you with a friendly smile and help you with carrying and loading your luggage from your front doorstep to airport curbside. Need a designated Driver? We offer pickup and drop-offs from where ever you may be straight to your door. Rates will vary depending on location. For reservations please call and book at least 48 hours in advance at 916-271-4935 or check us out at

setmcasting1@yahoo.com. >



**Who I'd like to meet:**

| Status: | Married |
| Here for: | Networking |
| Orientation: | Straight |
| Hometown: | Sacramento |
| Zodiac Sign: | Virgo |
| Children: | Proud parent |
| Education: | Some college |
| Occupation: | Manager of Operations |

**Sierra Shuttle's Companies**

| Sierra Shuttle | 2008 |
| Sacramento, California US | |
| Owner | |
| Transportation | |







**Sierra Shuttle's Friend Space (Top 8)**

**Sierra Shuttle has 8 friends.**



| MIXTURE | THE OFFICIAL CINESCOPE WEBPAGE | Justin Ferrari | Trojan Productions |

000068



000069



000070

# — Free Schedule Take One —

*Casino Transportation*

## Sierra Shuttle

**FLAT RATE!**

### Airport Reservations
### (916) 271-4935

### Shuttle Circuit Runs :
### See schedule for detailed time

**Your premier ride for Thunder Valley Fun at Thunder Valley Casino !**



000071



**Reservations**
**916-271-4935**
**Sheraton Hotel &**
**Surrounding Hotels -$13.00**
**(Each additonal person $9.00)**

**Red Lion Inn &**
**Surrounding Hotels - $15.00**
**(Each additonal person $9.00)**

**Local Casinos -$40.00 (one way)**
**(Each additional person $10.00)**

**Designated Driver Available**

**(Rates Are Subject To Change)**

**(Fares Vary On Location)**

**Hours of Operation - 5:00 am to 1:30 am**
**Monday - Sunday**
**Including Holidays**

# AIRPORT TRANSPORTATION

**We Can Transport You To & From-**

**Sacramento International Airport**
**Local Casinos**
**Greyhound Station**
**Lightrail Stations**
**Amtrak**
**Home/Business**
**Special Events**



WE Accept

000072