# MARRON & ASSOCIATES

ATTORNEYS AT LAW

LANDMARK SQUARE
111 WEST OCEAN BOULEVARD, SUITE 1925
LONG BEACH, CALIFORNIA 90802
TELEPHONE: (562) 432-7422
FACSIMILE: (562) 432-8682
www.marronlaw.com

March 23, 2009

**FILED ELECTRONICALLY**

The Honorable Bernard Zimmerman
United States Magistrate Judge
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Kairy, et al. v. SuperShuttle International, Inc., et al.*
             Case No. C08-2993 JSW (BZ)

Dear Judge Zimmerman:

Pursuant to the Initial Discovery Order in this matter, Defendants SuperShuttle International, Inc. ("SSI") and SuperShuttle Franchise Corporation ("SSFC") respectfully request a telephone conference with the Court in regard to defendants' potential "Motion For Leave To Take More Than Ten Depositions."

This issue has presented at this time, due to the expressly stated position of plaintiffs' attorneys that they would reserve the right to object to any attempt to take more than 10 depositions (without a prior order of the court), and thereby refuse to participate. Fed. R. Civ. P. ("Rule") 30(a)(2)(A); *Advance Sterilization Prods. v. Jacob*, 190 F.R.D. 284 (D.C. Mass. 2000). Since simply taking the depositions already known to be necessary will exceed that number, defendants believe this issue must be resolved (at least in part) at this time. Given that the deposition process is just beginning and additional witnesses will undoubtedly be revealed during those depositions to be critical, thereby necessitating their depositions, leave to take more than ten depositions will be essential to fair pre-trial discovery. Defendants will request an order that each party may take as many depositions as are necessary, subject to the right of any party to make a motion cutting off depositions, or preventing a particular deposition.

The plaintiffs' position is that this matter can be raised later, after more depositions have been completed. However, waiting until defendants have taken more depositions before facing this issue would be unfair. Defendants would be compelled to ration the depositions without knowing if any others would ever be permitted. Important discovery would have to be foregone or delayed, since other even more significant witnesses might be revealed at a later time. In the end, the result delaying the expansion of the number of permissible depositions would needlessly prolong the progress of this vital phase of discovery. There would be commensurate increases in costs caused by the necessarily inefficient scheduling caused by delaying each deposition as long as possible.

Hon. Bernard Zimmerman
*Kairy, et al. v. SuperShuttle International, Inc., et al.*
March 23, 2009
Page 2

This case is styled as a potential Rule 23 class action *and* a potential collective action under the Fair Labor Standards Act ("FLSA"), asserting claims on behalf of at least 800 persons, described as "drivers" of SuperShuttle-branded passenger vans. There are currently five plaintiffs named as potential class representatives. One person formerly so named has now been identified as having "consented" to participation in the FLSA claims. The requested class/collective involves persons who contracted with five different corporations (none of them named as defendants), and who worked with dispatches located in four different locations. The putative class involves the greater metropolitan areas of Sacramento, San Francisco/Oakland/San Jose, Los Angeles/Orange County, Ontario/Pomona, and San Diego. At issue are claims relating to overtime, payment of minimum wage, rest and meal breaks, and recovery of personally paid expenses, among others.

The vast majority of the putative collective/class is comprised of persons who signed franchise agreements, or who work for a franchise as an operator of the franchise's van.[1] Plaintiffs nevertheless attempt to characterize these persons as *de facto* employees, based upon assertions of "control" being exercised by defendants, at each of the locations described above.

At a case management conference on October 6, 2008, Judge Jeffrey S. White observed that it would be extremely difficult to separate the many substantive issues presented by a case of this complexity and size. In fact, the scope of the allegations raised by Plaintiffs is broad and the magnitude of the relief sought is extraordinary. There are numerous individuals with information that defendants need to obtain to mount a strong defense. **The depositions of the six current and former putative class representatives will consume more than half of defendants' permitted depositions under the Rule.** The currently known subdrivers of these class representatives (at least 4 more persons) will take up the remaining depositions. Defendants clearly need to take depositions of other persons with information about the financial claims of the named plaintiffs (Dickson identified two accountants and a loan broker with such information pertaining to his claims), as well as those with information relating to whether class certification should be granted, and other issues in the case. It is clear right now that defendants must be permitted to exceed the presumptive discovery limits, if they are to adequately defend the case.

The defendants, therefore, request that this matter be set for a telephone conference with the Court in order that this issue may be timely addressed, and resolved.

Very truly yours,
MARRON & ASSOCIATES

STEVEN C. RICE

Request for a conference at this time is **DENIED**, subject to being renewed at such time as plaintiffs object to a deposition as exceeding the limit.

Dated: 3/24/09

*Bernard Zimmerman*
United States Magistrate Judge

SCR:ip
cc: Plaintiffs' counsel (via Electonic Filing)

---

[1] A few worked only as independent contractors, prior to the transition of all City Licensees to a system of dispatching only to franchisees.