IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROOSEVELT KAIRY, ET AL.,

      Plaintiffs,

  v.

SUPERSHUTTLE INTERNATIONAL, INC., ET AL.,

      Defendants.

No. C 08-02993 JSW

**ORDER GRANTING MOTION TO FACILITATE COLLECTIVE ACTION NOTICE**

Now before the Court is Plaintiffs' motion to facilitate collective action notice under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for May 22, 2009 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court hereby GRANTS Plaintiffs' motion to facilitate collective action notice.

## BACKGROUND

Plaintiffs are individuals who drove passenger vehicles for SuperShuttle in California during the period commencing April 9, 2006 to the present who allege that they have not been paid minimum wages and overtime compensation pursuant to the FLSA.

The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

**ANALYSIS**

**1.    Applicable Legal Standards.**

Pursuant to the FLSA, employees may bring a collective action on behalf of other "similarly situated" employees based on alleged violations of the FLSA. 29 U.S.C. § 216(b). In contrast to class actions pursuant to Federal Rule of Civil Procedure 23, potential members of a collective action under the FLSA must "opt-in" to the suit by filing a written consent with the Court in order to benefit from and be bound by a judgment. *Id.*; *see also Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Employees who do not opt in may bring a subsequent private action. *Leuthold*, 224 F.R.D. at 466 (citing *EEOC v. Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1508 n.11 (9th Cir. 1990)).

Courts "may authorize the named FLSA plaintiffs to send a notice to all potential plaintiffs and may set a deadline for those potential plaintiffs to join the suit." *Leuthold*, 224 F.R.D. at 466; *see also Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 172 (1989). The determination of whether a collective action is appropriate is within the Court's discretion. *See Adams v. Inter-Con Security Sys., Inc.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007). Plaintiffs bear the burden to show that they and the proposed class are "similarly situated." *See id.* (citing 29 U.S.C. § 216(b)).

The FLSA does not define "similarly situated." Although the Ninth Circuit has not yet articulated the proper test for certification of a FLSA action, district courts in this circuit have applied a two-step inquiry. *See e.g.*, *Centurioni v. City and County of San Francisco*, 2008 WL 295096, *1 (N.D. Cal. Feb. 1, 2009) (White, J.); *Leuthold*, 224 F.R.D. at 466-67; *see also Adams*, 242 F.R.D. at 536; *Prentice v. Fund for Public Interest Research, Inc.*, 2007 WL 2729187, * 2 (N.D. Cal. Sept. 18, 2007). Under the first step, courts consider whether the proposed class should be given notice of the action based on the pleadings and the affidavits submitted by the parties. *Adams*, 242 F.R.D. at 536. The Court determines whether to allow notice "based on a fairly lenient standard due to the limited amount of evidence before it." *Adams*, 242 F.R.D. at 536. Plaintiffs are only required to "make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." *Leuthold*, 224

F.R.D. at 468; *see also Adams*, 242 F.R.D. at 536. "Under this lenient standard, the plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations." *Adams*, 242 F.R.D. at 536 (internal quotes and citation omitted); *see also Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 105 (D. Conn. 2007) ("In order for a plaintiff to meet this modest, preliminary burden, the district court need only be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits") (internal quotes and citation omitted); *Morton v. Valley Farm Transport, Inc.*, 2007 WL 1113999, *2 (N.D. Cal. April 13, 2007) (describing burden as "not heavy" and requiring plaintiffs to merely show a "reasonable basis for their claim of class-wide" conduct) (internal quotes and citation omitted); *Stanfield v. First NLC Financial Serv., LLC*, 2006 WL 3190527, * 2 (N.D. Cal. Nov. 1, 2006) (holding that the plaintiffs "must be generally comparable to those they seek to represent.").

Courts usually grant conditional class certification at this stage. *Adams*, 242 F.R.D. at 536 ("The usual result is conditional class certification."); *see also Stanfield*, 2006 WL 3190527, * 2 ("The standard is lenient, and conditional collective action is usually granted."). Under this first step, courts do not consider the merits of the claims. *Ayers v. SGS Control Services., Inc.*, 2004 WL 2978296, *6 (S.D.N.Y. Dec. 21, 2004) ("the evaluation of the merits of plaintiffs' claims is unnecessary to determine whether notice is appropriate to the defined similarly situated class"); *see also Adams*, 242 F.R.D. at 539 (declining to evaluate the merits at the conditional certification stage); *Morton*, 2007 WL 1113999 at *3; *Stanfield*, 2006 WL 3190527 at *4.

Under the second step, "the party opposing the certification may move to decertify the class once discovery is complete." *Adams*, 242 F.R.D. at 536 (citing *Leuthold*, 224 F.R.D. at 467). "[T]he Court then determines the propriety and scope of the collective action using a stricter standard." *Stanfield*, 2006 WL 3190527, *2. In particular, the Court may consider: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Leuthold,* 224 F.R.D. at 467. At this point, "the court may

decertify the class and dismiss the opt-in plaintiffs without prejudice." *Leuthold*, 224 F.R.D. at 467.

### 2.     **Plaintiffs Have Shown that Conditional Certification is Warranted.**

Applying the lenient standard applicable to the first step, the Court finds that conditional certification of collective action is appropriate.  Plaintiffs allege through their complaint, affidavits and supporting exhibits, that Defendants failed to pay minimum wages and overtime compensation to its airport shuttle drivers working from facilities in California at any time during the past three years. Plaintiffs' submissions indicate that the proposed class members experiences are shared by the members of the proposed collective action.  Plaintiffs maintain that the SuperShuttle entities here have treated all such drivers as non-employees throughout the time period; that drivers perform the same core job duties and are or have been subject to the same "SuperShuttle System" described in the submissions before the Court which involve a uniform set of job standards, policies and procedures applicable to all of its drivers.

SuperShuttle's opposing arguments primarily consist of challenges to the merits of Plaintiffs' claims.  However, at this stage, courts do not consider the merits of the claims.  *See Adams*, 242 F.R.D. at 539; *see also Morton*, 2007 WL 1113999 at *3; *Stanfield*, 2006 WL 3190527 at *4; *Ayers*, 2004 WL 2978296 at *6.  Defendants contend that the plaintiffs and proposed class are not actually employees of SuperShuttle and therefore cannot make any claim under the FLSA.  Defendants contend that Plaintiffs fail to set out an appropriate SuperShuttle entity as an employer, fail to demonstrate the relationship between the various franchises and fail to demonstrate that they are sufficiently similarly situated to conditionally qualify as a class.  However, under the lenient standard, the Court finds that Plaintiffs make a sufficient showing that the proposed class of plaintiffs were similarly-situated workers functioning under Defendants' common plan regarding drivers under the umbrella of related SuperShuttle entities.

To the extent Defendants wish to move to dismiss the claims under the FLSA or to decertify the class, they are free to do so at the appropriate time. *See Leuthold*, 224 F.R.D. at 467.

4

**3.     Request to Strike Opt-In Consents is Denied.**

Defendants object to the pre-certification solicitations and request that the Court strike the consents already filed. Courts "generally allow opt-ins to be filed at any time in the action and even look to those opt-in consents – or lack thereof – as evidence on the question of whether a class in an FLSA collective action should be conditionally certified. *See Piper RGIS Inventory Specialists, Inc.*, 2007 WL 1690887, *6 (N.D. Cal. June 11, 2007) (citations omitted).

There is little case law addressing what constitutes a valid opt-in consent. However, the Court does not find that the consents already submitted are invalid, but rather finds that the number of submissions is some evidence that members of the class may be similarly situated. As it did in *Piper*, to determine the validity of the consents already filed, this Court "applies the standard adopted by the district court in *Sperling v. Hoffman-La Roche, Inc.*, namely, whether there has been a 'full and effective disclosure of all the relevant facts ... sufficient to enable [the consenting party] to make an informed decision.'" 2007 WL 1690887 at *8 (citing *Sperling v. Hoffman-La Roche*, 118 F.R.D. 392, 408 (D.N.J. 1988).) The Court concludes that this standard does not impose "hyper-technical requirements, but rather, is met so long as the plaintiffs have a 'basic understanding' of what they are consenting to." *Id.* (citing *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1147-48 (5th Cir. 1970)). Having reviewed the consent form in this matter completed by the opt-in plaintiffs, the Court concludes that the form is not so inaccurate or misleading as to vitiate the consent of those plaintiffs who have already opted in.

## CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Plaintiffs' motion to facilitate collective action notice. Pursuant to 29 U.S.C § 216(b), the Court CONDITIONALLY CERTIFIES an opt-in collective action of individuals who drove passenger vehicles for SuperShuttle in California during the period commencing April 9, 2006 to the present.

The Court HEREBY DIRECTS the parties to meet and confer on a proposed notice, with a consent form and deadline to file consents to join, and submit such notice to the Court by June 12, 2009. The notice should be neutral in tone, should set forth the basics of Plaintiffs' claims and the Defendants' defenses, and should not be submitted on pleading paper. If the

5

parties are unable to reach an agreement, the parties may each submit a proposed notice by June 12, 2009.  In the event that the parties do not submit a joint proposed notice, the parties should file objections to the proposed notices by no later than June 19, 2008.  The Court FURTHER ORDERS that Defendants shall provide Plaintiffs by June 26, 2009, the names and addresses of all current and former drivers for SuperShuttle from April 9, 2006 to the present.  SuperShuttle shall provide this information in Excel format.

The Case Management Conference scheduled for June 26, 2009 at 1:30 p.m. shall remain on calendar.  Should there remain any dispute about the notice, the Court shall address such dispute at that time.

**IT IS SO ORDERED.**

Dated:   May 21, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE