| | |
|---|---|
| Aaron Kaufmann, SBN 148580 | Peter Rukin, Esq., SBN 178336 |
| Philip Monrad, SBN 151073 | Rosha Jones, Esq. SBN 279143 |
| David Pogrel, SBN 203787 | RUKIN HYLAND DORIA & TINDALL LLP |
| LEONARD CARDER, LLP | 100 Pine Street, Suite 2150 |
| 1330 Broadway, Suite 1450 | San Francisco, CA 94111 |
| Oakland, CA 94612 | Telephone: (415) 421-1800 |
| Telephone: (510) 272-0169 | Facsimile:  (415) 421-1700 |
| Facsimile: (510) 272-0174 | E-mail: peterrukin@rhdtlaw.com |
| E-mail: akaufmann@leonardcarder.com | E-mail: rjones@rhdtlaw.com |
| E-mail: pmonrad@leonardcarder.com | |
| E-mail: dpogrel@leonardcarder.com | Bryan Schwartz, SBN: 209903 |
| | Rachel Terp, SBN: 290666 |
| Daniel Feinberg, SBN 135983 | BRYAN SCHWARTZ LAW |
| Kirsten Scott, SBN 253464 | 1330 Broadway, Suite 1630 |
| LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C. | Oakland, CA 94612 |
| 476 9th Street | Telephone: (510) 444-9300 |
| Oakland, California 94607 | Facsimile: (510) 444-9301 |
| Telephone: (510) 839-6824 | Email: Bryan@BryanSchwartzLaw.com |
| Facsimile: (510) 839-7839 | Email: Rachel@BryanSchwartzLaw.com |
| E-mail: dfeinberg@lewisfeinberg.com | |
| E-mail: kscott@lewisfeinberg.com | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT KAIRY, LARRY BROWN, WAYNE DICKSON, DRAKE OSMUN, HARJINDER SINGHDIETZ, FREDERICK FERNANDEZ, YURIK ZADOV, and MUNIR AHMED on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERSHUTTLE INTERNATIONAL, INC. and SUPERSHUTTLE FRANCHISE CORPORATION, d.b.a. SUPERSHUTTLE,  CLOUD 9 SHUTTLE, INC.; SUPERSHUTTLE OF SAN FRANCISCO, INC.; MINI-BUS SYSTEMS, INC.; SUPERSHUTTLE LOS ANGELES, INC.; AND SACRAMENTO TRANSPORTATION SERVICES, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.  3:08-CV-02993 JSW<br><br>**[PROPOSED] ORDER APPROVING AWARD OF CLASS REPRESENTATIVE SERVICE PAYMENTS, ATTORNEYS' FEES, AND COSTS** |

On October 31, 2014, this Court held a hearing on Plaintiffs' Motion for Order Approving Award of Class Representative Service Payments, Attorneys' Fees, and Costs, at which all named parties were represented. Based on the papers filed with the Court and presentations made to the Court at the hearing, the Court hereby grants Class Counsel's request for an award of $4,000,000 in attorneys' fees, $250,222.88 in litigation costs, and $100,000 in service payments to the class representatives.

## I.  THE REQUESTED AWARD OF ATTORNEYS' FEES IS APPROPRIATE

1.  In a class settlement, courts may calculate an appropriate award of fees under the "lodestar" method or the "common fund" method, using either one as a cross check on the other. *Hanlon v. Chrysler Group*, 150 F. 3d 1011, 1029 (9th Cir. 1998) (courts have discretion to apply the "lodestar/multiplier" method to determine a reasonable attorneys' fee or as a crosscheck on the percentage fee calculation). Here, the requested fee award of $4,000,000 is reasonable under both methods.

2.  Plaintiffs' fee request is reasonable and appropriate under the lodestar/multiplier method. Multiplying the number of hours counsel worked by a reasonable hourly rate establishes the lodestar. *Staton v. Boeing Co.,* 327 F.3d 938, 965 (9th Cir. 2003). The court may apply a multiplier to the lodestar in light of certain factors. *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011)(the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of "reasonableness" factors, "including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment").

3.  Plaintiffs' Counsel has presented evidence that they have devoted 9,933.60 hours of time since the case began, which the Court finds to be reasonable given the more than six years that Class Counsel have worked on this litigation. Plaintiffs' Counsel have filed four complaints, answered and defended against counterclaims filed against the named Plaintiffs, successfully moved for FLSA notice, prepared and filed a motion for class certification, responded to two motions to dismiss, won a Ninth Circuit Court of Appeals' reversal of this Court's dismissal of all state law claims, opposed a motion to stay the case and compelling arbitration, and successfully

- 1 -

[PROPOSED] ORDER APPROVING AWARD OF CLASS REPRESENTATIVE SERVICE PAYMENTS, ATTORNEYS' FEES, AND COSTS
CASE NO.  3:08-CV-02993 JSW

petitioned to the Ninth Circuit for interlocutory review of the Court's order compelling arbitration. Plaintiffs' Counsel also engaged in substantial discovery, including defending 13 depositions, taking the depositions of various SuperShuttle witnesses, responding to 580 interrogatories, and reviewing tens of thousands of pages of documents.

4. The Court finds further that Class Counsel's hourly rates are reasonable in light of their experience (as reflected in their declarations and the declarations of their peers in the field of employment class action litigation), and the rates charged are comparable to other attorneys in this field.

5. Plaintiffs' counsel's lodestar as of the end of May 2014 was $4,968,735. While a multiplier on Class Counsel's lodestar might be appropriate in light of the above factors (including the quality of the representation, the benefit to the Class, the complexity of the case, and the risk of nonpayment), Class Counsel are not requesting a multiplier on their lodestar but rather *negative* multiplier, or "divider," of .80, so that they will recover only 80% of the lodestar they expended on this case. Under these circumstances, the $4,000,000 fee request at 80% of counsel's lodestar is objectively reasonable under the lodestar/multiplier method of calculation.

6. The Court also finds that Plaintiffs' fee request is reasonable and appropriate under the common fund method. Under the common fund doctrine, "'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1175 (S.D. Cal. 2007) (quoting *Staton,* 327 F.3d at 967); *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980)).

7. The typical range of acceptable attorneys' fees in the Ninth Circuit under the common fund method is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark. *Garcia v. Gordon Trucking, Inc.*, No. 1:10-CV-0324 AWI SKO, 2012 WL 5364575, at *8 (E.D. Cal. Oct. 31, 2012) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)). In valuing a settlement for purposes of calculating a percentage-of-the-fund fee award, the court is not limited to the immediate cash payments but may take into account the full range of benefits provided the class. *See Laguna v. Coverall North America, Inc.,* --- F.3d ----, 2014 WL 2465049

- 2 -

at *3 (9th Cir. June 3, 2014) (district court "acted within its proper discretion when it found that the settlement contains significant benefits for Plaintiffs beyond the cash recovery, and thus that the award, at about a third of the lodestar amount, was reasonable"). Further, the "benchmark percentage [of 25%] should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Torrisi v. Tuscon Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (quoting *Six Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir.1990)).

8.  In addition to compensating counsel for the hours they devoted to a case, other factors may warrant an upward adjustment from the benchmark, including: (1) the results obtained for the class; (2) the risk undertaken by counsel; (3) the skill required and the quality of work; (4) the terms and length of the professional relationship with the client; and (5) the financial burden of representation borne by Class Counsel. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

9.  Here, the requested fee award of $4,000,000 is supported by a percentage-of-the-fund cross-check. To begin with, taking into account the programmatic relief Class Counsel obtained for the Class (including the increased eligibility for suspension of franchise fees, the franchise resale opportunity program, and the lowered financing rates offered current and future franchisees) the full value of the settlement is reasonably estimated to be above $16,000,000. Accordingly, the requested fee award of $4,000,000 is justified without any upward adjustment from the 25% benchmark.

10. However, even were the Court to calculate the appropriate percentage valuing only the cash fund of $12,000,000, the requested fee award falls within the range of acceptable attorneys' fees in the Ninth Circuit because an upward adjustment from the benchmark is appropriate in this case in light of the hours Class Counsel have devoted to the case, the fact that they will be recovering less than their lodestar, and the other *Vizcaino* factors. Class Counsel undertook significant risk and potential financial burden in bringing this case, and accepted and litigated this class action for six years and through two appeals solely on a

- 3 -

contingency fee basis without any assurance that they would be reimbursed for these costs or paid for the nearly 10,000 hours they have spent on the litigation. Defendants, as PUC and airport-regulated entities, also had unique defenses to the employment claims asserted by Plaintiffs in this case. The attorneys prosecuting this case, before this Court and on appeal, are all skilled employment lawyers with substantial experience litigating complex class actions. Further, this case involved difficult issues revolving around PUC jurisdiction, employment status, overtime exemptions, franchise law, and arbitration matters. Class Counsel's skill in litigating and settling this case supports the fee request. Finally, the fee request is in line with the fees courts have awarded in similar cases. *See, e.g., Garcia v. Gordon Trucking, Inc.*, No. 1:10-CV-0324 AWI SKO, 2012 WL 5364575, at *8 (E.D. Cal. Oct. 31, 2012) (approving fee award equal to one third of wage and hour settlement, resulting in 1.28 multiplier on lodestar); *Rigo v. Kason Industries, Inc.*, No. 11-CV-64-MMA DHB, 2013 WL 3761400, at *7 (S.D. Cal. July 16, 2013) (approving 30 percent fee award; noting that "in a study of 287 settlements ranging from less than $1 million to $450 million, "[t]he average attorney's fees percentage is shown as 31.71%, and the median turns out to be one-third"). Indeed, courts have found less favorable recoveries to warrant similar common fund awards. *See, e.g., Elliott v. Rolling Frito-Lay Sales, LP*, SACV 11-01730 DOC, 2014 WL 2761316, at *10 (C.D. Cal. June 12, 2014) (approving 30 percent fee award on $1,600,000 wage and hour class settlement involving 3,500 class members, after less than three years of litigation); *Gomez v. H & R Gunlund Ranches, Inc.*, CV F 10-1163 LJO MJS, 2011 WL 5884224 (E.D. Cal. Nov. 23, 2011) (awarding fees of $425,000 on $915,000 total settlement); *Vasquez*, 266 F.R.D. at 491 (award of fees equal to 33 1/3% of the common fund when net settlement fund of $200,000 to be divided up among 177 class members); *In re Crazy Eddie Sec. Litig.*, 824 F.Supp. 320, 327 (E.D. N.Y. 1993) (awarding 33.8% in fees in a case where counsel recovered 10% of class damages); *In re Med. X-Ray Film Antitrust Litig.*, 1998 U.S. Dist. LEXIS 14888, at *20 (E.D.N.Y. Aug. 7, 1998) (awarding 33.3% fee in antitrust action where counsel recovered 17% of damages).

11.   In short, the requested fee of $4,000,000 is supported by the lodestar/multiplier method and reflects a reasonable percentage of the common fund established for the Class. No

- 4 -

Class Member filed any objection to Plaintiffs' fee and expenses request, which was disclosed in the settlement notice sent to Class Members and was fully briefed nearly four months before the final approval hearing. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994-95 (9th Cir. 2010). As such, this Court finds that Class Counsel's request for a fee award of $4,000,000 is reasonable.

## II. CLASS COUNSEL'S REQUEST FOR REIMBURSEMENT OF OUT-OF-POCKET EXPENSES IS REASONABLE

12. The Court finds further that the request for $250,222.88 in litigation expenses is reasonable. Class Counsel have submitted declarations indicating that the requested costs here are recoverable because they are both relevant to the litigation and reasonable in amount. Since the outset of this litigation, Plaintiffs' Counsel have incurred unreimbursed costs prosecuting this case on behalf of the Class, including costs for the following: (1) travel expenses related to driver meetings, depositions, and mediation sessions; (2) deposition transcript and other discovery costs; (3) consulting expert fees; (4) copying, messenger, and other delivery service charges; and (5) mediation fees. Plaintiffs' Counsel put forward these out-of-pocket costs without assurance that they would be repaid. These litigation expenses were necessary to secure the resolution of this litigation.

## III. CLASS COUNSEL'S REQUEST FOR CLASS REPRESENTATIVE SERVICE PAYMENTS IS REASONABLE

13. Plaintiffs seek service awards in in varying amounts for the named Plaintiffs. Specifically, Plaintiffs seek $18,000 service payments to Plaintiffs Kairy, Osmun, and Dickson, $16,000 to Plaintiffs Brown and Dubb, $5,000 to Plaintiffs Zadov and Fernandez, and $4,000 to Munir Ahmed. The named Plaintiffs have tendered declarations to the Court variously describing the tasks they performed as representative plaintiffs, and the risks they undertook in placing their names on the Complaint in the case.

14. The Court finds the proposed payments are fair and reasonable and in recognition of the time and effort that each individual invested in assisting Class Counsel with the investigation, prosecution, and settlement of the case, as well as the risks they bore in serving as plaintiffs. The class representatives have testified to the time they spent assisting in the

- 5 -

preparation and prosecution of this case. For the original five named Plaintiffs, that time included searching for and producing documents, responding to interrogatories and requests for admission, sitting for deposition, and conferring with Class Counsel on an assortment of information gathering and strategy matters. Further, three of the original named Plaintiffs—Kairy, Osmun, and Dubb—testified that they were working as SuperShuttle drivers at the time they agreed to have their names attached to the lawsuit. And all five original named Plaintiffs were also subject to counterclaims by SuperShuttle.

15. The service awards that Plaintiffs seek are also consistent with the range of awards approved by other federal judges in class actions. "Numerous courts in the Ninth Circuit and elsewhere have approved incentive awards of $20,000 or more where . . . the class representative has demonstrated a strong commitment to the class." *Garner v. State Farm Mut. Auto. Ins.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, at *17 n.8 (N.D. Cal. Apr. 22, 2010) (collecting cases).

16. Finally, each requested service award is modest in light of both the total value of the settlement and the amounts Class Members will be receiving under the Settlement. The aggregate amount of service awards ($100,000) is less than three tenths of one percent of the total settlement value of $37,000,000, and each individual service award is less than one tenth of one percent of the total cash fund of $12,000,000.

17. In sum, the requested payments to the Class Representatives are appropriate and justified as part of the overall Settlement, in light of their services to, and risks taken on behalf of, the Class. The Court should therefore approve the requested service awards.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Court hereby finds and concludes that due and adequate notice was directed to all persons and entities who are Class Members, advising them of Class Counsel's intent to seek attorneys' fees, expenses, and service payments, the amounts thereof, and their right to object thereto.

- 6 -

[PROPOSED] ORDER APPROVING AWARD OF CLASS REPRESENTATIVE SERVICE PAYMENTS, ATTORNEYS' FEES, AND COSTS
CASE NO. 3:08-CV-02993 JSW

2. A full and fair opportunity was accorded to all such persons and entities to be heard with respect to the Fee Motion. No Class Member objected to Class Counsel's request for attorneys' fees, expenses, or service payments.

3. The Court hereby grants Class Counsel's request for an award of attorneys' fees in the amount of $4,000,000, plus reimbursement of $250,222.88 in out-of-pocket costs.

4. The Court hereby grants Plaintiffs' request for class representative service payments in the total amount of $100,000, allocated as follows: $18,000 each to Plaintiffs Kairy, Osmun, and Dickson; $16,000 each to Plaintiffs Brown and Dubb; $5,000 each to Plaintiffs Zadov and Fernandez; and $4,000 to Plaintiff Ahmed.

5. The awarded attorneys' fees, costs, and class representative service payments shall be paid pursuant to the terms, conditions and obligations of the Settlement Agreement.

Dated: November 3, 2014

_____
HONORABLE JEFFREY S. WHITE
United States District Court Judge