Philip Monrad, SBN 151073
Aaron Kaufmann, SBN 148580
David Pogrel, SBN 203787
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile:  (510) 272-0174
E-mail: pmonrad@leonardcarder.com
E-mail: akaufmann@leonardcarder.com
E-mail: dpogrel@leonardcarder.com

Daniel Feinberg, SBN 135983
LEWIS, FEINBERG, LEE, RENAKER
& JACKSON, P.C.
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
E-mail: dfeinberg@lewisfeinberg.com
E-mail: kscott@lewisfeinberg.com

Attorneys for PLAINTIFFS and the Proposed Class
Additional Counsel Listed on Next Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT KAIRY, LARRY BROWN, WAYNE DICKSON, and DRAKE OSMUN, HARJINDER SINGHDIETZ, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERSHUTTLE INTERNATIONAL, INC., SUPERSHUTTLE FRANCHISE CORPORATION and DOES 1 through 20, inclusive,<br><br>Defendants. | **CLASS ACTION**<br><br>Case No. 3:08-CV-02993 JSW<br><br>**STIPULATION AND [PROPOSED] ORDER MODIFYING THE CLASS ACTION SETTLEMENT AGREEMENT FOR THE BENEFIT OF THE CLASS** |

STIPULATION AND [PROPOSED] ORDER MODIFYING THE CLASS ACTION SETTLEMENT AGREEMENT
FOR THE BENEFIT OF THE CLASS

Additional Counsel for Plaintiffs

Peter Rukin, SBN 178336
Rosha Jones, SBN 279143
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
E-mail: peterrukin@rhdtlaw.com
E-mail:  rjones@rhdtlaw.com

Bryan Schwartz, SBN 209903
Rachel Terp, SBN 290666
BRYAN SCHWARTZ LAW
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301
E-mail: Bryan@BryanSchwartzLaw.com
E-mail: Rachel@BryanSchwartzLaw.com

STIPULATION AND [PROPOSED] ORDER MODIFYING THE CLASS ACTION SETTLEMENT AGREEMENT
FOR THE BENEFIT OF THE CLASS

1    WHEREAS, on November 3, 2014 this Court entered an Order Granting Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement ("Final Approval Order");

WHEREAS, the terms of the parties settlement have been carried out to date, including the mailing of checks to 2,773 Class Members in amounts totaling over $7,274,096.44 and with a deadline – for most of the payments - to be negotiated (i.e., cashed or deposited) on or before June 17, 2015.

WHEREAS, 469 Class Members' checks, totaling approximately $392,360.88 were not negotiated by the applicable deadlines, and the Settlement Administrator – Kurtzman Carson Consultants ("KCC") placed a stop-payment order on these funds, per the terms of the settlement. KCC made a further three (3) 'correction payments' – approved by all parties for class members with an error in their initial check - totaling $13,065.29. KCC also issued payment to four (4) additional – previously unidentified – Class Members - totaling $16,449.84. A further is the settlement fund was set aside to pay the remaining $65,000 administration fees to KCC, to be paid from the settlement fund per the terms of the Settlement Agreement. When these three deductions are made from the $392,360.88 – the remaining funds uncashed check funds available for residual distribution is $297,845.75. These residual funds – totaling approximately $297,845 - are referred to herein as "Uncashed Check Funds."

WHEREAS, under the terms of the Court-approved settlement, the Uncashed Check Funds are designated to be redistributed to all Class Members who cashed or otherwise negotiated payment of their settlement check, after deductions for any Settlement Administration fees that exceeded $100,000 that would be payable to KCC;

WHEREAS, under the terms of the Court-approved settlement and paragraphs 14-17 of the Final Approval Order, the Settlement Administrator KCC also retained $368,180.97 in the Qualified Settlement Fund ("QSF") at the time the above-referenced settlement payments were mailed to the class, with these funds representing the shares of recovery in the Court-approved settlement for 277 Class Members that KCC could not mail because it was determined that these 277 Class Members could not be located at either the address on file with Defendant or any other

- 1 -
STIPULATION AND [PROPOSED] ORDER MODIFYING THE CLASS ACTION SETTLEMENT AGREEMENT
FOR THE BENEFIT OF THE CLASS

1   forwarding address that was discovered through KCC's address-locator searches.  Under the terms

2   of the approved Settlement Agreement, these funds – referred to as "Known Bad Address Funds,"

3   or "KBA Funds" were to be held by KCC until October 31, 2015 to allow time for any or all of the

4   277 impacted Class Members to contact either Class Counsel or KCC to request their portion of the

5   net settlement fund.

6         WHEREAS, between November 2014 and the present, 17 Class Members (or their heirs)

7   contacted either Class Counsel or KCC to request their portion of the KBA Funds held in trust by

8   KCC and those payments – totaling approximately $46,417.75  for 17 Class Members – have been

9   mailed to the eligible Class Members.  A further $42,400.31 of KBA funds was distributed to an

10  additional 17 Class Members who were located as a result of additional address searches conducted

11  by KCC conducted. When the funds ($46,417.75 and $42,400.31) are subtracted from the original

12  KBA fund of $368,180.97, there is $279,362.90 in residual KBA funds.  Under the Final Order,

13  these are the funds that are to be paid to *cy pres* that counsel is requesting the Court to approve to

14  be paid in the residual distribution.

15        WHEREAS, KCC calculates that there is $279,362.90 remaining of the KBA Funds

16  following expiration of the period provided for eligible Class Members to request their individual

17  shares of these Funds, which was October 31, 2015;

18        WHEREAS, KCC further projects its administration fees will exceed $165,000 after it has

19  performed all remaining duties required for this settlement, including calculating the amounts

20  payable to the class for the second distribution, mailing the checks for this distribution, canceling

21  any checks that are not negotiated, paying any residual funds to the cy pres beneficiary, preparing

22  any necessary declarations and reporting documentation, communicating with Class Members and

23  Class counsel, and closing the fund.

24        WHEREAS, KCC has agreed to "cap" it administration costs at $165,000, which means

25  that no more than $65,000 will be deducted from the remaining settlement funds to compensate

26  KCC for its services, because $100,000 in administration costs are to be paid separately by

27  Defendant under the existing terms of the settlement agreement;

28  

- 2 -
STIPULATION AND [PROPOSED] ORDER MODIFYING THE CLASS ACTION SETTLEMENT AGREEMENT
FOR THE BENEFIT OF THE CLASS

1    WHEREAS, under the terms of the current settlement, the approximately $297,845 in remaining Uncashed Check Funds is to be distributed the all Class Members who cashed their checks, resulting in an average payment of approximately $127 per Class Member and a maximum payment of approximately $552 to select Class Members with the longest tenures as Drivers with Defendant and who cashed their checks;

WHEREAS, under the terms of the current settlement, the approximately $279,195.43 in remaining KBA Funds is to be paid to the *cy pres* beneficiary the Legal Aid Society-Employment Law Center;

WHEREAS, the parties agree that the $279,195.43 in remaining KBA Funds is higher than was expected, and should be also be distributed paid on a pro rata basis to the Class Members who cashed their checks, rather than in a single payment to the cy pres beneficiary;

WHEREAS, the parties and the Settlement Administrator project that if the KBA Funds are added to the Uncashed Check Funds, a total of approximately $575,000 will be available for redistribution, resulting in an average payment of approximately $246 per Class Member and a maximum payment of approximately $1,070 to some Class Members.

IT IS THEREFORE STIPULATED AND AGREED that the parties' Class Action Settlement Agreement and Release of Claims ("Settlement Agreement") and the Court's Final Approval Order shall be modified as follows:

1.    The Settlement Administrator shall be paid a maximum of $165,000 in compensation for its services on this litigation, with any amount in excess of $100,000 deducted from the Net Settlement Fund prior to any further distribution of funds to the Class Members;

2.    All and all residual funds remaining after payment of the Settlement Administrator's fees shall be distributed pro rata to those Members of the Class who did cash their settlement drafts previously provided to them under the terms of the Settlement Agreement, with each Class Member's pro rata share calculated according to the distribution formula described in paragraphs 32, 33 and 55 of the Settlement Agreement;

///

3. The check drafts mailed to Class Members in the second distribution described in paragraph 2, above, will expire 45 days after mailing, at which time the Settlement Administrator will place a stop-payment on any checks that have not been cashed or otherwise negotiated;

4. Within 15 days of the stop-payment on all uncashed checks from the second distribution described in paragraph 2, above, all remaining fund in the Qualified Settlement Fund for this litigation shall be transmitted to the cy pres beneficiary the Legal Aid Society-Employment Law Center (San Francisco, CA), following which the Settlement Administrator will close the Qualified Settlement Fund.

5. All other dates, deadlines and obligations set forth in the Court's November 3, 2014 Order Granting Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement, and all other terms of the Settlement Agreement, shall remain unchanged.

DATED: December 2, 2015             LEONARD CARDER LLP

                                    By: _/s/ David Pogrel_____
                                        DAVID POGREL
                                        Attorneys for PLAINTIFFS

DATED: December 2, 2015             BRYAN SCHWARTZ LAW

                                    By: _/s/ Bryan Schwartz_____
                                        BRYAN SCHWARTZ
                                        Attorneys for PLAINTIFFS

DATED: December 2, 2015             MARRON & ASSOCIATES

                                    By: _/s/ Seven Rice_____
                                        STEVEN RICE
                                        Attorneys for DEFENDANTS

**ATTESTATION OF FILING**

Pursuant to Local Civil Rule 5-1(i)(3), I, David Pogrel, hereby attest that concurrence in the filing of this Stipulation has been obtained from each of the other signatories listed above.

DATED: December 2, 2015              LEONARD CARDER LLP

By: /s/ David Pogrel
DAVID POGREL
Attorneys for PLAINTIFFS